ATTORNEY'S NAME: Jurkovic, Ryan A 31384
AND ADDRESS: 1010 Common St. Suite 2910, New Orleans, LA 70112

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2017-12318     DIVISION: C     SECTION: 10

### SOILEAU & ASSOCIATES, LLC  ET AL

**Versus**

### LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS & BLUE SHIELD OF LOUISIANA

### CITATION

TO: LOUISIANA HEATH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS & BLUE SHIELD OF LOUISIANA
THROUGH: ITS REGISTERD AGENT FOR SERVICE OF PROCESS: MICHELLE S. CALANDRO
5525 REITZ AVENUE, BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF,** I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA December 27, 2017

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Christine Thrift, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

**PERSONAL SERVICE**

On this _____ day of _____ _____ served a copy of the within
Petition for Damages
ON LOUISIANA HEATH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS & BLUE SHIELD OF LOUISIANA
THROUGH: ITS REGISTERD AGENT FOR SERVICE OF PROCESS: MICHELLE S. CALANDRO
Returned the same day
No. _____
Deputy Sheriff of _____
Mileage: $ _____
_____ / ENTERED / _____
PAPER          RETURN
_____ / _____ / _____
SERIAL NO.   DEPUTY   PARISH

**DOMICILIARY SERVICE**

On this _____ day of _____ _____ served a copy of the within
Petition for Damages
ON LOUISIANA HEATH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS & BLUE SHIELD OF LOUISIANA
THROUGH: ITS REGISTERD AGENT FOR SERVICE OF PROCESS: MICHELLE S. CALANDRO
by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said LOUISIANA HEATH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS & BLUE SHIELD OF LOUISIANA being absent from the domicile at time of said service.
Returned the same day
No. _____
Deputy Sheriff of _____

RECEIVED
JAN 12 2018
LEGAL AFFAIRS

ID: 9813978     Page 1 of 1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED 2017 DEC 22 A 11:55

No. 2017-12318    DIV. C-10

SOILEAU & ASSOCIATES, LLC, through and by its members,
ISAAC H. SOILEAU, JR. and KAREN S. KOVACH, also appearing herein
individually and on behalf of K.S., a minor child

v.

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY
d/b/a Blue Cross & Blue Shield of Louisiana

FILED: _____    _____

                                                                                  DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs, Soileau & Associates, L.L.C., Isaac H. Soileau, Jr. and Karen S. Kovach, individually and on behalf of K.S., a minor child. Plaintiffs are residents of the State of Louisiana, and respectfully represent the following, to wit:

1.

Made party defendant here is the Louisiana Health Service & Indemnity Company, d/b/a Blue Cross & Blue Shield of Louisiana (hereinafter 'BCBSLA'), a domestic corporation, licensed to do and doing business within the jurisdiction of this Court as an insurance company.

2.

Plaintiffs bring this action for breach of contract, bad faith adjusting, and violation of laws of the State of Louisiana including but not limited to LSA-R.S. 22: 1821(A) and (D), as the insurance policy at issue herein is not an ERISA-qualified policy and therefore the state insurance code and laws are not pre-empted by ERISA.

3.

At all times relevant hereto, Soileau & Associates, LLC had in effect a policy of medical and hospitalization coverage through BCBSLA, Group No. 27R71ERC and Contract No. 200722509 (hereinafter 'the Policy'), which provided coverage to K.S.

4.

K.S. has previously been diagnosed with traumatic brain injury, fetal alcohol syndrome, autism, pervasive developmental delays, ADHD-severe, PTSD, anxiety, and several other neurological

1

conditions by her treating physicians in Louisiana and also confirmed by an expert neuro-psychologist and her treating doctors in Virginia.

5.

K.S. has received significant and extensive treatment for the diagnoses aforesaid and for other issues, including having been brought to various hospital emergency departments and or being involuntarily committed by physician emergency certificate to psychiatric hospitals in Louisiana several times in 2012, 2013, 2014, 2015 and 2016, and in Virginia in 2017. These claims were paid by BCBSLA.

6.

Toward the end of 2014, K.S. began a cycle of physician emergency committals, resulting in several stays at hospitals in Louisiana. BCBSLA processed and paid these claims. In November and December of 2014, K.S.'s condition became so unsafe that both parents were essentially required to stay with her continually, almost 24 hours a day.

7.

K.S. was referred by several of her physicians for inpatient treatment to Cumberland Hospital for Children and Adolescents in New Kent, Virginia—once in November 2013 and again in December 2014. Cumberland Hospital accepted K.S. for treatment on both occasions but BCBSLA failed to authorize or approve the requested inpatient stay as medically necessary.

8.

BCBSLA authorized inpatient treatment for K.S. on 6 January 2015 on the basis of several additional recommendations by other physicians.

9.

K.S. was admitted to Cumberland Hospital for the medically necessary and pre-authorized inpatient treatment on January 7, 2015, which treatment lasted through August 11, 2015. BCBSLA arbitrarily denied further authority for inpatient treatment, which forced Cumberland Hospital to discharge K.S. to home. This capricious denial of further treatment forced K.S. out of treatment before she was ready or able to reintegrate into her home environment.

10.

After her premature discharge from Cumberland Hospital, K.S.'s condition did deteriorate. The invoices for treatment were submitted by Cumberland to BCBSLA timely, and plaintiffs made

demand for reimbursement upon BCBSLA after the discharge of K.S., but BCBSLA did not timely pay Cumberland or reimburse plaintiffs within 30 days of the demand for same.

11.

Due to the denial of necessary medical inpatient care, K.S.'s condition deteriorated into continual voluntary emergency department admissions, as follows:

- St. Tammany hospital on August 20, 2015, September 22, 2015, September 28, 2015, and November 12, 2015;
- North Oaks Medical Center on December 11, 2015;
- Lakeview Hospital on January 22, 2016, February 2, 2016, February 10, 2016, February 21, 2016, February 29, 2016, March 17, 2016, March 20, 2016, and March 23, 2016.

12.

Furthermore, K.S. was involuntarily hospitalized five times for "stabilization" in psychiatric facilities in Louisiana as a result of the hospital emergency department doctors determining that she was unsafe for herself and unable to immediately return home, as follows:

- Northlake Behavioral Hospital from February 11 through 17, 2016;
- Brentwood Psychiatric Hospital from February 21 through 28, 2016;
- An immediate return to Brentwood on February 29 through March 13, 2016;
- Acadia Vermillion Hospital, which only kept K.S. for a two-day stay from March 20 through 22, 2016;
- The final voluntary visit to Lakeview led to her being committed by coroner's emergency certificate at Lakeview Hospital emergency department and lasted for eight days in the emergency department because the hospital could not locate an adequate secure treatment facility in Louisiana that would admit her; and
- After the eight-day PEC stay in the Lakeside Emergency Department without any proper hygiene and without treatment or her correct medicines, K.S. was shipped by ambulance to Brentwood Hospital on March 30, 2016. BCBSLA only authorized one day at Brentwood and K.S. was discharged home late on April 1, 2016.

13.

During this crisis period, K.S. received massive doses of inappropriate medications for invalid diagnoses and suffered from being chemically restrained and battered by other patients. Cumberland Hospital then agreed to readmit her. BCBSLA denied authorization of the inpatient

3

stay by use of a third party out of state "Medical Review" organization, which did not see or personally evaluate K.S. before issuing its report. The denial was appealed to BCBSLA directly, which appeal was granted, and K.S. was authorized to return to Cumberland Hospital for treatment.

14.

Cumberland Hospital admitted K.S. for inpatient care on April 8, 2016. This inpatient care has been more difficult due to the arbitrary truncating by BCBSLA of her prior inpatient stay at Cumberland Hospital in August of 2015. Cumberland Hospital again presented a treatment plan to BCBSLA and held biweekly treatment team meetings to update this plan. All of the Treatment Team Plans have been regularly sent to BCBSLA by Cumberland Hospital. Plaintiffs have also sent every Treatment Team Plan to BCBSLA.

15.

These reports and Plans show the need for ongoing inpatient treatment in a secure facility that can provide the supports and accommodations that K.S. needs and that can also provide pharmacological support as well as appropriate structure, therapy, and training in life skills which are extremely important to her condition and future.

16.

On April 18, 2017, BCBSLA denied further inpatient treatment of K.S. at Cumberland, effective April 19, 2017, without examining K.S. or informing plaintiffs of the specific basis of the denial.

17.

BCBSLA's denial letter states that a "peer to peer" review can be requested. Cumberland's medical director, who is also K.S.'s treating physician, requested such a conference on April 24, 2017, but the request was denied.

18.

On or about June 15, 2017, Plaintiffs appealed the BCBSLA decision to deny further treatment as "medically unnecessary." On June 23, 2017 BCBSLA upheld the appeal because the ongoing treatment for K.S. was considered on appeal to be medically necessary. BCBSLA then asserted however a policy exclusion for "Custodial Care" to deny the inpatient treatment for K.S., backdated with an effective date of denial of April 19, 2017. The exclusion had not been previously asserted.

19.

This June 23, 2017 denial of authorization for continued medically necessary inpatient treatment for K.S. is not based in fact and does not follow the internal guidelines of BCBSLA or its policy and is therefore evidence of arbitrary and capricious behavior. Further, the use of a policy exception to backdate a denial is unreasonable.

20.

Because of BCBSLA's arbitrary, capricious, and unreasonable denial of authorization for continued inpatient treatment, K.S. has been damaged in her mind and body, including increased symptoms, depression, increased disability, past and future loss of enjoyment of life, past and future mental and physical pain and suffering, increased medical expenses, and other damages to be shown at trial of this matter. Plaintiffs Soileau and Kovach are damaged by BCBSLA's conduct to the extent that they have suffered pain and suffering, loss of enjoyment of life, loss of earnings, and other damages to be shown at trial on the merits of this matter.

21.

Plaintiffs and K.S. were injured, in whole or in part, through the fault of defendant BCBSLA, its agents, or employees, or others, for whom same are legally responsible, by virtue of the doctrine of respondeat superior, including alleged independent contractors retained by BCBSLA to discharge its obligations under the contract of insurance at issue herein.

22.

The Policy issued to Soileau & Associates, LLC is a health insurance policy, rather than an indemnity policy, that provides coverage for K.S.'s claims. Nothing in this insurance policy requires the Plaintiffs to pay the provider or hospital for the services approved by BCBSLA. BCBSLA has nevertheless required plaintiffs to pay for K.S.'s treatment directly to Cumberland and then request reimbursement from BCBSLA. BCBSLA has insisted that Cumberland bill its sister company, BCBS of Virginia, for the services, which Cumberland did on a regular basis.

23.

To date, as required by BCBSLA, even though the actual policy and contract between the parties does not state anywhere in it that prepayment of preauthorized services is required, plaintiffs have been forced by BCBSLA to prepay all charges to Cumberland at the agreed rate (agreed to and negotiated by BCBSLA and Cumberland without any input from plaintiffs) of $1,192.00 per day due to the urgent need for treatment. This prepayment was the only way for K.S. to receive

treatment because BCBSLA refused to pay Cumberland directly in spite of the agreement it negotiated with Cumberland.

24.

BCBSLA has repeatedly delayed reimbursing plaintiffs. A first request for reimbursement for the period from April 8, 2016 through June 30, 2016 was submitted to BCBSLA on or about September 2, 2016. A second Request for reimbursement for the period July 1, 2016 through September 30, 2016 was mailed to BCBSLA on or about October 24, 2016. A third Request for Reimbursement for the period October 1, 2016 through November 30, 2016 was sent on December 19, 2016. Almost eight months after K.S. was admitted to Cumberland, on January 6, 2017, BCBSLA finally issued a check for reimbursement to plaintiffs. This check was supposed to reimburse plaintiffs for payments to Cumberland for K.S.'s treatment from April 8, 2016 through October 31, 2016.

25.

This reimbursement was untimely under LSA-R.S. 22: 1821(A), as it was over 30 days in processing for each claim. Further, the amount reimbursed was wrong and incalculable from the EOB that was issued on January 9, 2017. The amount owed to plaintiffs is easily arrived at by multiplying the day rate of $1,192.00 by the number of days of service.

26.

On February 1, 2017, BCBSLA sent a second check. In a following letter dated February 3, 2016 and an EOB, BCBSLA attempted to explain that it had withheld a deductible from the first payment, but then decided that since there are no treatment facilities for K.S. within Louisiana, it was waiving this deductible.

27.

A fourth request for reimbursement for K.S.'s inpatient stay, covering the period November 1, 2016 through December 31, 2016, was submitted to BCBSLA on February 17, 2017. The period November 1, 2016 through November 30, 2016 had already been submitted to BCBSLA on December 19, 2016 but no response was received so it was resubmitted on February 17, 2017 with the request for December 1-31, 2016.

28.

A fifth request for reimbursement covering the period January 1, 2017 through February 28, 2017 was submitted to BCBSLA on March 13, 2017.

29.

On April 26, 2017, BCBSLA finally responded to these requests for reimbursement by sending a check for reimbursement. An EOB to explain this reimbursement check was sent on May 2, 2017. In this EOB, BCBSLA attempted to explain its adjusting of the claim. The adjusting of these reimbursement claims again took over 30 days to complete and was inaccurate. In the EOB, BCBSLA claimed an additional deductible of $5,200.00 and an additional charge of $728.77 as coinsurance, even though it had previously waived deductibles and no co-insurance was due.

30.

Thus, this accounting and adjusting was incorrect. On February 3, 2017, BCBSLA itself advised plaintiffs that no deductible was being collected because K.S. had to seek services out of state due to the fact that there are no appropriate facilities within Louisiana for her to get treatment. A simple calculation shows that there are 120 days of service from November 1, 2016 through February 28, 2017. At a day rate of $1,192.00 per day, the amount to be reimbursed to Subscriber is easily calculated. An incorrect amount was nevertheless paid in excess of 30 days after demand was made on BCBSLA.

31.

A sixth request for reimbursement covering the period from March 1, 2017 through March 31, 2017 was sent to BCBSLA on or about April 24, 2017. BCBSLA responded to plaintiffs' request over 30 days later on May 29, 2017 with a reimbursement, which was again an incorrect amount.

32.

A seventh request for reimbursement covering the period April 1, 2017 through April 30, 2017 was sent to BCBSLA on June 22, 2017. This claim had previously been sent to BCBSLA through its agent, Blue Cross Blue Shield of Virginia by Cumberland as it has done for each month of this claim. Plaintiffs have paid to Cumberland for inpatient treatment and services rendered to K.S. from April 1, 2017 through April 18, 2017 (18 days of paid medical treatment and services which was authorized by BC/BSLA). Based on the appeal of the April 18, 2017 denial of further services as medically unnecessary, Plaintiffs also sought reimbursement for the period of April 19 through April 30, 2017 or an additional 12 days paid by Plaintiffs to Cumberland. This claim has not been adjusted and has been pending in excess of 30 days.

33.

An eighth request for reimbursement was sent by Plaintiffs to BCBSLA on September 27, 2017. This request again covered the period of inpatient treatment at Cumberland from April 1, 2017 through April 18, 2017, which has not been adjusted by BCBSLA. It also now covered the period April 19, 2017 through June 23, 2017, which period should have been authorized as BCBSLA admitted that the inpatient treatment of K.S. at Cumberland was medically necessary but then retroactively applied a policy exception to continue to deny benefits. Finally, this request also covered the period June 24, 2017 through August 31, 2017. To date, BCBSLA has ignored these requests.

34.

A ninth request for reimbursement was sent by Plaintiffs to BCBSLA on December 15, 2017. This request covered the medically necessary inpatient treatment of K.S. at Cumberland Hospital from September 1, 2017 through November 30, 2017. No response has been had from BCBSLA.

35.

K.S. is still treating inpatient at Cumberland and plaintiffs are paying the expenses at a rate of $1,192.00 per day, even though BCBSLA has denied further coverage for this inpatient treatment by retroactively misapplying a policy exception over a year after the claim had been authorized. Plaintiffs hereby make demand for authorization of treatment and payment for same as well as for all penalties associated with any additional payments for treatment by Plaintiffs that BCBSLA failed to make or reimburse to Plaintiffs within 30 days of the demand for same.

36.

BCBSLA has violated the laws of Louisiana and breached the contract of health insurance it made with Plaintiffs herein in the following specific ways:

- a.) By failing to timely accept the claims for treatment forcing Plaintiffs into repeated and time consuming Appeals and delaying the medically necessary treatment for K.S.;
- b.) By failing to assist or communicate with Plaintiffs and or K.S.'s treating physicians or other medical providers such as Cumberland Hospital personnel regarding authorizations for treatment and or the claims and or the denials;
- c.) By making arbitrary and capricious decisions that were not based in facts or the policy language which resulted in repeated denials for service and deterioration of K.S.'s medical condition as well as delaying her treatment;

d.) By failing to correctly and timely process the Plaintiff's claims for services and or reimbursement of payments;

e.) By insisting that Plaintiffs directly prepay Cumberland Hospital for the authorized, covered and medically necessary inpatient treatment at Cumberland in violation of the contract provisions;

f.) By failing to timely reimburse Plaintiffs for the moneys they paid to the Hospital for K.S.'s treatment;

g.) By failing to pay for travel to the hospital when K.S. was admitted;

h.) By failing to pay interest on the moneys Plaintiffs were forced to advance to Cumberland for the medically necessary treatment of K.S.;

i.) By incorrectly calculating deductibles and copayments;

j.) By failing to provide accurate Explanation of Benefits and incorrectly advising other medical providers on the amount of deductible still owed by Plaintiffs;

k.) By use of an inapplicable Exception to retroactively deny benefits for treatment;

l.) By bad faith adjusting of the claims; and,

m.) By failing to honor the provisions of the policy it sold to Plaintiffs and the laws of Louisiana such that it favored its own financial needs over the needs of its insured.

37.

As a result of its actions, inactions and breaches of its duties, BCBSLA has damaged Plaintiffs in the following non-exclusive ways:

a.) K.S.'s treatment has been delayed resulting in a worsening and deteriorated condition;

b.) K.S. has suffered additional depression, loss of hope and the enjoyment of life;

c.) Plaintiffs have had to bear the cost of this inpatient treatment for which they contracted with BCBSLA for insurance only to find that BCBSLA would not honor its contract in a timely and appropriate manner in accordance with contract law or insurance law;

d.) Plaintiffs have had to spend excessive amounts of time trying to communicate with BCBSLA for assistance in this claim, to no avail, resulting in their loss of revenue from not being able to participate in their own businesses;

e.) Plaintiffs have lost funds that were not fully and timely reimbursed and or had to pay penalties for funds taken from other accounts to be used to pay for this treatment that was properly the obligation of BCBSLA to pay;

f.) Plaintiffs have not been properly reimbursed for the claims and required transportation; and

g.) Plaintiffs Soileau and Kovach have sustained pain and suffering, loss of enjoyment of life, loss of earnings, and other damages arising out of the affliction of their daughter, K.S by defendant in this matter.

38.

Plaintiffs accordingly demand trial by jury of this claim.

39.

On information and belief, BCBSLA's actions and inactions described herein are part of its culture of misinformation and bad faith adjusting which has afflicted and affected other policy holders in similar ways and for which BCBSLA should be made to answer to all. Though plaintiffs have only commenced to gather information and investigate their claim, it is apparent that BCBSLA has an internal operating policy that afflicts all similarly situated persons. Plaintiffs accordingly reserve the right to qualify this petition as a class action on behalf of what is believed to be a large number of other victims.

WHEREFORE Plaintiffs, after due proceedings are had, pray for judgment in their favor and against defendant, BCBSLA, for all damages warranted in the premises, including interest from the date of demand, all costs of the proceedings, litigation expenses, statutory penalties, and a reasonable attorney's fee; and, for trial by jury and that all defendants herein be cited and served with legal process through their Agent for service as indicated below.

Respectfully submitted,

Isaac H. Soileau, Jr. (LSBA No. 21384)
ihs.soileaulegal@gmail.com
Karen S. Kovach (LSBA No. 26365)
kskovach@aol.com
Ryan A. Jurkovic (LSBA No. 31384)
rjurkovic@soileaulegal.com
SOILEAU & ASSOCIATES, LLC
1010 Common Street, Suite 2910
New Orleans, Louisiana 70112
504 522 5900 / 504 522 5998 (fax)

and

**A TRUE COPY**

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

10

James E. Cazalot, Jr. (LSBA No. 17510)
jim@cazalotlaw.com
JAMES E. CAZALOT, JR., APLC
550 Old Spanish Trail, Suite H
Slidell Louisiana, 70458
(985) 639-9595 / (504) 613-6690 (fax)

Counsel for Plaintiffs, Soileau & Associates,
L.L.C., Isaac H. Soileau, Jr. and Karen S. Kovach,
as members of Soileau & Associates, LLC,
individually and on behalf of K.S., a minor child.

PLEASE SERVE

Louisiana Health Service & Indemnity Company
d/b/a Blue Cross & Blue Shield of Louisiana

Through its registered agent for service of process:
Michelle S. Calandro
5525 Reitz Avenue
Baton Rouge, Louisiana 70809