# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOILEAU & ASSOCIATES, LLC, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-710** |
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Pending before the Court is Plaintiffs Soileau & Associates, LLC, Karen S. Kovach, and Isaac H. Soileau, Jr.'s (collectively, "Plaintiffs") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

On December 22, 2017, Plaintiffs filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana.[2] In the petition, Plaintiffs allege that Soileau & Associates, LLC had a policy of medical and hospitalization coverage ("the policy") insured through Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross Blue Shield of Louisiana ("Defendant").[3] Plaintiffs allege that the policy provided coverage for K.S., their minor child, who was previously diagnosed with "traumatic brain injury, fetal alcohol syndrome,

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 1-2.

[3] *Id.*

1

autism, pervasive developmental delays, ADHD-severe, PTSD, anxiety, and several other neurological conditions."[4]

According to the petition, "[i]n November and December of 2014, K.S.'s condition became so unsafe that both parents were essentially required to stay with her continually, almost 24 hours a day."[5] Plaintiffs allege that K.S.'s physicians referred her for inpatient treatment at Cumberland Hospital for Children and Adolescents in New Kent, Virginia, and Defendant authorized inpatient treatment for K.S. on January 6, 2015.[6] Plaintiffs assert that K.S. was admitted to Cumberland Hospital for inpatient treatment on January 7, 2015 through August 11, 2015, when Defendant "arbitrarily denied further authority for inpatient treatment."[7]

After her premature discharge from Cumberland Hospital, Plaintiffs allege that K.S.'s condition deteriorated, resulting in several voluntary and involuntary emergency department admissions between August 2015 and March 2016.[8] According to the petition, Cumberland Hospital admitted K.S. for inpatient care again on April 8, 2016, but after approximately a year of treatment, Defendant denied further inpatient treatment on April 18, 2017.[9] Plaintiffs assert that they appealed the decision to deny further treatment.[10] Plaintiffs allege that on June 23, 2017

---

[4] *Id.* at 2–3.

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.* at 5.

[10] *Id.*

Defendant upheld the appeal finding that the treatment was medically necessary but asserted a policy exclusion for "Custodial Care" to deny impatient treatment effective April 19, 2017.[11]

Plaintiffs assert that Defendant required them to prepay all charges to Cumberland Hospital at a rate of $1,192.00 per day, even though the policy does not state that prepayment of preauthorized services is required.[12] Plaintiffs allege that Defendant repeatedly delayed reimbursing Plaintiffs.[13] At the time the petition was filed, Plaintiffs allege that K.S. was still being treated at Cumberland Hospital and Plaintiffs were paying the expenses at a rate of $1,192.00 per day, even though Defendant "has denied further coverage for this inpatient treatment by retroactively misapplying a policy exception over a year after the claim had been authorized."[14] Plaintiffs "make demand for authorization of treatment and payment for same, as well as for all penalties associated with any additional payments for treatment by Plaintiffs that [Defendant] failed to make or reimburse to Plaintiffs within 30 days of the demand for same."[15] Plaintiffs bring claims for breach of contract, bad faith adjusting, and failure to timely pay claims in violation of Louisiana Revised Statute § 22:1821(A) and (D).[16]

On January 23, 2018, Defendant removed the action to this Court.[17] In the Notice of

---

[11] Id.

[12] Id. at 7.

[13] Id.

[14] Id. at 9.

[15] Id.

[16] Id. at 2.

[17] Rec. Doc. 1.

Removal, Defendant asserts that this Court has original jurisdiction over this matter under 28 U.S.C. § 1331.[18] Specifically, Defendant contends that the policy is an employee welfare benefit plan within the meaning of Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA") and that Plaintiffs' claim for benefits arises under Section 502(a)(1)(B) of ERISA and is completely preempted by ERISA.[19]

On February 22, 2018, Plaintiffs filed the instant "Motion to Remand."[20] On March 6, 2018, Defendant filed an opposition.[21] On March 13, 2018, with leave of Court, Defendant filed a reply brief in further support of the motion.[22]

## II. Parties' Arguments

### A.   *Plaintiffs' Arguments in Support of the Motion to Remand*

In the motion to remand, Plaintiffs first argue that remand is proper because Defendant has failed to meet its burden of proving that removal is proper.[23] Plaintiffs contend that Defendant simply alleged that the Court has jurisdiction but did not come forward with any evidence to support the claim that ERISA preempts Plaintiffs' claims.[24] Because any doubts regarding removal must be resolved in favor of remand and Plaintiffs deny that ERISA applies to the claims,

---

[18] *Id.* at 4.

[19] *Id.* at 2–3.

[20] Rec. Doc. 7.

[21] Rec. Doc. 13.

[22] Rec. Doc. 17.

[23] Rec. Doc. 7-1 at 6.

[24] *Id.*

4

Plaintiffs contend that this matter must be remanded.[25]

Second, Plaintiffs argue that Defendant has waived the right to remove claims arising out of the policy at issue here.[26] Plaintiffs cite the "ERISA Rights" section of the policy, which provides that "[i]f the Member has a claim for Benefits, which is denied or ignored, in whole or in part, he may file suit in a state or Federal court."[27] Plaintiff asserts that a party may waive its removal rights by giving the other party the right to choose venue or by establishing an exclusive venue within the policy.[28] Because the policy allows the insured party to file the case in "state or federal court," Plaintiffs assert that Defendant has unequivocally waived the right to remove this case.[29]

Third, Plaintiffs argue that there is no federal-question jurisdiction over this case because the policy is not subject to ERISA.[30] Plaintiffs contend that they have retained an insurance industry expert, Wayne Citron ("Citron"), who has reviewed the policy and opined that it is not the sort of policy that is covered by ERISA and fails to incorporate the necessary components of Title I, Part 7 of ERISA.[31] Plaintiffs also note that Citron points out "a fundamental set of ambiguities in the policy as to whether it is covered by the ERISA," notably that the policy

---

[25] *Id.* at 6–7.

[26] *Id.* at 7.

[27] *Id.*

[28] *Id.* at 8 (citing *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442 (5th Cir. 2009); City of *New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501 (5th Cir. 2004)).

[29] *Id.*

[30] *Id.*

[31] *Id.* at 9.

equivocates on the issue of whether federal or state law applies and the time limits in which a claim may be filed are not compliant with ERISA.[32] Plaintiffs also contend that Defendant has tacitly admitted that the policy is not covered by the ERISA by: (1) repeatedly interacting with the Louisiana Department of Insurance in complaints regarding the handling of the claims at issue without raising ERISA as an issue; (2) sending correspondence to Plaintiffs that does not identify the policy or claim as arising under ERISA; and (3) using an internal appeal process in the handling of this claim different from the ERISA appeal process described in the policy.[33] Plaintiffs assert that these actions serve to estop Defendant from now claiming ERISA coverage.[34]

Next, Plaintiffs assert that ERISA is not applicable because there is no "plan."[35] Plaintiffs note that pursuant to Fifth Circuit law "[i]n determining whether a plan, fund or program (pursuant to a writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."[36] Plaintiffs assert that Defendant is unable to prove the existence of a plan because "the claims at issue in this case arise out of defendant's unilateral imposition of an individualized, non-contractual reimbursement process on plaintiffs, through a third party intermediary," which Plaintiffs argue is not part of the normal claims handling

---

[32] *Id.* at 9–10.

[33] *Id.* at 10.

[34] *Id.*

[35] *Id.* at 10–11.

[36] *Id.* at 11 (quoting *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 977 (5th Cir. 1991)).

process.[37] Plaintiffs also argue that Defendant has replaced the claims handling process established in the policy with "an indeterminate and capricious extraordinary 'process' . . . to suit defendant's desire to avoid responsibility under the insurance agreement."[38] Moreover, Plaintiffs assert that "[t]he extraordinary process that defendant has created in its efforts to evade plaintiffs' claims are so egregious that no reasonable person can possibly determine what benefits are due, what process to use, who might be a beneficiary of the policy, the source of the funding, and so forth because of the defendant's indeterminate reimbursement process through BCBS of Virginia."[39] Plaintiffs assert that Defendant is not acting as an "administrator" of the plan because it has ceded administrator duties to BCBS of Virginia.[40]

Even if the policy and the instant claims are covered by ERISA, Plaintiffs assert that it falls within the Department of Labor's "safe harbor" exemption.[41] Specifically, Plaintiffs assert that Soileau & Associates LLC has not endorsed the policy and receives no profit from it; participation in the insurance contract is voluntary; and Soileau & Associates makes no contributions to a plan with the exception of premiums collected through payroll deductions, which Plaintiffs contend are not "contributions."[42]

Finally, Plaintiffs "briefly note several other problems that they identify with the removal

---

[37] *Id.*

[38] *Id.* at 13.

[39] *Id.*

[40] *Id.* at 14.

[41] *Id.*

[42] *Id.* at 15.

in this matter, but which they reserve for later argument, if warranted, and preserve for later review, if necessary."[43] Specifically, Plaintiffs argue that they have an insurance policy, which Plaintiffs contend is insufficient to show that they have "established or maintained" an employee benefits welfare plan.[44] Plaintiffs also contend that as the owners of Soileau & Associates, LLC, they are not employees subject to ERISA.[45] Plaintiffs further argue that their claims are within the ERISA savings clause.[46] Alternatively, even if ERISA applies to certain claims, Plaintiffs contend that their detrimental reliance claim is not preempted.[47] For these reasons, Plaintiffs assert that the motion to remand should be granted.[48]

**B.      Defendant's Arguments in Opposition to Remand**

In opposition, Defendant first argues that it has carried its burden of establishing that federal jurisdiction exists and that removal was proper.[49] Defendant contends that the petition clearly demonstrates that Plaintiffs' case relates to the denial of health benefits.[50] Therefore, Defendant argues that Plaintiffs' claims are preempted by ERISA.[51]

---

[43] *Id.* at 17.

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.* at 18.

[48] *Id.*

[49] Rec. Doc. 13 at 5.

[50] *Id.*

[51] *Id.*

Second, Defendant argues that it did not waive its right to removal.[52]  Defendant notes that Article XXIV of the policy states, "If the Member has a claim for Benefits, which is denied or ignored, in whole or in part, he may file suit in state or Federal court."[53]  Defendant argues that ERISA requires that summary descriptions of plan benefits be given to employees including "the remedies available under the Plan for redress of claims which are denied in whole or in part."[54] Defendant contends that Article XXIV informs an employee of his rights under the policy and where he may file suit, and this language is taken verbatim from the "model statement" contained at 29 C.F.R. 2520.102-3(t)(2).[55]  According to Defendant, other district courts have held that this exact language does not constitute a waiver of the right to removal.[56]  Defendants argue that the cases cited by Plaintiffs are distinguishable because they did not involve an ERISA plan and they involved mandatory forum selection clauses.[57]  Accordingly, Defendant asserts that "the federally mandated Plan language cannot be construed as a waiver to the right to removal."[58]

Third, Defendant argues that the policy is governed by ERISA because it is an "employee

---

[52] *Id.*

[53] *Id.* (quoting Rec. Doc. 7-3 at 101).

[54] *Id.* at 5–6 (quoting 29 U.S.C. § 1022(b)).

[55] *Id.* at 6.

[56] *Id.* (citing *Thompson v. Blue Cross Blue Shield of Louisiana*, 2001 WL 1223598, at *1 (E.D. La. Oct. 12, 2001); *Payne v. Harford Life and Accident Ins. Co.*, 2007 WL 2262942, at *2 (W.D. La. Aug. 3, 2007)).

[57] *Id.* (citing *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442 (5th Cir. 2009); *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501 (5th Cir. 2004)).

[58] *Id.*

welfare benefits plan" covered by ERISA and the state law claims "relate to" the policy.[59] According to Defendant, an insurance arrangement qualifies as an employee welfare benefit plan under ERISA if it meets the following requirements: (1) it is a "plan"; (2) it does not fall within the safe-harbor provision established by the DOL; and (3) it was established or maintained by an employer with the intent to benefit employees.[60]

Addressing the first requirement, Defendant argues that a "'plan exists' because a reasonable person could readily determine the intended benefits" as those benefits are laid out within the policy's language.[61] Moreover, Defendant notes that the beneficiaries under the policy included Plaintiffs and other members of the law firm.[62] Most importantly, Defendant contends that the application states that the employer would contribute 100% of the policy's premiums, and the policy specifically lists the benefits available, the eligible beneficiaries, sources of funding, and procedures for making a claim.[63] Furthermore, Defendant asserts that Plaintiffs' argument that the use of a third-party intermediary for the processing of the claims implies that the policy is not covered by ERISA is unavailing because an ERISA plan fiduciary may delegate its fiduciary responsibilities.[64]

Turning to the second requirement, Defendant argues that the policy does not fall under

---

[59] *Id.* at 8.

[60] *Id.*

[61] *Id.* at 9 (citing *Lain*, 27 F.Supp.2d at 931).

[62] *Id.*

[63] *Id.* at 10.

[64] *Id.* (citing 29 U.S.C. § 1105(c)(1)).

the safe-harbor provisions because the application states that the employer would contribute 100% of the policy premiums.[65]  Addressing the third requirement, Defendant asserts that the policy was established or maintained by an employer with the intent to benefit employees because the employer: (1) purchased the insurance; (2) selected the benefits; (3) identified the employee participants; and (4) distributed enrollment and claim forms.[66]  Therefore, Defendant argues that it has satisfied its burden of proving that the policy is governed by ERISA.[67]

Defendant next asserts that Plaintiffs' state law claims are preempted by ERISA because: (1) the claims address areas of exclusive federal concern like an insured's right to receive benefits under a plan covered by ERISA and (2) the claims directly affect the relationship between the traditional ERISA entities.[68]  Defendant notes that the Fifth Circuit has found that ERISA preempts state law claims for improper processing of claim benefits and breach of contract because these claims require interpretation and administration of an ERISA plan.[69]  Moreover, Defendant asserts that Plaintiffs' state claims for penalties and attorney fees under Louisiana Revised Statute § 22:1821 are preempted as they relate to Plaintiffs' claim for benefits under the policy.[70]

---

[65] *Id.* at 11 (citing Rec. Doc. 13-1).

[66] *Id.* at 12 (citing *McDonald v. Provident Indemnity Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995)).

[67] *Id.* at 13.

[68] *Id.*

[69] *Id.* at 14 (citing *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990); *Weaver v. Employers Underwriters, Inc.*, 13 F.3d 172, 176 (5th Cir. 1994)).

[70] *Id.* (citing *Ponstein v. HMO Louisiana Inc.*, No. 08-663, 2009 WL 1309737 (E.D. La. May 11, 2009); *Taylor v. BlueCross/BlueShield of New York*, 684 F.Supp. 1352 (E.D. La. 1988); *Cunningham v. Petroleum Professional Int.*, 2006 WL 1044153 (W.D. La. Apr. 19, 2006)).

Defendant next argues that Plaintiffs are participants and beneficiaries.[71]  Defendant notes that in *Vega v. National Life Insurance Services, Inc.* the Fifth Circuit held that "where a husband and wife are sole owners of a corporation that has created an employee benefits plan covered by ERISA, and the husband and wife are also enrolled under the plan as employees of the corporation, they are employees for ERISA purposes and so our courts have jurisdiction under ERISA to review a denial of their claims."[72]  Defendant asserts that Louisiana law recognizes a limited liability company, like Soileau & Associates, LLC, as a legal entity separate and distinct from its shareholders, and the policy covers at least one employee other than the owner.[73]

Finally, Defendant argues that it is not proper to consider the report of Wayne Citron in determining the propriety of the removal.[74]  Defendant asserts that the issue of whether an insurance policy is an ERISA plan is a question of law, and an expert cannot give an opinion as to a legal conclusion.[75]  Furthermore, Defendant argues that the report should not be considered because it was not part of the record at the time the case was removed.[76]  Therefore, Defendant asserts that the expert report should not be considered in deciding the motion to remand.[77]

---

[71] *Id.* at 15.

[72] *Id.* at 16 (citing 188 F.3d 287, 288–89 (5th Cir. 1999).

[73] *Id.*

[74] *Id.* at 17.

[75] *Id.*

[76] *Id.* at 18.

[77] *Id.* at 19.

## C.       *Plaintiffs' Arguments in Further Support of the Motion to Remand*

In the reply brief, Plaintiffs argue that Defendant improperly assumes that the insurance policy is a plan covered by ERISA.[78] Furthermore, Plaintiffs contend that this Court should not follow the district court's holding in *Payne v. Hartford Life Insurance Co.*, finding that the inclusion of model language regarding the remedies available under an ERISA plan was not a waiver of the right to removal.[79] Plaintiffs assert that this holding was not rational because the model language itself appears to require waiver of the right to removal.[80]

Plaintiffs argue that Defendant sidesteps the primary argument set forth in the motion to remand that "defendant set up a unilateral, non-contractual demand that plaintiffs pre-pay the provider and then seek reimbursement through a third party."[81] Regardless of whether the insurance policy is clear as to benefits, beneficiaries, sources, and procedures, Plaintiffs allege that Defendant acted outside the terms of the policy "by making a demand that plaintiffs pre-pay for necessary medical treatment in the amount of approximately $36,000 per month and then seek reimbursement, waiting many months for same."[82] Plaintiffs assert that this "'process' is completely arbitrary and not obviously related to the contract between the parties."[83]

Next, Plaintiffs note that Defendant does not address Plaintiffs' argument that a

---

[78] Rec. Doc. 17 at 1.

[79] *Id.* at 2 (citing 2007 U.S. Dist. LEXIS 57259, *5-6 (W.D. La. Aug. 3, 2007)).

[80] *Id.*

[81] *Id.* at 3.

[82] *Id.*

[83] *Id.*

contribution does not include a premium for purposes of determining whether an ERISA plan falls within the safe harbor provision.[84] Furthermore, Plaintiffs contend that Defendant has not met its burden of proving that Plaintiffs are participants under the test set forth by the Fifth Circuit in *McDonald v. Provident Indemnity*.[85] Plaintiffs also assert that the state law claims cannot be preempted because Defendant has not met its burden of showing that a plan exists.[86] Finally, Plaintiffs argue that Citron's report can be considered as summary judgment-type evidence and it is relevant because "Citron is an insurance industry expert who has opined that the insurance contract at issue herein is quite simply not the sort of insurance contract that is covered by the ERISA."[87]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[88] Pursuant to 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Often called "federal-question jurisdiction," this type of jurisdiction "is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)."[89] A single claim over which federal-question jurisdiction exists is sufficient to

---

[84] *Id.*

[85] *Id.* (citing 60 F.3d 234 (5th Cir. 1995)).

[86] *Id.* at 4.

[87] *Id.* at 5.

[88] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[89] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005); *see also Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) ("Most directly, a case arises under federal law when federal

allow removal.[90]

Pursuant to the "well-pleaded complaint" rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff pleads only a state law cause of action."[91] Even where a federal remedy is also available, the "plaintiff is the master of his complaint and may generally allege only a state law cause of action."[92] Further, "[a] defense that raises a federal question is inadequate to confer jurisdiction."[93]

However, the Supreme Court has recognized an exception to the well-pleaded complaint rule known as the "complete pre-emption corollary to the well-pleaded complaint rule."[94] "ERISA provides one such area of complete preemption."[95]

The removing party bears the burden of demonstrating that federal jurisdiction exists.[96] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in

---

law creates the cause of action asserted.").

[90] See *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–66 (1997).

[91] *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (internal citations omitted).

[92] *Id.*

[93] *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)).

[94] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). A second exception to the well-pleaded complaint rule exists in a "special and small" category of cases in which a state law cause of action can give rise to federal question jurisdiction because the claim involves important federal issues. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). This exception is not raised here.

[95] *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir. 2008) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

[96] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[97] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[98]

## IV. Analysis

In the motion to remand, Plaintiffs first argue that remand is proper because Defendant has failed to meet its burden of proving that removal is proper.[99] Second, Plaintiffs argue that Defendant waived its right to remove claims arising out of the insurance policy.[100] Third, Plaintiffs assert that the claims are not preempted by ERISA because the insurance policy is not an ERISA plan or because the insurance policy falls within the Department of Labor "safe harbor" provision.[101] Finally, Plaintiffs "briefly note several other problems that they identify with the removal in this matter, but which they reserve for later argument, if warranted, and preserve for later review, if necessary."[102]

Finally, Plaintiffs also contend that as the owners of Soileau & Associates, LLC, they are not employees subject to ERISA.[103] Specifically, Plaintiffs argue that they have an insurance

---

[97] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[98] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[99] Rec. Doc. 7-1 at 6–7.

[100] *Id.* at 7–8.

[101] *Id.* at 8–17.

[102] *Id.* at 17.

[103] *Id.* at 17.

policy, which Plaintiffs contend is insufficient to show that they have "established or maintained" an employee benefits welfare plan.[104] Plaintiffs also contend that as the owners of Soileau & Associates, LLC, they are not employees subject to ERISA.[105] Accordingly, the Court addresses each of these issues in turn.

## A. Whether Defendant has Met Its Burden of Proving that Removal is Proper

In the motion to remand, Plaintiffs first argue that remand is proper because Defendant has failed to meet its burden of proving that removal is proper.[106] Plaintiffs contend that Defendant simply alleged that the Court has jurisdiction but did not come forward with any evidence to support the claim that ERISA preempts Plaintiffs' claims.[107] In opposition, Defendant contends that it has carried its burden of establishing that federal jurisdiction exists and that removal was proper.[108] Defendant asserts that the petition clearly demonstrates that Plaintiffs' case relates to the denial of health benefits.[109] Therefore, Defendant argues that Plaintiffs' claims are preempted by ERISA.[110]

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit

---

[104] *Id.*

[105] *Id.*

[106] *Id.* at 14–17.

[107] *Id.*

[108] Rec. Doc. 13 at 5.

[109] *Id.*

[110] *Id.*

plans."[111] Section 514(a) of ERISA states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ."[112] Section 502(a) of ERISA sets forth the exclusive grounds for relief under ERISA.[113] "Hence, 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'"[114]

"The Supreme Court has stated that a law 'relates to' an employee benefit plan and is preempted if it has a connection with or reference to the plan."[115] "Under Fifth Circuit precedent, to determine whether a state law relates to a plan for purposes of ERISA preemption, the court asks '(1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.'"[116]

Section 502(a)(1)(B) of ERISA provides that "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[117] In

---

[111] *McAteer*, 514 F.3d at 417 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)).

[112] 29 U.S.C. § 1144(a).

[113] 29 U.S.C. § 1132(a).

[114] *Davila*, 542 U.S. at 209.

[115] *McAteer*, 514 F.3d at 417 (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983)).

[116] *Id.* (quoting *Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 602 (5th Cir. 2006); *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir. 1994)).

[117] 29 U.S.C. § 1132(a)(1)(B).

*Aetna Health Inc. v. Davila*, the Supreme Court stated that "[t]his provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits. A participant or beneficiary can also bring suit generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits."[118] Further, the Court explained that "[i]t follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B)."[119]

In the petition, Plaintiffs claim, *inter alia*, that Defendant improperly failed "to timely accept the claims for treatment," Defendant made "arbitrary and capricious decisions that were not based in facts or the policy language which resulted in repeated denials for service," and "Plaintiffs have had to bear the cost of this inpatient treatment for which they contracted with [Defendant] for insurance only to find that [Defendant] would not honor its contract in a timely and appropriate manner."[120] Plaintiffs bring claims for breach of contract, bad faith adjusting, and failure to timely pay claims in violation of Louisiana Revised Statute § 22:1821(A) and (D).[121] Plaintiffs clearly bring suit complaining of a denial of coverage for medical care, which they believe they were

---

[118] *Davila*, 542 U.S. at 210.

[119] *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

[120] Rec. Doc. 1-2 at 9–10.

[121] *Id.* at 2.

entitled to because of the terms of the insurance policy.[122] Therefore, for the reasons discussed infra, because the policy is an employee welfare benefit plan under ERISA, Plaintiffs' claim for benefits fall within the scope of Section 502(a)(1)(B) of ERISA and federal-question jurisdiction exists.[123]

## B. Whether Defendant Waived the Right to Removal

Plaintiffs argue that Defendant waived the right to remove claims arising out of the policy at issue here in Article XXIV, the "ERISA Rights" section of the policy.[124] In opposition, Defendant argues that it did not waive its right to removal because Article XXIV informs an employee of his rights under the policy and where he may file suit, and this language is taken verbatim from the "model statement" contained at 29 C.F.R. 2520.102-3(t)(2).[125]

The Fifth Circuit has consistently held "[f]or a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right."[126] "There are three ways in which a party may clearly and unequivocally waive its removal rights: '[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to

---

[122] *Davila*, 542 U.S. at 210.

[123] *Id.* To the extent Plaintiffs argue that their claims are within the ERISA savings clause and that their detrimental reliance claim is not preempted, Plaintiffs do not provide any briefing or argument in support of these assertions. The Fifth Circuit "requires arguments to be briefed to be preserved and issues not adequately briefed are deemed abandoned. . . ." *Regmi v. Gonzales*, 157 F. App'x. 675, 676 (5th Cir. 2005) (citing *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993))

[124] Rec. Doc. 7-1 at 7–8.

[125] Rec. Doc. 13 at 5–6.

[126] *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443 (5th Cir. 2009) (quoting *City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d at 501, 504 (5th Cir. 2004)).

choose venue, or [3] by establishing an exclusive venue within the contract.'"[127]

Plaintiffs contend that Article XXIV, the "ERISA Rights" section of the insurance policy, unequivocally gives them the right to choose the venue.[128] Article XXIV provides in pertinent part, "If the participant has a claim for Benefits, which is denied or ignored, in whole or in part, he may file suit in a state or Federal court."[129] 29 U.S.C. § 1022 mandates that "[a] summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries" and "shall contain . . . remedies available under the plan for the redress of claims which are denied in whole or in part. . . ." 29 C.F.R. § 2520.102-3 provides a "model statement" to ensure compliance with 29 U.S.C. § 1022. The model statement includes a section titled "Enforce Your Rights" that states in pertinent part, "If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or Federal court."[130] Therefore, Article XXIV substantially complies with the model statement.

The parties do not cite, and the Court's independent research has not found a Fifth Circuit case directly addressing this issue. However, other district courts have found that inclusion of the model language in an insurance policy does not constitute a waiver of the right to removal.[131] In

---

[127] *Id.* at 443–44.

[128] Rec. Doc. 7-1 at 8.

[129] Rec. Doc. 7-3 at 100.

[130] 29 C.F.R. 2520.102-3(t)(2).

[131] *Payne v. Harford Life and Accident Ins. Co.*, 2007 WL 2262942, at *2 (W.D. La. Aug. 3, 2007); *Thompson v. Blue Cross Blue Shield of Louisiana*, 2001 WL 1223598, at *1 (E.D. La. Oct. 12, 2001); *Satterfield v. Fortis Benefits Ins. Co.*, 225 F.Supp.2d 1319 1321–22 (M.D. Ala. 2002); *Fanney v. Trigon Ins. Co.*, 11 F.Supp.2d 829, 831 (E.D. Va. 1998); *Yurcik v. Sheet Metal Workers' Int'l Ass'n*, 889 F.Supp. 706, 707 (S.D. N.Y. 1995).

*Payne v. Hartford Life and Accidence Insurance, Co.* a district judge in the Western District of Louisiana found that "the referenced language simply informs plaintiff what his rights are under the plan, *i.e.* plaintiff has the right to file suit in state or federal court."[132] Because there is no language in the clause that waives or restricts the defendant's right to remove a lawsuit to federal court, the district court concluded that there was "no clear and unequivocal waiver of the right to removal."[133]

The Seventh Circuit also examined this exact issue in *Cruthis v. Metropolitan Life Insurance*.[134] There, the plaintiff sued the defendant in state court for refusing to pay her benefits under the terms of her employee benefit plan, and the defendant removed the case to federal court.[135] The plaintiff filed a motion to remand, arguing that the defendant had waived its right to remove the case by stating in the plan that a person "may file suit in a state or Federal court."[136] On appeal, the Seventh Circuit stated that the "statement clearly was made to comply with ERISA's disclosure requirements. . . . Thus, the plain language of the statement indicates that it is a disclosure of applicable law rather than a substantive contract provision."[137] Furthermore, the Seventh Circuit noted that there was "no evidence that the drafters of ERISA intended this disclosure statement to act as a substantive contract provision and eliminate the right of removal,"

---

[132] *Payne*, 2007 WL 2262942, at *2.

[133] *Id.*

[134] 356 F.3d 816 (7th Cir. 2004).

[135] *Id.* at 817.

[136] *Id.* at 818.

[137] *Id.* at 819.

and to interpret the phrase otherwise "would result in the virtual elimination of removal in ERISA cases because every employer covered by ERISA is required to make such a disclosure."[138]

Similarly, the language at issue here is taken almost verbatim from the model statement and informs participants of their right to sue in state or federal court. This language was clearly included to comply with ERISA disclosure requirements, and is not a substantive contract provision. Plaintiffs assert that the model language itself appears to require waiver of the right to removal.[139] However, as the Seventh Circuit noted, there is no evidence that the drafters of ERISA intended this disclosure statement to act as a substantive contract provision and eliminate the right of removal. Accordingly, the Court finds that it cannot be interpreted as a waiver of Defendant's right to removal.

C.      *Whether the Insurance Policy is Covered by ERISA*

Third, Plaintiffs argue that there is no federal-question jurisdiction over this case because the policy is not subject to ERISA.[140] In support of this argument, Plaintiffs rely on a report by an insurance industry expert, Wayne Citron, who opines that the policy is not covered by ERISA.[141] Plaintiffs contend that Defendant is estopped from arguing that the policy is an ERISA plan.[142] Finally, Plaintiffs assert that ERISA is not applicable because there is no "plan," or if there is a

---

[138] *Id.*

[139] Rec. Doc. 17 at 2.

[140] Rec. Doc. 7-1 at 8.

[141] *Id.* at 9.

[142] *Id.* at 10.

plan that it falls within the Department of Labor "safe harbor" provision.[143] Accordingly, the Court

addresses each of these issues in turn.

## 1. Evidentiary Issues

As an initial matter, the Court notes that Plaintiffs rely on a report by an insurance industry

expert, Wayne Citron, who opines that the policy is not covered by ERISA.[144] Defendant argues

that the report should not be considered because it was not part of the record at the time the case

was removed.[145]

Because it is not uncommon for a plaintiff to "inadvertently or intentionally fail[ ] to make

clear that the claim for relief is essentially federal . . . federal courts usually do not limit their

inquiry to the face of the plaintiff's complaint, but rather consider the facts disclosed on the record

of the case as a whole in determining the propriety of removal."[146] The Court may consider post-

removal submissions that set forth facts developed at the time of removal.[147] Therefore, in order

to determine whether the insurance policy at issue qualifies as an ERISA plan, the Court may look

---

[143] *Id.* at 10–17.

[144] *Id.* at 9.

[145] Rec. Doc. 13 at 18.

[146] C. Wright & A. Miller, 14C Federal Practice and Procedure § 3734 (4th ed. 2018).

[147] *See Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000) ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."); *Ditcharo v. United Parcel Service, Inc.*, 376 F. App'x 432, 436 (5th Cir. 2010) (facts supporting a finding of the requisite amount in controversy "should be set forth either in the removal petition (the preferred method), or by subsequent affidavit."). *See also Cardiovascular Specialty Care Center of Baton Rouge, LLC v. United Healthcare of Louisiana, Inc.*, No. 14-235, 2015 WL 95212, at *7 (M.D. La. Mar. 4, 2015) (Recognizing that the issue of considering post-removal submissions typically arises in diversity cases, but courts in the Fifth Circuit "have considered documents attached to opposition to motions to remand for determining whether the defendants established federal jurisdiction through the complete preemption doctrine.").

to the summary judgment-type evidence in the record, including the sworn affidavit and report of Citron.[148]

Defendant also argues that it is not proper to consider the report in determining the propriety of the removal because the issue of whether an insurance policy is an ERISA plan is a question of law, and an expert cannot give an opinion as to a legal conclusion.[149]  As the Fifth Circuit has recognized, "an expert may never render conclusions of law."[150]  The issue of "[w]hether a particular set of insurance arrangements constitute an 'employee welfare benefit plan' is a question of fact."[151]  However, the question is treated as one of law "where the factual circumstances are established as a matter of law or undisputed."[152]  Therefore, the Court will consider Citron's sworn affidavit and report to the extent that they do not make conclusions of law.

Nevertheless, Plaintiffs do not explain how Citron's report is relevant to the issues presented in this motion to remand. Plaintiffs rely on Citron's opinion that the policy is not "ERISA compliant" in that it does not address requirements such as "Michelle's Law, CHOPRA, FINA, WHCRA, NEWBORNS and HIPPA."[153]  Citron also notes that the policy states that it complies

---

[148] *See Smith v. Palafox*, 728 F. App'x 270, 276 (5th Cir. 2018) (recognizing that an expert report must be sworn to be considered competent summary judgment evidence).

[149] Rec. Doc. 13 at 17.

[150] *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009)

[151] *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 976 (5th Cir. 1991), *abrogated on other grounds by CIGNA Corp. v. Amara*, 563 U.S. 421 (2011). (internal citations omitted).

[152] *House v. American United Life Ins. Co.*, 499 F.3d 443, 448 (5th Cir. 2007) (internal citations omitted).

[153] Rec. Doc. 7-4 at 7.

with the Affordable Care Act, which he says suggests that it could not be compliant with ERISA.[154] Citron also points to the fact that the policy lays out procedures for filing an appeal for both ERISA and non-ERISA plans.[155] The Fifth Circuit has recognized that a "dispute is governed by ERISA provided an employee welfare plan exists, and without regard to whether other requirements imposed by ERISA on the employer and others are met."[156] Therefore, Citron's report appears to address whether Defendant complied with ERISA, not the issue presented here, which is whether the policy is an ERISA employee welfare benefits plan.

### 2. Estoppel

Plaintiffs contend that Defendant has tacitly admitted that the policy is not covered by ERISA by: (1) repeatedly interacting with the Louisiana Department of Insurance in complaints regarding the handling of the claims at issue without raising ERISA as an issue; (2) sending correspondence to Plaintiffs that does not identify the policy or claim as arising under ERISA; and (3) using an internal appeal process in the handling of this claim different from the ERISA appeal process described in the policy.[157] Plaintiffs assert that these actions serve to estop Defendant from now claiming ERISA coverage.[158] Defendant does not respond to this argument.

In *Mello v. Sara Lee Corporation*, the Fifth Circuit adopted "ERISA-estoppel as a

---

[154] *Id.*

[155] *Id.* at 8.

[156] *Vega v. National Life Ins. Servs., Inc.*, 145 F.3d 673, 677 (5th Cir. 1998).

[157] Rec. Doc. 7-1 at 10.

[158] *Id.*

cognizable theory."[159] "To establish an ERISA-estoppel claim, the plaintiff must establish: (1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances."[160] In *Mello*, the Fifth Circuit determined that the employer made a material representation to the plaintiff by providing benefits statements misrepresenting the details of the benefit payments he was to receive.[161] However, the Fifth Circuit found that although the plaintiff's reliance on those statements may have been detrimental, it was not reasonable, as the plaintiff relied on the benefits statements and an employee's assertions rather than the unambiguous provisions provided in the plan.[162] Accordingly, the court held that the doctrine of ERISA-estoppel was inapplicable to the facts of the case, without reaching the "extraordinary circumstances" element of the test.[163]

In *High v. E-Systems, Inc.*, the Fifth Circuit further reasoned that "a 'party's reliance can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party.'"[164] This is so because "allowing 'estoppel to override the clear terms of plan documents would be to enforce something other than the plan documents themselves. That would not be consistent with ERISA.'"[165]

---

[159] 431 F.3d 440, 444 (5th Cir. 2005).

[160] *Id.* at 444–45.

[161] *Id.* at 445.

[162] *Id.*

[163] *Id.*

[164] 459 F.3d 573, 580 (5th Cir. 2006) (quoting *Sprague v. GMC*, 133 F.3d 388, 404 (6th Cir. 1998)).

[165] *Id.* (quoting *Sprague v. GMC*, 133 F.3d 388, 404 (6th Cir. 1998)).

Here, Plaintiffs do not address the factors set forth by the Fifth Circuit. Plaintiffs do not allege that they reasonably and detrimentally relied upon a material misrepresentation by Defendant regarding whether the policy is subject to ERISA. Instead, Plaintiffs allege that Defendant imposed an extra-contractual process on Plaintiffs' claims for benefits. Therefore, Plaintiffs have not shown that ERISA-estoppel is applicable here.[166]

### 3.     Whether the Policy is an ERISA Plan?

Plaintiffs assert that ERISA is not applicable because there is no "plan."[167]  In response, Defendant argues that the policy is governed by ERISA because it is an "employee welfare benefits plan."[168]

ERISA applies to an "employee benefit plan" if that plan is "established or maintained by any employer. . . ."[169]  There are two types of employee benefit plans, "employee welfare benefit plans" and "employee pension benefit plans."[170]  In this case, Defendant argues that the insurance

---

[166] Even under Louisiana law, Plaintiffs have not shown that Defendant would be estopped from claiming that the policy is covered by ERISA. The Louisiana Supreme Court has defined equitable estoppel as "'the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.'" *Morris v. Friedman*, 663 So. 2d 19, 25 (La. 1995) (quoting *John Bailey Contractor v. State Dep't of Transp. & Dev.*, 439 So.2d 1055, 1059 (La. 1983)). The doctrine, in proper circumstances, will prevent a party "from taking a position contrary to his prior acts, admissions, representations, or silence." *John Bailey*, 439 So.2d at 1059–60. Equitable estoppel thus has three elements: "(1) A representation by conduct or work; (2) Justifiable reliance thereon; and (3) A change of position to one's detriment because of the reliance." *Id.* Here, Plaintiffs do not allege that they detrimentally relied upon a material misrepresentation by Defendant regarding whether the policy is subject to ERISA.

[167] Rec. Doc. 7-1 at 10–11.

[168] Rec. Doc. 13 at 8.

[169] 29 U.S.C. § 1003(a).

[170] 29 U.S.C. § 1002(3).

policy is an "employee welfare benefit plan."[171]

ERISA defines an "employee welfare benefit plan" as

> any plan, fund, or program which was . . . established or maintained by an employer
> . . . to the extent that such plan, fund, or program was established or is maintained
> for the purpose of providing for its participants or their beneficiaries, through the
> purchase of insurance or otherwise . . . medical, surgical, or hospital care or
> benefits, or benefits in the event of sickness, accident, disability, death or
> unemployment. . . .[172]

The issue of "[w]hether a particular set of insurance arrangements constitute an 'employee welfare benefit plan' is a question of fact."[173] "This factual determination is governed by a set of well established legal standards."[174] Furthermore, the question is treated as one of law "where the factual circumstances are established as a matter of law or undisputed."[175]

To determine whether a particular plan qualifies as an ERISA employee welfare benefit plan, the Fifth Circuit instructs that district courts must "ask whether a plan: (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees."[176] "If any part of the inquiry is answered in the

---

[171] Rec. Doc. 13 at 8.

[172] 29 U.S.C. § 1002(1).

[173] *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 976 (5th Cir. 1991), *abrogated on other grounds by CIGNA Corp. v. Amara*, 563 U.S. 421 (2011). (internal citations omitted).

[174] *Id.*

[175] *House v. American United Life Ins. Co.*, 499 F.3d 443, 448 (5th Cir. 2007) (internal citations omitted).

[176] *Martin v. Trend Personnel Services*, 656 F. App'x 34, 36 (5th Cir. 2016) (quoting *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993)).

negative, the submission is not an ERISA plan."[177] The parties dispute whether the policy satisfies each of these requirements. Therefore, the Court will address each of these issues in turn.

### a. Whether a Plan Exists

Plaintiffs contend that Defendant is unable to prove the existence of a plan because "the claims at issue in this case arise out of defendant's unilateral imposition of an individualized, non-contractual reimbursement process on plaintiffs, through a third party intermediary," which Plaintiffs argue is not part of the normal claims handling process.[178] In response, Defendant argues that a "'plan exists' because a reasonable person could readily determine the intended benefits" as those benefits are laid out within the policy's language.[179] Specifically, Defendant notes that the beneficiaries under the policy included Plaintiffs and other members of the law firm, the application states that the employer would contribute 100% of the policy's premiums, and the policy specifically lists the benefits available, the eligible beneficiaries, sources of funding, and procedures for making a claim.[180]

"Before a court can ask whether a plan is an ERISA plan [] it must first satisfy itself that there is in fact a 'plan' at all."[181] To determine whether there is a plan, the Court "must determine from the surrounding circumstances whether a reasonable person could ascertain the intended

---

[177] *Id.*

[178] Rec. Doc. 7-1 at 11.

[179] Rec. Doc. 13 at 9 (citing *Lain*, 27 F.Supp.2d at 931).

[180] *Id.* at 10.

[181] *Hansen*, 940 F.2d at 976.

benefits, beneficiaries, source of financing, and procedures for receiving benefits."[182]

In this case, the policy is for health insurance, "which fits comfortably within the customary meaning of employee welfare benefit plan."[183] The intended benefits are clearly laid out within the policy's language.[184] The application filed by the law firm, Soileau & Associates, LLC, lists Plaintiffs and other members of the firm as beneficiaries.[185] A reasonable person could also ascertain the sources of financing and procedures for receiving benefits under the policy. The Group Application for Coverage explicitly states that the employer, Soileau & Associates, LLC, will contribute 100% of the policy's premiums.[186] Furthermore, Articles IV–XVII of the policy list the benefits available, Article III lists the eligible beneficiaries, and Article XXV lists the procedures for making a claim.[187] The "Schedule of Benefits" also lists the benefits available to the Group's covered employees.[188]

Plaintiffs have offered no evidence to show that a reasonable person could not have ascertained these details about the policy. Instead, Plaintiffs contend that Defendant is unable to prove the existence of a plan because "the claims at issue in this case arise out of defendant's unilateral imposition of an individualized, non-contractual reimbursement process on plaintiffs,

---

[182] *Id.*

[183] *Meredith*, 980 F.2d at 355.

[184] Rec. Doc. 7-3.

[185] Rec. Doc. 13-1.

[186] Rec. Doc. 13-1 at 2.

[187] Rec. Doc. 7-3.

[188] Rec. Doc. 13-2 at 128–55.

through a third party intermediary," which Plaintiffs argue is not part of the normal claims handling process.[189] However, Plaintiffs do not cite any authority to support their assertion that these alleged actions on the part of Defendant preclude a finding that the policy is a "plan."

Furthermore, as noted by Defendant, Plaintiffs' argument that the use of a third-party intermediary for the processing of the claims implies that the policy is not covered by ERISA is unavailing because an ERISA plan fiduciary may delegate its fiduciary responsibilities.[190] Article XXII(S) of the policy also sets forth procedures for the use of out-of-state and/or out-of-network providers.[191] To the extent Plaintiffs argue that Defendant breached its fiduciary obligations or failed to comply with the procedures set forth in the policy, these arguments go to the merits of the case not to whether the policy is a "plan." Accordingly, the Court finds that Defendant has met its burden of establishing the existence of a plan.

### b. The Department of Labor "Safe Harbor" Provision

Plaintiffs assert that the policy falls within the Department of Labor's "safe harbor" provision because: (1) Soileau & Associates LLC has not endorsed the policy and receives no profit from it; (2) participation in the insurance contact is voluntary; and (3) Soileau & Associates makes no contributions to a plan with the exception of premiums collected through payroll deductions.[192] Defendant argues that the policy does not fall under the safe-harbor provision

---

[189] Rec. Doc. 7-1 at 11.

[190] *Id.* (citing 29 U.S.C. § 1105(c)(1)).

[191] Rec. Doc. 7-3 at 91–92.

[192] Rec. Doc. 7-1 at 14–15.

because the application states that the employer would contribute 100% of the policy premiums.[193] In support of this assertion, Defendant cites a Declaration of Danielle Conway, the Director of Membership & Billing for Defendant, which states that "[t]he application for Group Insurance Coverage indicates that Soileau & Associates, LLC would be paying 100% of the premium for coverage under the Plan for Isaac H. Soileau, Jr. and [another covered employee] S.B."[194]

The Department of Labor has promulgated regulations providing that certain insurance and other benefit plans are excluded from ERISA's coverage.[195] The "safe harbor" provision provides that the term "employee welfare benefit plan":

> [S]hall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
>> (1) No contributions are made by an employer or employee organization;
>>
>> (2) Participation [in] the program is completely voluntary for employees or members;
>>
>> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>>
>> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues

---

[193] Rec. Doc. 13 at 11 (citing Rec. Doc. 13-1).

[194] Rec. Doc. 13-1 at 2.

[195] *Hansen*, 940 F.2d at 976.

checkoffs.[196]

"Group insurance plans which meet each of these criteria are excluded from ERISA's coverage."[197]

     Plaintiffs assert that Soileau & Associates make no contributions to the policy, with the exception of payroll deductions. However, Plaintiffs do not present any evidence showing that the contributions made by Soileau & Associates, LLC were in fact premiums. The only evidence in the record on this issue is the Declaration of Danielle Conway, the Application for Group Insurance Coverage, and the Amended Application for Group Insurance Coverage, all of which indicate that the "employer contribution" for medical insurance would be 100%.[198] Defendant also presents copies of group premium invoices that were sent to Soileau & Associates, LLC.[199] Therefore, Defendant has met its burden of establishing that the policy does not fall within the safe harbor provision.

         *c.*     *Whether the Plan Satisfies the Primary Elements of an ERISA Employee Benefit Plan*

     Plaintiffs contend that there is no evidence that plaintiffs have "established or maintained" a "plan, fund, or program" in this matter.[200] In response, Defendant asserts that the policy was established or maintained by an employer with the intent to benefit employees because the

---

[196] 29 C.F.R. 2510.3–1(j).

[197] *Hansen*, 940 F.2d at 977 (internal citations omitted).

[198] *Id.*; Rec. Doc. 13-2 at 125; Rec. Doc. 13-3 at 2.

[199] Rec. Doc. 13-7.

[200] Rec. Doc. 7-1 at 17.

employer: (1) purchased the insurance; (2) selected the benefits; (3) identified the employee participants; and (4) distributed enrollment and claim forms.[201]

If there is a plan, the Court must next determine whether the plan is covered by ERISA. "By its terms, ERISA applies only to those employee welfare benefit plans that are established or maintained by an employer for the purpose of providing certain benefits to its employees."[202] Pursuant to Fifth Circuit precedent, two elements must be met for a policy to be an ERISA plan: "first, it must be established or maintained by an employer, and second, the employer must have a certain intent—a purpose to provide benefits to its employees."[203] In *McDonald v. Provident Indemnity Life Insurance Co.*, the Fifth Circuit found that the employer "established or maintained" an insurance plan for the purpose of providing benefits to its employees where the employer "purchas[ed] the insurance, select[ed] the benefits, identif[ied] the employee-participants, and distribut[ed] enrollment and claim forms."[204]

Here, Defendant presents evidence showing that Soileau & Associates, LLC submitted the Group Application on or around April 21, 2010, establishing the plan.[205] Soileau & Associates selected the benefits and identified the employee participants.[206] Defendant also presents copies

---

[201] Rec. Doc. 14 at 12 (citing *McDonald v. Provident Indemnity Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995)).

[202] *Hansen*, 940 F.2d at 977 (citing 29 U.S.C. § 1002(1)).

[203] *Id.*

[204] *McDonald*, 60 F.3d at 236.

[205] Rec. Doc. 13-1 at 1.

[206] Rec. Doc. 13-2 at 125.

of group premium invoices that were sent to Soileau & Associates, LLC.[207] Therefore, the evidence presented by Defendant shows that Soileau & Associates, LLC contracted with Defendant to provide health care benefits to employees. Plaintiffs offer no evidence or argument that the law firm did not establish the health insurance with the intent to benefit its employees. Thus, Defendant has established the policy is an employee welfare benefit plan under the Fifth Circuit's three-part test.

### D.     Whether Plaintiffs are Employees Subject to ERISA

Finally, Plaintiffs also contend that as the owners of Soileau & Associates, LLC, they are not employees subject to ERISA.[208]  In opposition, Defendant argues that Plaintiffs are participants and beneficiaries subject to ERISA.[209]

In *Meredith v. Time Insurance Company*, the Fifth Circuit held that an insurance plan covering only a sole proprietor and her spouse was not an ERISA employee welfare benefit plan.[210] This is so because "an employee benefit plan does not include one in which no employees are participants, and for purposes of this regulation, '[a]n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse.'"[211]  In *Vega v. National Life Insurance Services, Inc.* the Fifth Circuit held that "where a

---

[207]  Rec. Doc. 13-7.

[208]  Rec. Doc. 7-1 at 17.

[209]  *Id.* at 15.

[210]  980 F.2d at 358.

[211]  *Id.* (quoting 29 C.F.R. § 2510.3–3 (1992)).

36

husband and wife are sole owners of a corporation that has created an employee benefits plan covered by ERISA, and the husband and wife are also enrolled under the plan as employees of the corporation, they are employees for ERISA purposes and so our courts have jurisdiction under ERISA to review a denial of their claims."[212]

Louisiana law recognizes a limited liability company, like Soileau & Associates, LLC, as a legal entity separate and distinct from its shareholders.[213] Furthermore, the policy covers at least one employee other than the owner, Isaac Soileau, and has wife.[214] Therefore, Plaintiffs are employees subject to ERISA.

## V. Conclusion

Based on the foregoing, the Court finds that Defendant has established the policy is an employee welfare benefit plan under the Fifth Circuit's three-part test. Defendant has also shown that Plaintiffs' case relates to the denial of health benefits as Plaintiffs clearly bring suit complaining of a denial of coverage for medical care, which they believe they were entitled to because of the terms of the insurance policy. Therefore, because the policy is an employee welfare benefit plan under ERISA, Plaintiffs' claim for benefits fall within the scope of Section 502(a)(1)(B) of ERISA and federal-question jurisdiction exists. Furthermore, Plaintiffs are employees subject to ERISA.

---

[212] *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 288–89 (5th Cir. 1999) (en banc), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008)).

[213] *See* La. Rev. Stat. § 12:1301 ("'Limited liability company' or 'domestic limited liability company' means an entity that is an unincorporated associated having one or more members that is organized and existing under this Chapter.").

[214] Rec. Doc. 13-2.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Remand"[215] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __15th__ day of August, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[215] Rec. Doc. 7.