# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SOILEAU & ASSOCIATES, LLC,** through and by its members, **ISAAC H. SOILEAU, JR.** and **KAREN S. KOVACH,** also appearing herein individually and on behalf of K.S., a minor child, | * * * * | **CIVIL ACTION NO. 18-710** |
| | * | **SECTION "G"** |
| Plaintiffs | * | |
| **VERSUS** | * | |
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA,** | * * * | **JUDGE NANETTE JOLIVETTE BROWN** |
| Defendant | * | **MAGISTRATE DANIEL E. KNOWLES, III** |
| *    *    *    *    *    * | * | |

### DEFENDANT LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA'S ANSWER TO PLAINTIFFS' FIRST AMENDING & SUPPLEMENTAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"), who, with respect, offers the following responses to Plaintiffs' First Amending & Supplemental Complaint ("Complaint").

## First Affirmative Defense

Plaintiffs fail to state a claim for which relief can be granted.

## Second Affirmative Defense

Plaintiffs' Complaint should be dismissed as Plaintiffs have failed to identify which, if any, provision(s) of the "employee benefit plan" allegedly provided benefits or which were violated by BCBSLA.

### Third Affirmative Defense

All provisions of Louisiana law are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, *et seq*. BCBSLA specifically pleads that the provisions of ERISA apply to all issues.

### Fourth Affirmative Defense

BCBSLA avers that it timely, correctly, properly, and fully performed all of the responsibilities which it had under the provisions of the Employee Health Benefit Plan of Soileau & Associates, LLC ("the Plan"), an employee health benefit plan provided to the employees of Soileau & Associates, LLC, and/or ERISA, as they relate to Plaintiffs.

### Fifth Affirmative Defense

Recovery in this case, if any, is limited to those remedies available under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

### Sixth Affirmative Defense

The services for which Plaintiffs seek benefits are not covered by the Plan.

### Seventh Affirmative Defense

Plaintiffs are not entitled to recover penalties, damages, or attorney's fees.

### Eighth Affirmative Defense

If the services and/or treatment in question are covered, which is denied, payment for such is to be made according to the terms of the Plan, without regard to the amount(s) billed.

### Ninth Affirmative Defense

All decisions made with respect to Plaintiffs' claim(s) for benefits were made in good faith, in accordance with the terms of the Plan, and in the interest of the Plan and all Plan participants and beneficiaries, and they were made in a reasonable manner

based upon facts known at the time of the decision and were not wrong or arbitrary and capricious.

### Tenth Affirmative Defense

Plaintiffs' claims, remedies, and damages are limited by the terms and conditions of the Plan at issue, which are clear and unambiguous.

### Eleventh Affirmative Defense

Plaintiffs are liable to BCBSLA for attorney's fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

### Twelfth Affirmative Defense

If this Court finds that benefits are payable under the Plan, BCBSLA avers that the denial of coverage was based upon just and reasonable grounds and that Plaintiffs' claim does not satisfy the requirements of 29 U.S.C. § 1132(g)(1). Therefore, Plaintiffs are not entitled to recover attorney's fees.

### Thirteenth Affirmative Defense

BCBSLA specifically alleges that it has acted within its "discretionary authority" according to the terms of the Plan.

### Fourteenth Affirmative Defense

Any and all factual allegations, legal conclusions, or inferences contained in Plaintiffs' Complaint are hereby denied unless specifically and expressly admitted.

### Fifteenth Affirmative Defense

Plaintiffs' claims, to the extent any amounts are owed, have been extinguished by payment.

### Sixteenth Affirmative Defense

Plaintiffs' claims are time-barred under the terms of the Plan.

**Seventeenth Affirmative Defense**

In answering Plaintiffs' Complaint, BCBSLA is not certain which affirmative defenses may apply as this matter until this matter proceeds to trial. BCBSLA reserves all additional defenses available under the Plan, under the terms of ERISA, and based on further investigation. BCBSLA also reserves the right to add additional affirmative defenses throughout the course of this case. BCBSLA will dismiss any affirmative defense that does not appear to be reasonably supported by the facts and/or the law at the pretrial conference.

**AND NOW**, answering the individual allegations of Plaintiffs' Complaint, BCBSLA represents as follows:

1.

The allegations of Paragraph 1 of Plaintiffs' Complaint do not require a response from BCBSLA. To the extent a response is required, BCBSLA admits that Plaintiffs are insured under a policy of insurance issued by BCBSLA.

2.

BCBSLA denies the allegations of Paragraph 2 of Plaintiffs' Complaint as written. Plaintiffs are participants of the Plan and beneficiaries of the Plan sponsored by Soileau & Associates, LLC, which is insured under a policy of insurance issued by BCBSLA. BCBSLA denies that Plaintiffs have standing to bring suit in a representative capacity for all persons similarly situated.

3.

BCBSLA admits that the instant action is governed by ERISA. BCBSLA denies that any claim for health insurance benefits for Plaintiff K.S. were denied for arbitrary, capricious, or unreasonable reasons. BCBSLA further denies that it is the "Plan."

4.

BCBSLA asserts that Plaintiffs' state law claims for negligence, breach of contract, bad faith, claims handling, negligence, breach of fiduciary duty, and unjust enrichment are preempted by ERISA.

5.

BCBSLA admits that this Court has jurisdiction over the instant case pursuant to 28 U.S.C. §1331 and ERISA §502(e)(1) (29 U.S.C. §1132(e)(1)).

6.

BCBSLA admits this Court has supplemental jurisdiction over any state law claims that arise out of the same common nucleus of operative facts as the ERISA claims, but asserts that the state law claims asserted by Plaintiffs in the Complaint are completely preempted by ERISA.

7.

BCBSLA denies the allegations of Paragraph 7 as written, but admits that venue is proper in this district pursuant to 28 U.S.C. §1391.

8.

BCBSLA denies the allegations of Paragraph 8 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

9.

BCBSLA denies the allegations of Paragraph 9 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

10.

BCBSLA denies as written the allegations of Paragraph 10 of Plaintiffs' Complaint, except BCBSLA admits that it is an insurance company doing business in the

State of Louisiana and that it is the insurer of a group health insurance policy issued to Plaintiffs.

11.

The allegations of Paragraph 11 of Plaintiffs' Complaint do not require a response from BCBSLA.

12

BCBSLA denies the allegations of Paragraph 12 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

13.

BCBSLA denies the allegations of Paragraph 13 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

14.

BCBSLA denies the allegations of Paragraph 14 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

15.

BCBSLA denies the allegations of Paragraph 15 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

16.

BCBSLA denies the allegations of Paragraph 16 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

17.

BCBSLA denies the allegations of Paragraph 17 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

18.

BCBSLA denies the allegations of Paragraph 18 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

19.

BCBSLA denies the allegations of Paragraph 19 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein, except BCBSLA specifically denies that it acted arbitrarily or capriciously in denying any claims for services rendered to Plaintiff K.S.

20.

BCBSLA denies the allegations of Paragraph 20 of Plaintiffs' Complaint.

21.

BCBSLA denies the allegations of Paragraph 21 of Plaintiffs' Complaint.

22.

BCBSLA denies the allegations of Paragraph 22 of Plaintiffs' Complaint.

23.

BCBSLA denies the allegations of Paragraph 23 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

24.

BCBSLA denies the allegations of Paragraph 24 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

25.

BCBSLA denies the allegations of Paragraph 25 of Plaintiffs' Complaint as written.

26.

BCBSLA denies the allegations of Paragraph 26 of Plaintiffs' Complaint as written.

27.

BCBSLA denies the allegations of Paragraph 27 of Plaintiffs' Complaint as written.

28.

BCBSLA denies the allegations of Paragraph 28 of Plaintiffs' Complaint as written.

29.

BCBSLA admits that certain claims for inpatient treatment were denied. BCBSLA denies the remaining allegations of Paragraph 29 of Plaintiffs' Complaint as written.

30.

BCBSLA admits that the April 18, 2017 denial letter afforded the treating physician an opportunity to request an informal reconsideration. BCBSLA denies the remaining allegations of Paragraph 30 of Plaintiffs' Complaint as written.

31.

BCBSLA denies the allegations of Paragraph 31 of Plaintiffs' Complaint as written.

32.

BCBSLA denies the allegations of Paragraph 32 of Plaintiffs' Complaint.

33.

BCBSLA denies the allegations of Paragraph 33 of Plaintiffs' Complaint.

34.

BCBSLA denies the allegations of Paragraph 34 of Plaintiffs' Complaint.

35.

BCBSLA admits that the Plan is insured under a policy of insurance, Contract No. XXXXX2509, with an original effective date of May 1, 2010, and remains in effect through the present date. Further, the Plan at issue is a written document and is the best evidence of its own contents. Any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan are specifically denied.

36.

BCBSLA denies the allegations of Paragraph 36 of Plaintiffs' Complaint as written. Further, the Plan at issue is a written document and is the best evidence of its own contents. Any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan are specifically denied.

37.

BCBSLA denies the allegations of Paragraph 37 of Plaintiffs' Complaint as written. Further, the Plan at issue is a written document and is the best evidence of its own contents. Any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan are specifically denied.

38.

BCBSLA denies the allegations of Paragraph 38 of Plaintiffs' Complaint.

39.

BCBSLA denies the allegations of Paragraph 39 of Plaintiffs' Complaint, except BCBSLA admits Plaintiff K.S. was covered by an employee welfare benefit plan within

the meaning of ERISA 29 U.S.C. §1002(A)(1). ThePlan was insured by a policy of insurance issued by BCBSLA.

40.

BCBSLA denies the allegations of Paragraph 40 of Plaintiffs' Complaint as written. Further, the Plan at issue is a written document and is the best evidence of its own contents. Any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan are specifically denied.

41.

BCBSLA denies the allegations of Paragraph 41 of Plaintiffs' Complaint as written. Further, the Plan at issue is a written document and is the best evidence of its own contents. Any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan are specifically denied.

42.

BCBSLA denies the allegations of Paragraph 42 of Plaintiffs' Complaint as written. Further, the Plan at issue is a written document and is the best evidence of its own contents. Any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan are specifically denied.

43.

BCBSLA denies the allegations of Paragraph 43 of Plaintiffs' Complaint as written. Further, the Plan at issue is a written document and is the best evidence of its own contents. Any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan are specifically denied.

44.

BCBSLA denies the allegations of Paragraph 44 of Plaintiffs' Complaint as written. Further, the Plan at issue is a written document and is the best evidence of its own contents. Any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan are specifically denied.

45.

BCBSLA denies the allegations of Paragraph 45 of Plaintiffs' Complaint as written, except BCBSLA specifically denies delaying reimbursements to Plaintiffs.

46.

BCBSLA denies the allegations of Paragraph 46 of Plaintiffs' Complaint.

47.

BCBSLA denies the allegations of Paragraph 47 of Plaintiffs' Complaint as written.

48.

BCBSLA denies the allegations of Paragraph 48 of Plaintiffs' Complaint as written.

49.

BCBSLA denies the allegations of Paragraph 49 of Plaintiffs' Complaint for lack of information sufficient to justify a belief therein.

50.

BCBSLA denies the allegations of Paragraph 50 of Plaintiffs' Complaint as written.

51.

BCBSLA denies the allegations of Paragraph 51 of Plaintiffs' Complaint.

52.

BCBSLA denies the allegations of Paragraph 52 of Plaintiffs' Complaint.

53.

BCBSLA denies the allegations of Paragraph 53 of Plaintiffs' Complaint as written.

54.

BCBSLA denies the allegations of Paragraph 54 of Plaintiffs' Complaint as written.

55.

BCBSLA denies the allegations of Paragraph 55 of Plaintiffs' Complaint as written.

56.

BCBSLA denies the allegations of Paragraph 56 of Plaintiffs' Complaint as written.

57.

BCBSLA denies the allegations of Paragraph 57 of Plaintiffs' Complaint.

58.

BCBSLA denies the allegations of Paragraph 58 of Plaintiffs' Complaint, including subparts.

59.

BCBSLA denies the allegations of Paragraph 59 of Plaintiffs' Complaint, including subparts.

60.

BCBSLA denies the allegations of Paragraph 60 of Plaintiffs' Complaint.

61.

BCBSLA denies the allegations of Paragraph 61 of Plaintiffs' Complaint.

62.

BCBSLA denies the allegations of Paragraph 62 of Plaintiffs' Complaint as written. BCBSLA is not the Plan Administrator; BCBSLA is the insurer of the Plan.

63.

BCBSLA denies the allegations of Paragraph 63 of Plaintiffs' Complaint.

64.

BCBSLA denies the allegations of Paragraph 64 of Plaintiffs' Complaint.

65.

BCBSLA denies the allegations of Paragraph 65 of Plaintiffs' Complaint.

66.

BCBSLA denies the allegations of Paragraph 66 of Plaintiffs' Complaint.

67.

BCBSLA hereby incorporates by reference the above and foregoing responses to Paragraphs 1 through 66 of Plaintiffs' Complaint as if written hereunder *in extensio*.

68.

BCBSLA denies the allegations of Paragraph 68 of Plaintiffs' Complaint.

69.

BCBSLA denies the allegations of Paragraph 69 of Plaintiffs' Complaint.

70.

BCBSLA hereby incorporates by reference the above and foregoing responses to Paragraphs 1 through 69 of Plaintiffs' Complaint as if written hereunder *in extensio*.

71.

BCBSLA denies the allegations of Paragraph 71 of Plaintiffs' Complaint.

72.

BCBSLA denies that Plaintiffs are entitled to the relief they seek.

73.

BCBSLA hereby incorporates by reference the above and foregoing responses to Paragraphs 1 through 72 of Plaintiffs' Complaint as if written hereunder *in extensio*.

74.

BCBSLA denies the allegations of Paragraph 74 of Plaintiffs' Complaint as written.

75.

BCBSLA denies the allegations of Paragraph 75 of Plaintiffs' Complaint as written, except it is admitted that Plaintiffs are participants in the Plan.

76.

BCBSLA denies the allegations of Paragraph 76 of Plaintiffs' Complaint.

77.

BCBSLA hereby incorporates by reference the above and foregoing responses to Paragraphs 1 through 77 of Plaintiffs' Complaint as if written hereunder *in extensio*.

78.

BCBSLA denies the allegations of Paragraph 78 of Plaintiffs' Complaint as written.

79.

BCBSLA denies the allegations of Paragraph 79 of Plaintiffs' Complaint.

80.

BCBSLA hereby incorporates by reference the above and foregoing responses to Paragraphs 1 through 79 of Plaintiffs' Complaint as if written hereunder *in extensio*.

81.

BCBSLA denies the allegations of Paragraph 81 of Plaintiffs' Complaint.

82.

BCBSLA denies the allegations of Paragraph 82 of Plaintiffs' Complaint.

83.

BCBSLA denies the allegations of Paragraph 83 of Plaintiffs' Complaint.

84.

BCBSLA hereby incorporates by reference the above and foregoing responses to Paragraphs 1 through 83 of Plaintiffs' Complaint as if written hereunder *in extensio*.

85.

BCBSLA denies the allegations of Paragraph 85 of Plaintiffs' Complaint.

86.

BCBSLA denies the allegations of Paragraph 86 of Plaintiffs' Complaint.

87.

BCBSLA hereby incorporates by reference the above and foregoing responses to Paragraphs 1 through 86 of Plaintiffs' Complaint as if written hereunder *in extensio*.

88.

BCBSLA denies the allegations of Paragraph 88 of Plaintiffs' Complaint.

89.

BCBSLA denies that Plaintiffs are entitled to any damages under state law.

90.

BCBSLA hereby incorporates by reference the above and foregoing responses to Paragraphs 1 through 89 of Plaintiffs' Complaint as if written hereunder *in extensio*.

91.

BCBSLA denies the allegations of Paragraph 91 of Plaintiffs' Complaint.

92.

BCBSLA denies that Plaintiffs are entitled to an order from this Court that holds summary proceedings in deference to the plan administrator are unconstitutional.

93.

Plaintiffs are not entitled to a jury trial in this matter, as this matter is governed by ERISA.

94.

Paragraph 94 of Plaintiffs' Complaint does not require a response from BCBSLA.

95.

The remaining unnumbered paragraphs contained in Plaintiffs' Conclusion and Prayer for Relief required no response on the part of BCBSLA.  However, if a response is required, BCBSLA denies that Plaintiffs are entitled to judgment against BCBSLA as requested.

**WHEREFORE**, BCBSLA prays that there be judgment herein in favor of Defendant and against Plaintiffs, dismissing Plaintiffs' demand at their cost.

Respectfully submitted:

By:  */s/ Layna C. Rush*

Errol J. King – Bar Roll #17649
Layna C. Rush – Bar Roll #26242
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
450 Laurel Street
Chase Tower North, 12th Floor
Baton Rouge, Louisiana 70801
Telephone: 225.381.7000
Facsimile: 225.343.3612

and

Allison N. Pham – Bar Roll # 29369
Charles A. O'Brien, III – Bar Roll #10143
Jessica W. Chapman – Bar Roll # 31097
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone: (225) 295-2199
Facsimile: (225) 297-2760
Allison.Pham@bcbsla.com
Andy.O'Brien@bcbsla.com
Jessica.Chapman@bcbsla.com

*Attorneys for Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of October, 2018, a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Isaac H. Soileau, Jr., Karen S. Kovach, Ryan A. Jurkovic, James E. Cazalot, Jr., David F. Bienvenu, Joshua Michael Hudson, and Casie Zimmerman Davidson by operation of the Court's electronic filing system.

*/s/ Layna C. Rush*
Layna C. Rush