UNITED STATES DISTRICT COURT
For the Eastern District of Louisiana

| | | | |
|---|---|---|---|
| SOILEAU & ASSOCIATES, LLC, through and by its members, ISAAC H. SOILEAU JR. and KAREN S. KOVACH, also appearing herein individually and on behalf of K.S., a minor child | * * * | Civil Action c/w | No. 18-710 No. 18-7613 |
| Plaintiffs | * | | |
| versus | * | Sec: G | Div: 3 |
| | * | Judge: | Brown |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a Blue Cross & Blue Shield of Louisiana, et al. | * * | Magistrate: | Douglas |
| Defendants | * | Reference: 18-710, 18-7613 | |
| *   *   *   *   *   *   *   * | | Jury Demand | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDING & SUPPLEMENTAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, come plaintiffs, who respectfully submit this Reply Memorandum in Further Support of their Motion for Leave to File their Third Amending & Supplemental Complaint in this matter.

Defendant Louisiana Health Service & Indemnity Company d/b/a Blue Cross & Blue Shield of Louisiana (hereinafter 'BCBSLA') has opposed the motion for leave. Document 82. Defendant's position is that the proposed amendment is futile (Document 82 at 13) and that it would be prejudiced (Document 82 at 14). The latter argument assumes its own conclusion in that defendant repeats the position in its motion to dismiss and motion for partial summary judgment that plaintiffs seek to join "improper claims" to a § 502(a)(1)(B) claim. Id. The Court has however not ruled on either motion yet, and defendant remains obstinate in ignoring the arguments laid out in support of the claims that do not arise under (a)(1)(B) in this matter. No one required defendant

1

to file a motion for partial summary judgment prior to the close of discovery, nor did any rule require the filing of a rule 12 motion to dismiss prior to the close of the period for amendments to pleadings.  The claims are accordingly not manifestly improper and defendant should not be permitted to claim it is prejudiced simply because it does not want to defend its conduct in this case.

Regarding the alleged futility argument, defendant cites no case that disposes of the proposed amendments.  First, defendant is aggrieved by proposed paragraphs 111 and 112, regarding provisions of the Louisiana insurance code.  These paragraphs refer to LSA-R.S. 22:979 and LSA-R.S. 22:41.1; as statutes that regulate insurance, they are not preempted by the ERISA. Defendant's position is apparently that an ERISA-covered entity is immunized from all legal obligations except those that arise under § 502(a)(1)(B), for which claims defendant has ascribed to itself absolute discretion. Second, plaintiffs' Cause of Action No. 9 relates to the use of a so-called 'improvement' standard, which standard plaintiffs contend is unlawful under the Patient Protection and Affordable Care Act to the extent that it is violative of the "Essential Health Benefits" ('EHB') required by that statute to be included in covered health insurance policies.  42 U.S.C. § 18022(b).  One of the EHB is "rehabilitative and habilitative services and devices."  Id. The policy at issue in this matter is covered by the PPACA.  Document 13-2 at 9, 20.  It is plaintiffs' contention that the PPACA's requirement of rehabilitative and habilitative services places an obligation on carriers such as defendant to provide these services in this case.

Plaintiffs furthermore contend that the services aforesaid are to be provided free of discrimination on the basis of disability.  See PPACA, 42 U.S.C. § 18116.  Pursuant to Title III of the Americans with Disabilities Act, similarly, no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a). Defendant states that it is "well-settled that the ADA does not govern the content or terms of an insurance policy, nor does it permit court modification of the terms and conditions offered therein." Document 82 at 14. There follows a lengthy list of citations that is unresponsive to proposed Cause of Action No. 9 in this matter The cases cited in defendant's footnote 44 are likewise pre-PPACA and are accordingly irrelevant. The specific reasons that those particular ADA claims failed is not instructive in this matter, which alleges differential claim administration—which is distinct from the rule announced in *McNeil v. Time Ins. Co.*, 205 F.3d 179, 186 (5th Cir. 2000) that ADA Title III does not regulate "the content of goods and services that are offered" but rather prohibits denial of access to or interference with enjoyment of goods and services. Plaintiffs do not raise an ADA claim against the content of the policy, but rather against defendant's administration of the policy, which interferes with K.S.'s enjoyment of the goods and services offered to the extent that defendant arbitrarily denies claims on the basis of an 'improvement standard' that is contrary to the requirements of the PPACA and because of K.S.'s disabilities.

That is, if defendant has used an 'improvement standard' to deny payment of claims for the treatment of K.S. in this matter, plaintiffs respectfully contend that the denial is therefore discriminatory claim administration insofar as it creates two sets of rehabilitative and habilitative care patients and favors one over the other in claim administration, contrary to the requirements of the PPACA that this EHB be provided in covered plans and contrary to the ADA and PPACA that such discrimination is prohibited. By denying coverage of EHB treatment and services (here, for rehabilitative and habilitative care) on the basis of a administrator's belief that K.S.'s condition is not improving or has not improved and therefore cannot improve, the carrier is denying the claim

on the basis of a belief that K.S. has a permanent medical condition, a permanent impairment that will not improve. This constitutes denial of the claim solely on the basis of a speculative belief that K.S.'s disability will not improve despite further treatment. The 'goods and services' offered by defendant are not being challenged—it is rather that the defendant is arbitrarily impeding access to and interfering with plaintiffs' enjoyment of the goods and services by discriminating on the basis of disability

In this matter, plaintiffs allege that defendant denied the claim on the basis of an unlawful improvement standard. This is not a claim preempted by the ERISA, as it does not arise out of state law, but rather out of the interaction of the PPACA and ADA. The proposed amendment is accordingly not futile and the motion for leave to amend should be granted. *McNeil*, supra, also stands for the proposition that an ADA claim is not to be dismissed simply because the defendant therein is covered otherwise by the ERISA.

Plaintiffs disagree with defendant's feigned exasperation with the case, of course, insofar as defendant puts on a theatre of wanting this case to "finally proceed on the proper ERISA § 502(a)(1)(B) claim." Defendant has delayed K.S.'s medical treatment for years and has delayed in assembling the administrative record and has delayed by removing this matter to federal court, but now complains about a timely filed amendment to the complaint. Defendant has, without argument, requested an award of attorney's fees associated with its memorandum in opposition. No authority is cited to support this award, nor are any facts adduced to warrant an award. The request should accordingly be denied.

        Respectfully submitted,

        s/ *Ryan A. Jurkovic* _____
        Isaac H. Soileau, Jr. (LSBA No. 21384)
        soileauih@aol.com
        Karen S. Kovach (LSBA No. 26365)
        kskovach@aol.com
        Ryan A. Jurkovic (LSBA No. 31384)
        rjurkovic@soileaulegal.com
        1010 Common Street, Suite 2910
        New Orleans, Louisiana 70112
        504 522 5900 / 504 522 5998 (fax)

        and

        James E. Cazalot, Jr. (LSBA No. 17510)
        jim@cazalotlaw.com
        JAMES E. CAZALOT, JR., APLC
        209 Highway 22 West, Suite G
        Madisonville, Louisiana 70447
        985 792 5220 / 985 792 4889 (fax)

        Attorneys for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing pleadings has been served on counsel of record for all parties to these proceedings, by ECF transmission, addressed to their respective offices, this 8th day of April, 2019.

        s/ *Ryan A. Jurkovic*

5