UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOILEAU & ASSOCIATES, LLC, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-710**<br>**c/w 18-7613** |
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA** | **SECTION: "G" (3)** |

# ORDER

Before the Court are Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana's ("Blue Cross") "Motion for Partial Summary Judgment in Consolidated Actions,"[1] "Motion to Strike Evidence Outside the Administrative Record,"[2] and "Rule 12(b)(6) Motion to Dismiss."[3] Plaintiffs Soileau & Associates, LLC, Karen S. Kovach, and Isaac H. Soileau, Jr.'s (collectively, "Plaintiffs") bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA") seek to overturn an allegedly arbitrary, capricious and unreasonable decisions by Blue Cross or its agent New Directions Behavioral Health, LLC denying Plaintiffs' claim for benefits.[4] Plaintiffs also bring state law claims for negligence, breach of contract, bad faith claims handling, breach of fiduciary duty, and unjust enrichment.[5]

---

[1] Rec. Doc. 40.

[2] Rec. Doc. 50.

[3] Rec. Doc. 75.

[4] Rec. Doc. 95 at 1.

[5] *Id.* at 2.

1

Both the motion for partial summary judgment and the motion to dismiss request the same relief.[6] Specifically, Blue Cross argues that all of Plaintiffs' claims except their claim for benefits under 29 U.S.C. § 1132(a)(1)(B) fail as a matter of law and must be dismissed with prejudice.[7] In the motion to strike, Blue Cross asserts that evidence attached to the opposition to the motion for partial summary judgment should be stricken from the record because Blue Cross argues that only evidence that was in the Administrative Record and before Blue Cross at the time of the benefit determination should be considered by the Court.[8]

On April 10, 2019, following the filing of the motion for partial summary judgment and the motion to dismiss, Plaintiffs filed a Third Amended and Supplemental Complaint.[9] In the Third Amended Complaint, Plaintiffs assert an additional cause of action based on the allegation that the benefit determination violates the Americans with Disabilities Act ("ADA") and the Patient Protection and Affordable Care Act ("PPACA").[10] In response, Blue Cross filed a second "Rule 12(b)(6) Motion to Dismiss," once again arguing that all of Plaintiffs' claims except their claim for benefits under 29 U.S.C. § 1132(a)(1)(B) fail as a matter of law.[11]

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[12] Many district courts—including this Court—routinely deny as

---

[6] Rec. Doc. 40-1 at 2; Rec. Doc. 75-1 at 1.

[7] *Id.*

[8] Rec. Doc. 50-1 at 2.

[9] Rec. Doc. 95.

[10] *Id.* at 2.

[11] Rec. Doc. 103.

[12] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

moot motions to dismiss that are filed prior to an amendment of a complaint.[13] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[14]

Here, Plaintiffs have amended the complaint to allege additional causes of action under the ADA and PPACA. The second motion to dismiss raises the same issue raised in the motion for partial summary judgment and the first motion to dismiss, *i.e.* that Plaintiffs exclusive remedy is under 29 U.S.C. § 1132(a)(1)(B). Accordingly, it will be more efficient for the Court to consider any arguments regarding dismissal in the second motion to dismiss, which is tailored to all of the causes of action now pending in this matter. Accordingly,

---

[13] *See Athletic Training Innovations, LLC v. eTagz, inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La. Jan. 30, 2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. Aug. 3, 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co.*, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

[14] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

**IT IS HEREBY ORDERED** that Blue Cross' Motion for Partial Summary Judgment in Consolidated Actions,"[15] "Motion to Strike Evidence Outside the Administrative Record,"[16] and "Rule 12(b)(6) Motion to Dismiss."[17] are **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA**, this 21st day of May, 2019.

*[signature: Nannette Jolivette Brown]*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[15] Rec. Doc. 40.

[16] Rec. Doc. 50.

[17] Rec. Doc. 75.