# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOILEAU & ASSOCIATES, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-710-WBV-JCW** |
| | **c/w 18-7613** |
| **LOUISIANA HEALTH SERVICE** | |
| **& INDEMNITY COMPANY** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is a Rule 12(B)(6) Motion to Dismiss, filed by defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana.[1]  The Motion is opposed,[2] movant has filed a Reply,[3] and Plaintiffs have filed a Sur-Reply.[4]  After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND[5]

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").  On or about December 22, 2017, Soileau & Associates, LLC, Isaac H. Soileau, Jr. and Karen S. Kovach, individually and on behalf of K.S., a minor child (hereafter, "Plaintiffs"), filed a Petition for Damages in

---

[1] *Soileau & Associates, LLC et al. v. Louisiana Health Service & Indemn. Co.*, Civ. A. No. 18-710 ("*Soileau I*") (R. Doc. 103).
[2] *Id.* (R. Doc. 110).
[3] *Id.* (R. Doc. 114).
[4] *Id.* (R. Doc. 118).
[5] A detailed summary of the medical treatment at issue in this case is set forth in the Court's August 15, 2018 Order and Reasons denying Plaintiffs' Motion to Remand (R. Doc. 22) and, for the sake of brevity, will not be repeated here.

the Civil District Court for the Parish of Orleans, State of Louisiana, against Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (hereafter, "Blue Cross") ("*Soileau I*").[6] Plaintiffs alleged that Soileau & Associates, LLC had a policy of medical and hospitalization coverage insured through Blue Cross that provided coverage for K.S., their minor child, who was previously diagnosed with "traumatic brain injury, fetal alcohol syndrome, autism, pervasive developmental delays, ADHD-severe, PTSD, anxiety, and several other neurological conditions." [7] Plaintiffs asserted that Blue Cross arbitrarily, capriciously and unreasonably denied authorization for K.S.'s continued inpatient treatment, and alleged claims for breach of contract, bad faith adjusting and failure to timely pay claims in violation of La. R.S. 22:1281(A) and (D). Plaintiffs specifically asserted that the insurance policy at issue is not an ERISA-qualified policy and, therefore, the state law claims are not preempted by ERISA.[8]

Defendants removed the case to this Court on January 23, 2018 on the basis of federal question jurisdiction, 28 U.S.C. § 1331, asserting that the insurance policy at issue is governed by ERISA, Plaintiffs' claim for benefits arises under 29 U.S.C. § 1132(a)(1)(B) (hereafter, "§ 502(a)(1)(B)") and, therefore, is completely preempted by ERISA.[9] On August 15, 2018, this Court denied Plaintiffs' Motion to Remand, concluding that the Court has federal question jurisdiction because the policy at issue

---

[6] *Soileau I* (R. Doc. 1-2).
[7] *Id*. at ¶¶ 4 & 5.
[8] *Id*. at ¶ 2.
[9] *Soileau I* (R. Doc. 1).

is an employee welfare benefit plan under ERISA and that Plaintiffs' claim for benefits falls within the scope of Section 502(a)(1)(B).[10]

Prior to remand, on or about July 17, 2018, Plaintiffs filed a second state court action against Blue Cross and New Directions Behavioral Health, LLC ("New Directions"), asserting the same state law claims and challenging the same benefit determination made by Blue Cross and its alleged agent, New Directions ("*Soileau II*").[11] On August 10, 2018, Blue Cross removed the case to this Court on the same grounds as in *Soileau I*, which Plaintiffs did not challenge.[12]

On September 27, 2018, after the denial of the Motion to Remand in *Soileau I*, Plaintiffs filed their First Amending & Supplemental Complaint against Blue Cross in *Soileau I*, asserting eight causes of action, including: (1) a claim for benefits under § 502(a)(1)(B); (2) a claim for equitable relief under 29 U.S.C. § 1132(a)(3) ("§ 502(a)(3)"); (3) a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) ("§ 502(a)(2)"); (4) a claim for failure to timely provide ERISA plan documents under 29 U.S.C. § 1132(c)(1) ("§ 502(c)(1)"); (5) a claim for equitable estoppel under § 502(a)(3); (6) a claim based on the alleged failure to provide a full and fair review of their claims under 29 U.S.C. § 1133 ("§ 503"); (7) state law claims for negligence, breach of fiduciary duty, unjust enrichment, bad faith claims handling, civil conspiracy and

---

[10] *Id.* (R. Doc. 22).
[11] *Soileau & Associates, LLC et al. v. Louisiana Health Service & Indemn. Co.*, Civ. A. No. 18-7613 ("*Soileau II*") (E.D. La.) (R. Doc. 1-2).
[12] *Id.* (R. Doc. 1).

tortious interference with contract; and (8) a claim that ERISA is unconstitutional as applied because it violates Plaintiffs' Seventh Amendment right to a jury trial.[13]

A month later, on October 26, 2018, *Soileau I* and *Soileau II* were consolidated for all purposes.[14] Thereafter, Blue Cross filed a Motion for Partial Summary Judgment in Consolidated Actions, seeking dismissal of all of Plaintiffs' claims in the First Amended Complaint except the ERISA § 502(a)(1)(B) claim.[15] In response, Plaintiffs filed a Second Amending & Supplemental Complaint, adding New Directions and Health Integrated, Inc., purported agents of Blue Cross, as defendants.[16] Plaintiffs assert the same eight causes of action as in their First Amending & Supplemental Complaint.

On March 21, 2019, Blue Cross filed a Rule 12(b)(6) Motion to Dismiss, seeking dismissal of all of Plaintiffs' claims in the Second Amended Complaint except the § 502(a)(1)(B) claim.[17] In response, on April 10, 2019, Plaintiffs filed a Third Amending & Supplemental Complaint against Blue Cross, as well as New Directions and Health Integrated, Inc. as alleged third-party administrators for Blue Cross.[18] The Third Amended Complaint asserts the same eight causes of action as the two prior amended pleadings, and adds a claim that Blue Cross' benefit determination violated the

---

[13] *Soileau I* (R. Docs. 29, 32 & 33).
[14] *Id*. (R. Doc. 37); *Soileau II* (R. Doc. 19). Based on the consolidation, unless otherwise indicated, all remaining references to record documents refer to the record in *Soileau I*.
[15] R. Doc. 40.
[16] R. Docs. 64, 70 & 71.
[17] R. Doc. 75.
[18] R. Docs. 77, 94 & 95.

Americans with Disabilities Act or, alternatively, violated the Patient Protection and Affordable Care Act.[19]

On April 24, 2019, Blue Cross filed the instant Rule 12(B)(6) Motion to Dismiss, seeking dismissal of all of Plaintiffs' claims in the Third Amended Complaint except the § 502(a)(1)(B) claim, Plaintiffs' first cause of action.[20] Thereafter, on May 21, 2019, the Court issued an Order denying as moot Blue Cross' Motion for Partial Summary Judgment and Blue Cross' Rule 12(b)(6) Motion to Dismiss as to the Second Amended Complaint.[21]

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[22] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] "The plausibility standard is not akin to a

---

[19] R. Doc. 95 at ¶¶ 114-116.
[20] R. Doc. 103.
[21] R. Doc. 115.
[22] Fed. R. Civ. P. 12(b)(6).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[24] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[25]

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[26] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[27] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[28] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[29]

## III.    ANALYSIS

### A. Plaintiffs' § 502(a)(2) and § 502(a)(3) claims for equitable relief (Cause of Action Nos. 2, 3 and 5).

In their second and fifth causes of action, Plaintiffs seek equitable relief under ERISA § 502(a)(3), asserting that they are entitled to an injunction and declaratory relief for future benefits, as well as an order estopping Blue Cross from denying Plaintiffs' claims for reimbursement.[30] Plaintiffs' third cause of action is a claim for breach of fiduciary duty against Blue Cross under § 502(a)(2), through which Plaintiffs seek to "recover benefits due the Plan or to correct an unlawful gain that

---

[25] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).

[26] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

[27] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[28] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

[29] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).

[30] R. Doc. 95 at pp. 32, 34-35.

has inured to the fiduciary."[31]   Blue Cross argues that these claims are barred because the United States Supreme Court has held that plaintiffs cannot seek equitable relief under §§ 502(a)(3) and 502(a)(2) when suing to recover benefits under § 502(a)(1)(B).[32]   Blue Cross asserts that because Plaintiffs have a remedy under § 502(a)(1)(B), they cannot also assert claims for equitable relief under § 502(a)(3) or for breach of fiduciary duty under § 502(a)(2), and that such claims are only appropriate if Plaintiffs had no other available remedy.[33]   Blue Cross further argues that the "equitable relief" sought by Plaintiffs through their §§ 502(a)(2) and 502(a)(3) claims is the reversal of the benefit determination at issue and the payment of benefits under the ERISA Plan.[34]   Re-urging the arguments raised in their opposition briefs filed in response to Blue Cross' Motion for Partial Summary Judgment and Blue Cross's first Rule 12(b)(6) Motion to Dismiss, Plaintiffs argue that § 502(a)(1)(B) is not their exclusive remedy in this case.[35]   In their prior briefs, Plaintiffs cite a federal district court case from Mississippi to support their position that because this case is at the pleading stage, Plaintiffs are not precluded from simultaneously bringing claims under several subsections of § 502(a).[36]

---

[31] *Id.* at p. 33.

[32] R. Doc. 103-1 at pp. 3, 13-14. (citing *Varity Corp. v. Howe*, 516 U.S. 489, 510-15, 116 S.Ct 1065, 134 L.Ed.2d 130 (1996).

[33] R. Doc. 103-1 at p. 14 (citation omitted).

[34] R. Doc. 103-1 at p. 14.

[35] R. Doc. 110 at p. 3 (*citing* R. Docs. 44 & 83).

[36] R. Doc. 44 at pp. 6-9 (citing *Peterson v. Liberty Life Assurance Co. of Bos.*, Civ. A. No. 1:15-cv-00204-SA-DAS, 2016 WL 3849693 (N.D. Miss. July 13, 2016))).   Although Plaintiffs also cite *Rhorer v. Raytheon Engineers & Constructors, Inc.,* the Fifth Circuit in that case, relying upon *Varity Corp.*, held that, "because § 1132(a)(1)(B) in that case affords Rhorer an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty."   181 F.3d 634, 639 (5th Cir. 1999) (abrogated on other grounds).

Although Plaintiffs urge the Court to take a more expansive approach to ERISA claims, Fifth Circuit precedent makes clear that Plaintiffs' § 502(a)(3) and § 502(a)(2) claims are barred. Section 502(a)(2) provides a remedy for breaches of fiduciary duty that generally pertain to the misuse or improper management of plan assets, while § 502(a)(3) provides a remedy for all other violations of ERISA or the terms of the plan, including breaches of fiduciary duty, not encompassed by § 502(a)(2).[37] In *Varity Corp. v. Howe*, the Supreme Court recognized that § 502(a)(3) is a "catchall provision" that, "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy."[38] The Fifth Circuit has interpreted *Varity Corp.* as barring ERISA plaintiffs from bringing claims for equitable relief for breach of fiduciary duty under § 502(a)(3) or § 502(a)(2) when they can avail themselves of potential remedies under § 502(a)(1)(B). [39] "The practical result has been that plaintiffs asserting Section

---

[37] *Smith v. Hartford Life and Acc. Ins. Co.*, Civ. A. No. 2:11cv35KS-MTP, 2011 WL 5864544, at *2 (S.D. Miss. Nov. 22, 2011).

[38] 516 U.S. 489, 512, 116 S.Ct 1065, 1078, 134 L.Ed.2d 130 (1996).

[39] *Taylor v. Prudential Ins. Co. of America,* Civ. A. No. 3:12CV702TSL-MTP, 2013 WL 75742, at *3 (S.D. Miss. Jan 4, 2013) (citations omitted); *Smith*, Civ. A. No. 2:11cv35KS-MTP, 2011 WL 5864544, at *3 (citations omitted); *See Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 n.5 (5th Cir. 2003) ("Because we have found a remedy is available at law under Section 502(a)(1)(B), the Plaintiffs are foreclosed from equitable relief under Section 502(a)(3).") (citing *Great-West Life & Annuity Insur. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002)); *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 526 (5th Cir. 2000) ("Finally, the plaintiff in this purported § 502(a)(3) action is seeking only disability benefits allegedly due under the NUFI policy for which § 502(a)(1)(B) affords an adequate remedy. Accordingly, the plaintiff cannot use a § 502(a)(3) *Varity* action in this case to preserve the district court's judgment in its favor."); *McCall v. Burlington N. Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000) (the appropriate remedy for benefits due under a plan is a "claim for denial of benefits under § 502(a)(1)(B) rather than a fiduciary duty claim brought pursuant to § 502(a)(3).") (citation omitted); *Rhorer*, 181 F.3d at 639 ("[I]t is readily apparent from Rhorer's complaint that her claim to recover plan benefits is the predominant cause of action in this suit. Accordingly, because § 1132(a)(1)(B) affords Rhorer an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty.") (citation omitted); *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (adopting district court's analysis that, "[b]ecause Tolson has adequate redress for disavowed claims through his right to bring suit pursuant to section

502(a)(1)(B) claims in conjunction with Section 502(a)(3) claims have often had the latter claims dismissed as a matter of law."[40]  Thus, "It is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed."[41]  This is true regardless of whether the § 502(a)(1)(B) claim is successful.[42]

Here, the crux of Plaintiffs' Third Amended Complaint is that Blue Cross improperly denied benefits for K.S.'s medical treatment under the ERISA plan.[43]  Specifically, Plaintiffs seek to "overturn arbitrary, capricious and unreasonable decisions by [Blue Cross] and/or its agents . . . as Plan, Plan Administrator, claims administrator and/or an administrator under the respective policies, regarding reimbursement claims, claims for benefits, claims for treatment for K.S., and for

---

1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3)."); *See also Torrence v. New Orleans Electrical Pension and Annuity Plan*, Civ. A. No. 17-1500, 2017 WL 3158148, at *2 (E.D. La. July 25, 2017).

[40] *Currier v. Entergy Corporation Employee Benefits Committee*, Civ. A. No. 16-2793, 2016 WL 6024531, at *3 (E.D. La. Oct. 14, 2016) (citing cases).  Although not cited by either party, the Court acknowledges that in *Currier*, this Court denied a motion to dismiss, finding that an ERISA plaintiff could simultaneously pursue claims under § 502(a)(1)(B) and § 502(a)(3).  *Id.* at *5.  However, *Currier* and *Peterson v. Liberty Life Assurance Co. of Bos.*, Civ. A. No. 1:15-CV-00204-SA-DAS, 2016 WL 3849693 (N.D. Miss. July 13, 2016), upon which *Currier* is based, appear to be outlier cases that run counter to well established Fifth Circuit precedent.

[41] *Brand v. Liberty Life Assurance Co. of Bos.*, Civ. A. No. 17-12094, 2018 WL 620050, at *2 (E.D. La. Jan. 29, 2018) (quoting *Metro. Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 826, 830 (E.D. Tex. 2002) (internal quotation marks omitted)); *See supra* note 39; *Walsh v. Lifer Ins. Co. of North America*, Civ. A. No. 08-791, 2008 WL 2026107, at *3 (E.D. La. May 9, 2008) (citing cases).

[42] *See Torrence v. New Orleans Electrical Pension and Annuity Plan*, Civ. A. No. 17-1500, 2017 WL 3158148, at *2 (E.D. La. July 25, 2017) ("[T]hat an ERISA plaintiff may ultimately be unsuccessful in his or her claim for denial of benefits does not make a claim under 502(a)(3) viable.") (citing *Tolson*, 141 F.3d at 610; *Hollingshead v. Aetna Health Inc.*, 589 Fed.Appx. 732, 737 (5th Cir. 2014)); *Cardiovascular Speciality Care Center of Baton Rouge, LLC v. United Healthcare of Louisiana, Inc.*, Civ. A. No. 14-00235-BAJ-RLB, 2015 WL 7430034, at *3 (M.D. La. Nov. 20, 2015) ("[K]nowing, as all within the Fifth Circuit do, that § 502(a)(3)'s preclusion does not in any way depend upon § 502(a)(1)(B)'s success, *Tolson*, 141 F.3d at 610, the Court sees no reason to have the parties engage in the type of 'needless discovery and fact-finding' that Rule 12(b)(6) was intended to prevent.") (footnote omitted).

[43] *See generally* R. Doc. 95.

defendant's denying claims for health insurance benefits . . . ."[44]  Section 502(a)(1)(B) states that a civil action may be brought by a plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[45]  Thus, to the extent Plaintiffs believe Blue Cross improperly denied them benefits, Plaintiffs have an adequate remedy under § 502(a)(1)(B).[46]  The Court, therefore, finds that Plaintiffs are precluded from bringing a claim for equitable relief under §§ 502(a)(3) or 502(a)(2).[47]

## B. Plaintiffs' § 503 claim for "full and fair" review (Cause of Action No. 6).

In their sixth cause of action, Plaintiffs allege that Blue Cross failed to provide Plaintiffs a "full and fair review" of their claim for benefits.[48]  Plaintiffs seek "a de novo standard of review, the striking of defendant's evidence and defenses, and the reinstatement of benefits so as to return K.S. to the status quo ante," as well as a determination that Blue Cross is the ERISA plan administrator, claims administrator and plan insurer.[49]  Blue Cross argues that this claim, which can only be brought under ERISA § 503, must be dismissed because such claims do not give rise to a private right of action for compensatory relief and can only be asserted

---

[44] R. Doc. 95 at ¶ 2.
[45] 29 U.S.C. § 1132(a)(1)(B).
[46] *Torrence*, Civ. A. No. 17-1500, 2017 WL 3158148, at *2.
[47] *Id*. (citing *Tolson*, 141 F.3d at 610; *Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 622-23 (W.D. Tex. 2013); *Roig v. Limited Long Term Disability Program*, Civ. A. No. 99-2460, 2000 WL 1146522, at *10 (E.D. La. Aug. 4, 2000)).
[48] R. Doc. 95 at p. 35.
[49] *Id*. at p. 36.

against the ERISA plan itself.[50] Blue Cross contends that the only remedy available under § 503 is equitable relief in the form of a remand to the plan administrator so that a fair and full review may be completed.[51] As such, Blue Cross asserts that Plaintiffs' § 503 claim must be dismissed because it can only be asserted against the ERISA plan itself and Blue Cross serves as the insurer and claims administrator of the plan.[52]

Adopting the arguments raised in their prior briefing,[53] Plaintiffs assert that Blue Cross *is* the ERISA plan because it provided all of the documents regarding the insurance, it issued the written denial notices to Plaintiffs and it issues all explanation of benefit forms.[54] Relying upon a federal case from Texas, Plaintiffs assert that a § 503 claim is not limited to instances where the insurer is identified as "the Plan" in the insurance contract documents, and that this Court should consider the actions and intentions of the parties, not merely the policy language, to determine whether Blue Cross is the ERISA plan in this case.[55]

ERISA § 503 requires that every employee benefit plan:

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair

---

[50] R. Doc. 103-1 at pp. 15-17.
[51] R. Doc. 103-1 at p. 16.
[52] R. Doc. 103-1 at pp. 16-17 (*citing* R. Doc. 13-2 at pp. 4 & 101).
[53] R. Doc. 110 at p. 3 (*citing* R. Docs. 44 & 83).
[54] R. Doc. 44 at pp. 9-10 (*citing* R. Doc. 44-2 at ¶¶ 13-19).
[55] R. Doc. 44 at p. 10 (citing *Texas Gen. Hosp., LP v. United Healthcare Serv. Inc.*, Civ. A. No. 3:15-CV-02096-M, 2016 WL 3541828, at *9 (N.D. Tex. June 28, 2016)).

> review by the appropriate named fiduciary of the decision denying the claim.[56]

The Fifth Circuit has held that, "To comply with the full and fair review requirement in deciding benefit claims under ERISA, a claim administrator must provide the specific grounds for its benefit claim denial."[57] While Blue Cross correctly asserts that ERISA § 503 does not give rise to a private right of action for compensatory relief,[58] Plaintiffs are not seeking monetary relief in their sixth cause of action. Instead, Plaintiffs seek equitable relief in the form of reinstatement of benefits to K.S. and a determination that Blue Cross is the plan administrator, claims administrator and plan insurer.[59] The Court, therefore, declines to dismiss count six on this ground.

With respect to Blue Cross' second argument, however, that a § 503 claim can only be asserted against the ERISA plan itself, the Court agrees that dismissal of Plaintiffs' § 503 claim is warranted. "Within the Fifth Circuit, district courts have found that the ERISA Plan, itself, is the only proper defendant in a Section 503 claim."[60] In the Third Amended Complaint, Plaintiffs assert generally that Blue

---

[56] 29 U.S.C. § 1133.

[57] *Rossi v. Precision Drilling Oilfield Services Corp. Employee Benefits Plan*, 704 F.3d 362, 366 (5th Cir. 2013) (quoting *Cooper v. Hewlett-Packard Co.*, 592 F.3d 645, 652 (5th Cir. 2009)).

[58] *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985).

[59] R. Doc. 95 at ¶¶ 105 & 106.

[60] *Omega Hospital, LLC v. United Healthcare Services, Inc.*, 345 F. Supp. 3d 712, 740 (M.D. La. Sept. 11, 2018); *See Allied Ctr. for Special Surgery, Austin, L.L.C., v. Unitedhealthcare Ins. Co.*, Civ. A. No. 16-1273, 2016 WL 4192059, at *2 (S.D. Tex. Aug. 9, 2016) (explaining how the "ERISA Plan is the only proper defendant in a § 503 claim because '[r]emand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA.'") (quotation omitted); *Houston Home Dialysis, LP v. Blue Cross and Blue Shield of Texas, a Div. of Health Care Serv. Corp.*, Civ. A. No. H-17-2095, 2018 WL 2562692, at *6 (S.D. Tex. June 4, 2018) (discussing in and out of circuit cases which support the defendant's position regarding dismissal of § 503 claim, including *Jordan v. Tyson Foods, Inc.*, 312 Fed.Appx. 726, 735 (6th Cir. 2008) ("This court has previously held that 'a plan administrator cannot violate § 1133 and thus potentially incur liability under § 1132(c),' because § 1133 imposes requirements for the

Cross was "the insurer and de facto administrator, agent, or contractor of a group health insurance policy issued to Plaintiffs for their benefit and for the benefit of their minor child."[61]  Regarding their § 503 claim, Plaintiffs specifically allege that, "in this matter, the insurance policy at issue is the 'plan,'" and, "insofar as BCBSLA claims sole authority to interpret the policy and administer claims made under the 'plan,' it steps into the role of plan administrator."[62]  Even construing these allegations in the light most favorable to Plaintiffs, Plaintiffs have not alleged that Blue Cross is the ERISA plan.  Instead, Plaintiffs have alleged that Blue Cross is the plan administrator and plan fiduciary.[63]  As noted earlier, Fifth Circuit jurisprudence states that the ERISA plan is the proper defendant in a § 503 claim.[64]  The Court finds that dismissal of Plaintiffs' § 503 claim is warranted on this ground.

---

benefits plan rather than obligations on the plan administrator.") (citations omitted)); *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397 (7th Cir. 1996) ("[S]ection 1133, on its face, establishes requirements for plans, not plan administrators); *Grand Parkway Surgery Center, LLC v. Health Care Service Corp.*, Civ. A. No. H-15-0297, 2015 WL 3756492, at *5 (S.D. Tex. June 16, 2015) (dismissing plaintiff's § 503 claim because plaintiff did not allege that defendant was the ERISA plan and there was nothing in the record from which the Court could infer that it was the plan); *but see Texas Gen. Hosp., LP v. United Healthcare Servs., Inc.*, Civ. A. No. 3:15-CV-02096-M, 2016 WL 3541828, at *10 (N.D. Tex. June 28, 2016) (recognizing that although § 503 claims can only be brought against a plan, the allegations in the complaint that the defendants are plan administrators, fiduciaries or obligators and were in the business of providing health care plans, when viewed in the light most favorable to plaintiffs, were sufficiently broad to defeat a motion to dismiss).

[61] R. Doc. 95 at ¶ 9.  Elsewhere in the Third Amended Complaint, Plaintiffs assert that Blue Cross "is the plan creator, policy writer, insurer of the plan, plan administrator, and claims administrator of the plan.  In its capacity as such, it is a fiduciary of the plan and owes a fiduciary duty to all participates of the plan when administrating claims."  *Id.* at ¶ 48.  Plaintiffs also assert that, "BCBSLA has acted as plan creator, an administrator, claim administrator, and insurer in this matter. . . .  BCBSLA's actions have been in bad faith and in [sic] abuse of its discretion as either claim administrator or plan administrator or insurer of the plan."  *Id.* at ¶¶ 74 & 75.

[62] *Id.* at ¶ 106.

[63] *Id.* at ¶¶ 48, 75, 77.

[64] *See supra* note 60.

**C. Plaintiffs' § 502(c)(1) claim for failure to provide plan documents, § 502(a)(3) claim for injunctive relief regarding such plan documents, and Plaintiffs' claim for penalties under La. R.S. 22:1821(D) (Cause of Action No. 4).**

In their fourth cause of action, Plaintiffs assert that Blue Cross breached its obligation under ERISA § 502(c)(1) to provide plan and claim documents within 30 days of written request to the plan administrator, and seek injunctive relief under § 502(a)(3) requiring Blue Cross to deliver the requested documents to Plaintiffs.[65] Plaintiffs also seek an award of medical and general damages as a § 502(c)(1) penalty and a penalty for delay in treatment under La. R.S. 22:1821(D).[66]

Blue Cross argues that these claims must be dismissed because § 502(c)(1) claims can only be brought against the designated plan administrator, which ERISA defines as the person specifically designated in the instrument under which the plan is operated.[67] Blue Cross asserts that it is not the plan administrator and that plaintiff, Soileau & Associates, LLC, is the designated plan administrator.[68] Blue Cross claims that the Fifth Circuit has specifically rejected Plaintiffs' argument that a claims administrator can be liable under § 502(c)(1) as a "de facto administrator."[69] Blue Cross further asserts that because it is not the proper party for Plaintiffs' § 502(c)(1) claim, any request for injunctive relief fails as a matter of law.[70] Blue Cross likewise asserts that Plaintiffs' claim for damages under La. R.S. 22:1821(D) fails on

---

[65] R. Doc. 95 at p. 34.
[66] R. Doc. 95 at ¶¶ 98 & 98.
[67] R. Doc. 103-1 at p. 17 (*citing* 29 U.S.C. § 1002(16)(A)).
[68] R. Doc. 103-1 at p.18 (*citing* R. Doc. 13-2 at pp. 16 & 101).
[69] R. Doc. 103-1 at p. 18 n.73.
[70] *Id*. at p. 19.

the face of the statute because the statute specifies that it does not apply to ERISA plans and this Court previously determined that the plan at issue is an ERISA plan.[71]

Plaintiffs contend that they have stated a valid claim under § 502(c)(1) because the statute permits claims against "any administrator," not just the plan administrator.[72] Plaintiffs claim that they have alleged that Blue Cross is a claim administrator and a plan administrator, or has acted as a de facto plan administrator, which allegations must be taken as true for purposes of the instant Motion.[73] Plaintiffs also assert that Blue Cross remains a plan administrator under the express language of the contract, which provides that, "the Group will be the administrator of such employee welfare benefit plan and will be solely responsible for meeting any obligations imposed by law or regulation on the administrator of the plan, *except those specifically undertaken by the Company herein*."[74] As such, Plaintiffs maintain that they have sufficiently stated a claim against Blue Cross under § 502(c)(1), and that they are entitled to a penalty for medical damages.[75] Plaintiffs did not address their claim for an additional penalty under La. R.S. 22:1821(D) in their prior briefs.[76]

Under § 502(c), "Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary for civil penalties up to $100 per day."[77] As

---

[71] *Id.*
[72] R. Doc. 110 at p. 3 (*citing* R. Doc. 83 at p. 10).
[73] R. Doc. 83 at pp. 10-11 (*citing* R. Doc. 71 at ¶¶ 74, 75, 77).
[74] *Id.* at p. 11 (emphasis added by Plaintiffs).
[75] *Id.* at p. 11.
[76] *See* R. Doc. 44 at pp. 11-12; R. Doc. 83 at pp. 10-11.
[77] 29 U.S.C. § 1132(c)(1).

Blue Cross points out, the term "administrator" is statutorily defined as "the person specifically so designated by the terms of the instrument under which the plan is operated," or, "if an administrator is not so designated, the plan sponsor."[78] The Fifth Circuit has specifically recognized that the term "administrator," as used in § 502(c)(1), refers to the designated plan administrator.[79] Here, Plaintiffs have not alleged that Blue Cross is the designated plan administrator in the underlying contract. Further, the Fifth Circuit has expressly, and repeatedly, rejected Plaintiffs' argument that a claim administrator can be held liable under § 502(c)(1) as a "de facto" plan administrator.[80] The Court, therefore, finds dismissal of Plaintiffs' § 502(c)(1) claims warranted on this ground.

The Court further finds that because Blue Cross is not the proper party for Plaintiffs' § 502(c)(1) claim, Plaintiffs' claims for injunctive relief under § 502(a)(3) and damages and penalties under La. R.S. 22:1821(D), premised upon Plaintiffs' § 502(c)(1) claim, fail as a matter of law. Accordingly, dismissal of Plaintiffs' fourth cause of action is appropriate.

---

[78] 29 U.S.C. § 1002(16)(A).

[79] *See N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 483 (5th Cir. 2018) ("ERISA defines 'administrator' as 'the person specifically so designated' in the plan or 'the plan sponsor' if no administrator is designated.") (*quoting* 29 U.S.C. § 1002(16)(A); *Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 486 (5th Cir. 2017), cert. denied sub nom. *Humble Surgical Hosp., LLC v. Connecticut Gen. Life Ins. Co.*, 138 S. Ct. 2000, 201 L. Ed. 2d 251 (2018)).

[80] *See Manuel v. Turner Industries Group, LLC*, 905 F.3d 859, 866 n.12 (5th Cir. 2018) ("Manuel claims that '[t]here has been no definitive ruling in the Fifth Circuit prohibiting liability of an insurer as a *de facto* administrator under [ERISA § 502(c)].' But this is a misstatement of this court's binding jurisprudence."); *N. Cypress Med. Ctr. Operating Co., Ltd.*, 898 F.3d at 482-83 ("[T]he Fifth Circuit does not recognize a de facto administrator doctrine in the context of an insurance company involved in claims handling."); *Conn. Gen. Life Insur. Co.*, 878 F.3d at 486 ("The Fifth Circuit has never adopted the *de facto* plan administrator theory.").

### D. Plaintiffs' state law claims (Cause of Action No. 7).

In their seventh cause of action, Plaintiffs assert state law claims against Blue Cross under theories of negligence, bad faith claims handling, breach of fiduciary duty, unjust enrichment, civil conspiracy and tortious interference with the contract (the ERISA plan).[81]  Plaintiffs also allege that Blue Cross' unilateral reduction or cancellation of coverage violates the Louisiana Insurance Code.[82]  Blue Cross argues that Plaintiffs' state law claims are preempted by ERISA because they are based on Blue Cross' actions during the administrative processing of K.S.' claim for benefits.[83] Blue Cross asserts that Plaintiffs' breach of contract claim, raised in *Soileau II*, is preempted under both § 502(a)(1) pursuant to *Davila* analysis and conflict preemption pursuant to 29 U.S.C. § 1144.[84]  Blue Cross explains that the Supreme Court in *Davila* held that any state law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is, therefore, preempted.[85]  Blue Cross asserts that § 502(a)'s civil enforcement provisions completely preempt any state cause of action seeking the same relief, and that an action is preempted if plaintiff could have brought the claim under ERISA.[86]  Because Plaintiffs allege that Blue Cross failed to correctly and timely process Plaintiffs'

---

[81] R. Doc. 95 at pp. 36-38.
[82] *Id*. at ¶¶ 111 & 112.
[83] R. Doc. 103-1 at pp. 19-23.
[84] *Id*. at p. 20 (citing *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)).
[85] R. Doc. 103- at p. 20 (quoting *Davila*, 542 U.S. at 209, 124 S.Ct. 2488).
[86] R. Doc. 103-1 at p. 20 (citations omitted).

claims or reimburse payment, Blue Cross contends that Plaintiffs' breach of contract claim is a claim for benefits.

Blue Cross also argues that Plaintiff's state law claims are preempted under ERISA's conflict preemption provision, 29 U.S.C. § 1144, which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."[87] Blue Cross asserts that the Fifth Circuit has adopted the following two-part test to determine whether a state law claim is preempted: (1) whether the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claim directly affects the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries.[88] Blue Cross claims that if a state law claim is conflict preempted under § 1144, it must be dismissed. Blue Cross argues that all of Plaintiffs' state law claims address an area of exclusive federal concern, namely the right to receive benefits under the ERISA plan, which is the basis for Plaintiffs' § 502(a)(1)(B) claim.[89] As such, Blue Cross contends that all of the Plaintiffs' claims necessarily affect the relationship between the traditional ERISA entities and must be dismissed.[90]

In re-urging the arguments raised in prior briefs, Plaintiffs do not appear to contest Blue Cross' assertion that the state law claims asserted by plaintiffs, Isaac H.

---

[87] *Id.* (*quoting* 29 U.S.C. § 1144(a)).
[88] R. Doc. 103-1 at p. 21 (citing *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir.1996); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir.1995)).
[89] R. Doc. 103-1 at p. 21.
[90] *Id.* at p. 22.

Soileau, Jr. and Karen S. Kovach, individually and on behalf of K.S., are preempted by ERISA.[91]  In their earlier brief, Plaintiffs first argued that their state law claims were not preempted by ERISA because they were pled in the alternative and only in the event that the Court finds that Blue Cross is not the ERISA plan or plan administrator.[92]  Plaintiffs also argued that their state law claims are not preempted because they do not challenge the underlying benefits determination.[93]  More recently, however, Plaintiffs argued that their state law claims were not preempted only as to plaintiff, Soileau & Associates, LLC, because it lacks standing to bring a claim under ERISA as either a plan participant or beneficiary.[94]  Plaintiffs do not cite any law to support this assertion.  Plaintiffs further assert, without citing any authority, that if the Court concludes Blue Cross is not the ERISA plan or administrator, Blue Cross should be exposed "to the full force and effect of state law for its failure in these regards to handle the plan and claim properly."[95]

As noted by Blue Cross, there are two types of preemption under ERISA: (1) "conflict" or "ordinary" preemption, which exists when a state law cause of action "relates to" an employee benefit plan governed by ERISA; and (2) complete preemption, which exists when a state cause of action is conflict preempted by ERISA

---

[91] *See* R. Doc. 114 at p. 3; R. Doc. 44 at ; R. Doc. 83 at pp. 11-13.
[92] R. Doc. 44 at pp. 13-14.
[93] *Id*. at pp. 14-15.  Plaintiffs further argued that the claims are not preempted because there is no plan, but this Court rejected that argument in its August 15, 2019 Order and Reasons regarding Plaintiffs' Motion to Remand.  R. Doc. 22 at pp. 32 & 36.
[94] R. Doc. 83 at p. 13.
[95] *Id*.

*and* also comes within the scope of ERISA, 29 U.S.C. § 1132(a).[96]  With respect to conflict preemption, "A state law cause of action 'relates to' an employee benefit plan 'if it has a connection with or reference to such plan.'"[97]  While the phrase "relate to" is intended to be broad,[98] the reach of ERISA preemption is not limitless.[99]  Thus, "pre-emption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." [100]   Nonetheless, "If the facts underlying a state law claim bear *some* relationship to an employee benefit plan, we evaluate the nexus between ERISA and state law in the framework of ERISA's statutory objectives."[101]  Further, "Because of the breadth of the preemption clause and the broad remedial purpose of ERISA, "state laws found to be beyond the scope of § 1144(a) are few."[102]

The Fifth Circuit has adopted a two-part test to determine whether state law claims are conflict preempted by ERISA.  Specifically, ERISA preempts a state law claim if: (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities—the employer,

---

[96] *Brown v. United Parcel Service*, 237 F.3d 631, at *2 (5th Cir. 2000) (*citing* 29 U.S.C. § 1144(a); *McClelland v. Gronwaldt*, 155 F.3d 507, 516 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003)).
[97] *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996) (citations omitted).
[98] *Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 432 (5th Cir. 2004) (citations omitted).
[99] *Smith*, 84 F.3d at 155 (citing *Rozzell v. Security Servs., Inc.*, 38 F.3d 819, 822 (5th Cir. 1994).
[100] *Mayeaux,* 376 F.3d at 432 (citations omitted).
[101] *Id*. (emphasis in original).
[102] *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1294 (5th Cir. 1989) (citation omitted).

the plan and its fiduciaries, and the participants and beneficiaries.[103]  Thus, if Plaintiffs' state law claims "have a connection with or relation to" their ERISA plan at issue in this case, then ERISA preempts them.

The Court finds that all of Plaintiffs' state law claims fall within the scope of ERISA's conflict preemption provision, 29 U.S.C. § 1144(a), because they "relate to" the ERISA plan at issue.  Plaintiffs' claims for breach of contract, negligence, bad faith claims handling, breach of fiduciary duty, unjust enrichment, civil conspiracy and tortious interference with the contract between the parties all challenge Blue Cross' handling, review and disposition of Plaintiffs' request for coverage for K.S.' medical treatment.[104]  As such, the Court finds that Plaintiffs' state law claims clearly "relate to" the ERISA plan at issue in this case.

Further, Plaintiffs cite no authority, and the Court has found none, to support their contention that the state law claims are not preempted as to Soileau & Associates, LLC.  The Fifth Circuit, however, has indicated that state law claims brought by a plaintiff in an ERISA case, who is neither a plan beneficiary nor plan participant, are preempted because they challenge the insurer's handling, review and disposition of a request for coverage under an ERISA plan.[105]  In doing so, the Fifth Circuit explained, "This reasoning is sound: If a medical practitioner could collaterally challenge a plan's decision not to provide benefits, he would directly affect the relationship between the plan and its beneficiary, two traditional ERISA entities.

---

[103] *Smith*, 84 F.3d at 155 (quoting *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995)).
[104] *See Mayeaux*, 376 F.3d at 432-33.
[105] *Id.*

That clearly cannot be allowed . . . ."[106]  For the same reasons, the Court finds that the state law claims are preempted as to Soileau & Associates, LLC.

### E. **Plaintiffs' constitutional challenge to ERISA (Cause of Action No. 8)**.

In their eighth cause of action, Plaintiffs allege that ERISA is unconstitutional as applied to their ERISA plan, insofar as it (1) prevents this Court from conducting impartial, plenary and de novo proceedings on the merits and grants deference to insurance carriers; (2) infringes Plaintiffs' Seventh Amendment right to a jury trial; and (3) improperly derogates from Plaintiffs' contract and tort remedies.[107]  Blue Cross asserts that Plaintiffs' due process constitutional challenge has been unanimously rejected by every court that has considered such an argument.[108]  Blue Cross likewise claims that courts have consistently rejected constitutional challenges based on ERISA's infringement upon a claimant's right to contract and tort remedies.[109]  Finally, Blue Cross asserts that it is well settled that there is no right to a jury trial in an ERISA denial of benefits case and that Plaintiffs' jury demand should be stricken.[110]

In response, Plaintiffs assert their primary claim is for the defendants' breach of the insurance contract and for damages, raised by their § 502(a)(1)(B) claim.[111]  Plaintiffs argue that the § 502(a)(1)(B) claim seeks a legal remedy and, therefore,

---

[106] *Id.* at 433.
[107] R. Doc. 95 at p. 38.
[108] R. Doc. 103-1 at p. 23 (citing *Land v. Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Health and Welfare Fund*, 25 F.3d 509 (7th Cir. 1994)).
[109] R. Doc. 103-1 at p. 23 n.98 (citing cases).
[110] *Id.* at p. 24.
[111] R. Doc. 110 at p. 3 (*citing* R. Doc. 44 at pp. 16-18).

triggers the constitutional right to a jury trial.[112]  Plaintiffs further assert that ERISA violates their procedural due process rights because their right to confront and cross examine witnesses is foreclosed by the summary procedure employed, through which courts grant deference to the decisions by the claim adjuster.[113]  Blue Cross filed a Reply brief, reiterating the arguments made in prior briefs filed in this case.[114]  In its prior briefs, Blue Cross maintained that Plaintiffs' constitutional challenges have been unanimously rejected by federal courts and pointed out that Plaintiffs cite no support for their constitutional challenge.[115]  Plaintiffs did not respond to Blue Cross' arguments in their Sur-Reply brief.[116]

Plaintiffs fail to cite any legal authority to support their constitutional claims and this Court has found none.  As an initial matter, "Under ERISA, federal courts have exclusive jurisdiction to review determinations made by employee benefit plans, including disability benefit plans."[117]  A district court must generally limit its review to an analysis of the administrative record.[118]  "[A] denial of benefits challenged under § 1132(a)(1)(B) is generally reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[119]  "[W]hen an administrator has

---

[112] R. Doc. 44 at pp. 16-17.

[113] R. Doc. 83 at pp. 15-16.

[114] R. Doc. 114 at p. 3 (*citing* R. Docs. 54 & 87-2).

[115] R. Doc. 54 at pp. 7-8; R. Doc. 87-2 at pp. 6-7.

[116] R. Doc. 118.

[117] *Jacobs v. Prudential Ins. Co. of America,* 120 F. Supp. 3d 588, 597 (E.D. La. 2015) (*citing* 29 U.S.C. § 1132(a)(1)(B)).

[118] *Jacobs,* 120 F. Supp. 3d at 597 (citing *Vega v. Nat. Life Ins. Services, Inc.*, 188 F.3d 287, 300 (5th Cir. 1999), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343 (171 L.Ed.2d 299 (2008)).

[119] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

discretionary authority with respect to the decision at issue, the standard of review should be one of abuse of discretion."[120]  Under this deferential standard, a plan fiduciary's decision will be upheld if it "is supported by substantial evidence and is not arbitrary and capricious."[121]  Plaintiffs have not offered any legal authority to support their position that the standard of review applied in ERISA cases, set forth above, is unconstitutional.

Further, the Fifth Circuit has held, "as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial."[122]  The Court, therefore, finds that Plaintiffs' claim that ERISA infringes their Seventh Amendment right to a jury trial must be dismissed.  The Court also finds that Plaintiffs have offered no support for their position that ERISA is unconstitutional because it "improperly derogates from plaintiffs' ancient rights to contract and tort remedies."[123]  As discussed above, it is well settled, in this Circuit and in others, that ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[124]  Moreover, Plaintiffs' arguments that ERISA cannot preempt state

---

[120] *Vega*, 188 F.3d at 295.

[121] *Corry v. Liberty Life Assur. Co. of Bos.*, 499 F.3d 389, 397 (5th Cir. 2007) (quoting *Ellis v. Liberty Life Assur. Co. of Bos.*, 394 F.3d 262, 273 (5th Cir. 2004)).

[122] *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) (citing *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980)); *See Koehler v. Aetna Health Inc.*, 683 F.3d 182, 191 n.19 (5th Cir. 2012) ("We note that there is no right to a jury trial in ERISA denial-of-benefits cases.") (citing *Calamia*, 632 F.2d at 1236-37); *Sublett v. Premier Bancorp Self Funded Med. Plan*, 683 F. Supp. 153, 155 (M.D. La. 1988) ("It is clear that no right to a trial by jury exists under ERISA on an action to recover benefits, or to clarify or enforce rights under an employee welfare benefit plan.") (citing *Crews v. Central States, Southeast and Southwest Areas Pension Fund*, 788 F.2d 332, 338 (5th Cir. 1986); *Calamia*, 632 F.2d at 1237).

[123] R. Doc. 95 at ¶ 115.

[124] 29 U.S.C. § 1144(a); *See Brown v. United Parcel Service,* 237 F.3d 631 (5th Cir. 2000) (explaining the two types of preemption under ERISA, through which ERISA preempts state law claims); *Land v. Chicago Truck Divers, Helpers and Warehouse Workers Union,* 25 F.3d 509, 512 (7th Cir. 1994) (rejecting argument "that ERISA ... is unconstitutional because it permits private parties to formulate

law or that it does so in violation of the Constitution "have long been rejected by the U.S. Supreme Court." [125]   The Supreme Court has consistently recognized the "expansive pre-emption provisions" of ERISA, which operate to eliminate any state law claim that "duplicates, supplements, or supplants the ERISA civil enforcement remedy."[126]  In light of the longstanding precedent recognizing the expansive view taken of ERISA's preemption provision, the Court finds dismissal of Plaintiffs' constitutional claims appropriate.

### F.  Plaintiffs' ADA and ACA claims (Cause of Action No. 9)

In their ninth cause of action, Plaintiffs allege that K.S. is disabled within the meaning of the Americans with Disabilities Act ("ADA") and, to the extent the decision to deny coverage was based on the belief that K.S. is unable to improve or has not improved, Blue Cross' refusal to pay is discriminatory on the basis of her disability and contrary to the ADA.[127]  Alternatively, Plaintiffs allege that the denial of coverage on the basis of an unlawful "improvement" standard violates the Patient Protection and Affordable Care Act ("ACA").[128]  Blue Cross argues that these claims fail as a matter of law because Plaintiffs are alleging that the terms of their ERISA

---

welfare-benefit plans that abrogate principles of state law"); *Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 509 (10th Cir. 1991) ("common law tort and breach of contract claims are preempted by ERISA"); *Smith v. Aetna Life Ins. Co.,* Civ. A. No. 13-CV-02888-MSK-MEH, 2015 WL 1509685, at *3 (D. Colo. Mar. 30, 2015) (finding ERISA preempted plaintiff's breach of contract claims and explaining that, "Mr. Smith's arguments that ERISA cannot preempt state law, or that it does so in violation of the Constitution, have long been rejected by the U.S. Supreme Court.").

[125] *Smith*, Civ. A. No. 13-CV-02888-MSK-MEH, 2015 WL 1509685, at *3.

[126] *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208–09, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54-56, 107 S.Ct. 1549, 95 L.Ed. 2d 39 (1987); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 143-45, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)); *Smith*, Civ. A. No. 13-CV-02888-MSK-MEH, 2015 WL 1509685, at *3 (citing *Aetna Health, Inc.*, 542 U.S. at 208-09, 124 S.Ct. 2488).

[127] R. Doc. 95 at ¶ 119.

[128] *Id*. at ¶ 120.

plan violate the ADA and the ACA. Blue Cross asserts that the ACA does not provide a cause of action separate from an ERISA § 502(a)(1)(B) claim, and that it is well settled that the ADA does not govern the content or terms of an insurance policy, nor does it permit court modification of the terms and conditions therein. As such, Blue Cross asserts that Plaintiffs' attempt to disguise their § 502(a)(1)(B) claim as an ADA claim and to assert a private cause of action under the ACA should be rejected.[129]

Plaintiffs assert that Blue Cross has mischaracterized their theory of recovery and clarify their position that the use of an "improvement" standard to deny coverage is unlawful under the ACA, which requires that rehabilitative and habilitative services be provided free of discrimination on the basis of disability.[130] Plaintiffs explain that they are not raising an ADA claim against the content of their ERISA policy, but, rather, with Blue Cross' administration of the policy, which Plaintiffs allege interferes with K.S.'s enjoyment of the goods and services offered to the extent that Blue Cross arbitrarily denies claims on the basis of an "improvement" standard that Plaintiffs allege is contrary to the ACA's requirements and is based upon K.S.'s disabilities.[131] Thus, Plaintiffs assert Blue Cross is arbitrarily impeding access to, and interfering with, Plaintiffs' enjoyment of the goods and services by discriminating on the basis of disability. Plaintiffs further argue that their ADA claim is not preempted by ERISA and that even if the ACA does not provide a private cause of action, they can raise the issue of unlawful discrimination through the ADA.[132]

---

[129] R. Doc. 103-1 at pp. 24-25.
[130] R. Doc. 110 at p. 4.
[131] *Id*. at p. 5.
[132] *Id*. at p. 6.

In response, Blue Cross points out that Plaintiffs cite no authority to support their contention that a challenge to a benefit determination made under the terms of an ERISA plan can be challenged through a separate cause of action asserted under the ADA and/or ACA, and further assert that no such authority exists.[133]  Blue Cross argues that Plaintiffs' assertion that Blue Cross' benefit determination violated the ADA and/or ACA should be asserted as part of their challenge to the benefit determination asserted through their § 502(a)(1)(B) claim.  Blue Cross, however, maintains, that the ADA does not apply to benefit determinations made under the provisions of health plans.[134]  Blue Cross further asserts that the practical result of allowing Plaintiffs to assert an ADA claim arising out of Blue Cross' benefit determination would be to open the door to every ERISA plan participant asserting a similar claim when their claim for benefits is denied.  Blue Cross contends that not only is this nonsensical, but it directly conflicts with the purpose of ERISA to provide efficient judicial reviews of benefit determinations.[135]  Plaintiffs filed a Sur-Reply brief, essentially re-urging the same arguments raised in their Opposition brief.[136]

"The ADA prohibits discrimination by private employers against any qualified individual with a disability."[137]  A "qualified individual with a disability" is defined as "as individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual

---

[133] R. Doc. 114 at p. 5.
[134] *Id*. at p. 6.
[135] *Id*.
[136] R. Doc. 118.
[137] *Mason v. United Air Lines, Inc.*, 274 F.3d 314, 316 (5th Cir. 2001) (*citing* 42 U.S.C. § 12112).

holds or desires."[138]  Here, Plaintiffs are not alleging discriminatory action by an employer.  In fact, Plaintiffs allege that two of the plaintiffs, Karen S. Kovach and Isaac H. Soileau, Jr., are members of the third plaintiff, Soileau & Associates, LLC.[139] Additionally, Plaintiffs insist that they are asserting an ADA claim "against defendant's administration of the [ERISA] policy,"[140] which is "a challenge to the claim administration" and to "defendant's handling of the claim pursuant to an unlawful 'improvement standard.'"[141]  Plaintiffs further claim that they have asserted a cognizable ADA claim "[t]o the extent that defendant's claim handling or administration of the claim amounts to discrimination on the basis of disability."[142]

The Court agrees with Blue Cross that Plaintiffs' ADA claim is duplicative of, and could form a basis for, Plaintiff's § 502(a)(1)(B) claim for denial of benefits, as Plaintiffs are clearly challenging Blue Cross' claim handling and denial of benefits under the ERISA plan.  Longstanding precedent, both within and outside the Fifth Circuit, makes clear that the ADA does not govern the content or terms of an insurance policy, nor does it permit court modification of the terms and conditions offered therein.[143]  Additionally, Plaintiffs' alternative claim for an alleged violation of the ACA fails because the ACA does not create a private cause of action.[144]  The Court, therefore, finds that Plaintiffs' ninth cause of action must be dismissed.

---

[138] *Mason*, 274 F.3d at 316 (*quoting* 42 U.S.C. § 12112) (internal quotation marks omitted).
[139] R. Doc. 95 at Introductory Paragraph and ¶ 8.
[140] R. Doc. 110 at p. 5.
[141] R. Doc. 118 at p. 3.
[142] *Id*. at pp. 3-4.
[143] *See McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000);.*Morrison v. Unum Life Ins. Co. of America*, Civ. A. No. 06-2400, 2008 WL 4224807, at *5 (W.D. La. Sept. 10, 2008) (citing cases).
[144] *Mosser v. Aetna Life Insur. Co.*, Civ. A. No. 4:15-cv-00430-ALM-KPJ, 2018 WL 5728529, at *11 (E.D. Tex. Sept. 7, 2018) (citing *N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 980 F. Supp. 2d 527,

For the reasons stated above, the Court finds that dismissal is warranted with respect to Plaintiffs' Cause of Action Nos. 2, 3, 4, 5, 6, 7, 8 and 9.  As a result, the only remaining claim against Blue Cross is Plaintiff's § 502(a)(1)(B) claim asserted in their Cause of Action No. 1.

## IV.     CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Blue Cross' Rule 12(b)(6) Motion to Dismiss[145] is **GRANTED.**  Plaintiffs' Cause of Action Nos. 2, 3, 4, 5, 6, 7, 8 and 9, asserted in the Third Amending and Supplemental Complaint,[146] are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, September 19, 2019.


**WENDY B. VITTER**
**United States District Judge**

---

544 (S.D.N.Y. 2013), aff'd in part, vac. in part on other grounds, 798 F.3d 125 (2d Cir. 2015); *Mills v. Bluecross Blueshield of Tenn.*, Civ. A. No. 3:15-cv-552-PLR-HBG, 2017 WL 78488, at *6 (E.D. Tenn. Jan. 9, 2017).
[145] R. Doc. 103.
[146] R. Doc. 95.