# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOILEAU & ASSOCIATES, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-710-WBV-JCW**<br>**c/w 18-7613** |
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is a Rule 12(B)(6) Motion to Dismiss, filed by defendant, Health Integrated, Inc. ("Health Integrated").[1] The Motion is opposed[2] and Health Integrated has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

### I.  FACTUAL AND PROCEDURAL BACKGROUND[4]

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). On or about December 22, 2017, Soileau & Associates, LLC, Isaac H. Soileau, Jr. and Karen S. Kovach, individually and on behalf of K.S., a minor child (hereafter, "Plaintiffs"), filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, against

---

[1] *Soileau & Associates, LLC et al. v. Louisiana Health Service & Indemn. Co.*, Civ. A. No. 18-710 (E.D. La.) ("*Soileau I*") (R. Doc. 140).
[2] *Id.* (R. Doc. 148).
[3] *Id.* (R. Doc. 153).
[4] A detailed summary of the medical treatment at issue in this case is set forth in the Court's August 15, 2018 Order and Reasons denying Plaintiffs' Motion to Remand (R. Doc. 22) and, for the sake of brevity, will not be repeated here.

Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (hereafter, "Blue Cross") ("*Soileau I*").[5] Plaintiffs alleged that Soileau & Associates, LLC had a policy of medical and hospitalization coverage insured through Blue Cross that provided coverage for K.S., their minor child, who was previously diagnosed with "traumatic brain injury, fetal alcohol syndrome, autism, pervasive developmental delays, ADHD-severe, PTSD, anxiety, and several other neurological conditions."[6] Plaintiffs asserted that Blue Cross arbitrarily, capriciously and unreasonably denied authorization for K.S.'s continued inpatient treatment, and alleged claims for breach of contract, bad faith adjusting and failure to timely pay claims in violation of La. R.S. 22:1281(A) and (D). Plaintiffs specifically asserted that the insurance policy at issue is not an ERISA-qualified policy and, therefore, the state law claims are not preempted by ERISA.[7]

Blue Cross removed the case to this Court on January 23, 2018 on the basis of federal question jurisdiction, 28 U.S.C. § 1331, asserting that the insurance policy at issue is governed by ERISA, that Plaintiffs' claim for benefits arises under 29 U.S.C. § 1132(a)(1)(B) (hereafter, "§ 502(a)(1)(B)"), and, as such, is completely preempted by ERISA.[8] On August 15, 2018, this Court denied Plaintiffs' Motion to Remand, concluding that the Court has federal question jurisdiction because the policy at issue

---

[5] *Soileau I* (R. Doc. 1-2).
[6] *Id.* at ¶¶ 4 & 5.
[7] *Id.* at ¶ 2.
[8] *Soileau I* (R. Doc. 1).

is an employee welfare benefit plan under ERISA and that Plaintiffs' claim for benefits falls within the scope of § 502(a)(1)(B).[9]

Prior to remand, on or about July 17, 2018, Plaintiffs filed a second state court action against Blue Cross and New Directions Behavioral Health, LLC ("New Directions"), asserting the same state law claims and challenging the same benefit determination made by Blue Cross and its alleged agent, New Directions ("*Soileau II*").[10] On August 10, 2018, Blue Cross removed the case to this Court on the same grounds as in *Soileau I*, which Plaintiffs did not challenge.[11]

On September 27, 2018, after the denial of the Motion to Remand in *Soileau I*, Plaintiffs filed their First Amending & Supplemental Complaint against Blue Cross in *Soileau I*, asserting eight causes of action, including: (1) a claim for benefits under § 502(a)(1)(B); (2) a claim for equitable relief under 29 U.S.C. § 1132(a)(3) ("§ 502(a)(3)"); (3) a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) ("§ 502(a)(2)"); (4) a claim for failure to timely provide ERISA plan documents under 29 U.S.C. § 1132(c)(1) ("§ 502(c)(1)"); (5) a claim for equitable estoppel under § 502(a)(3); (6) a claim based on the alleged failure to provide a full and fair review of their claims under 29 U.S.C. § 1133 ("§ 503"); (7) state law claims for negligence, breach of fiduciary duty, unjust enrichment, bad faith claims handling, civil conspiracy and

---

[9] *Id.* (R. Doc. 22).
[10] *Soileau & Associates, LLC et al. v. Louisiana Health Service & Indemn. Co.*, Civ. A. No. 18-7613 ("*Soileau II*") (E.D. La.) (R. Doc. 1-2).
[11] *Id.* (R. Doc. 1).

tortious interference with a contract; and (8) a claim that ERISA is unconstitutional as applied because it violates Plaintiffs' Seventh Amendment right to a jury trial.[12]

A month later, on October 26, 2018, *Soileau I* and *Soileau II* were consolidated for all purposes.[13] Thereafter, Blue Cross filed a Motion for Partial Summary Judgment in Consolidated Actions, seeking dismissal of all of Plaintiffs' claims in the First Amended Complaint except the ERISA § 502(a)(1)(B) claim.[14] In response, Plaintiffs filed a Second Amending & Supplemental Complaint, adding as defendants New Directions and Health Integrated, Inc., purported agents of Blue Cross.[15] The Second Amended Complaint contains the same eight causes of action as Plaintiffs' First Amended Complaint.

On March 21, 2019, Blue Cross filed a Rule 12(b)(6) Motion to Dismiss, seeking dismissal of all of Plaintiffs' claims in the Second Amended Complaint except the § 502(a)(1)(B) claim.[16] In response, on April 10, 2019, Plaintiffs filed a Third Amending & Supplemental Complaint against Blue Cross, New Directions and Health Integrated.[17] New Directions and Health Integrated were contracted by Blue Cross to perform independent medical necessity reviews.[18] The Third Amended Complaint asserts the same eight causes of action as the two prior amended pleadings, and adds a ninth claim that Blue Cross' benefit determination violated the Americans with

---

[12] *Soileau I* (R. Docs. 29, 32 & 33).
[13] *Id.* (R. Doc. 37); *Soileau II* (R. Doc. 19). Based on the consolidation, unless otherwise indicated, all remaining references to record documents refer to the record in *Soileau I*.
[14] R. Doc. 40.
[15] R. Docs. 64, 70 & 71.
[16] R. Doc. 75.
[17] R. Docs. 77, 94 & 95.
[18] R. Doc. 95 at ¶¶ 27 & 34; R. Doc. 140-1 at p. 1; R. Doc. 150-1 at p. 1.

Disabilities Act or, alternatively, violated the Patient Protection and Affordable Care Act.[19] Thereafter, on May 21, 2019, the Court issued an Order denying as moot Blue Cross' Motion for Partial Summary Judgment and Blue Cross' Rule 12(b)(6) Motion to Dismiss as to the Second Amended Complaint.[20]

On April 24, 2019, Blue Cross filed another Rule 12(b)(6) Motion to Dismiss, seeking dismissal of all of Plaintiffs' claims in their Third Amended Complaint, except for Plaintiffs' ERISA § 502(a)(1)(B) claim.[21] The Court granted Blue Cross' Motion to Dismiss on September 19, 2019.[22]

On July 22, 2019, Health Integrated filed the instant Rule 12(B)(6) Motion to Dismiss, seeking dismissal of all of Plaintiffs' claims asserted against it in the Third Amended Complaint, asserting that all of the claims fail as a matter of law.[23]

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[24] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25] "A claim has facial plausibility when the plaintiff pleads factual

---

[19] R. Doc. 95 at ¶¶ 114-116.
[20] R. Doc. 115.
[21] R. Doc. 103.
[22] R. Doc. 168.
[23] R. Doc. 140.
[24] Fed. R. Civ. P. 12(b)(6).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[27]

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[28] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[29] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[30] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[31]

### III. ANALYSIS

#### A. Plaintiffs' ERISA, ADA and ACA claims (Cause of Action Nos. 1, 2, 3, 4, 5, 6, 8 and 9)

In the instant Motion, Health Integrated seeks dismissal of all the claims asserted against it in Plaintiffs' Third Amended Complaint.[32] Specifically, Health Integrated seeks dismissal of Cause of Action Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9, which

---

[26] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).
[27] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).
[28] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[29] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[30] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[31] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[32] R. Doc. 140; *See* R. Doc. 95.

Health Integrated claims are asserted generally against all defendants.[33] In their Opposition brief, Plaintiffs assert that they have not brought any ERISA claims against Health Integrated.[34] Instead, Plaintiffs assert that they have only alleged state law tort claims against Health Integrated in Cause of Action No. 7.[35] Plaintiffs do not address Health Integrated's request to dismiss Cause of Action No. 9, asserted under the Americans with Disabilities Act (the "ADA") and, alternatively, the Patient Protection and Affordable Care Act (the "ACA"). In response, Health Integrated asserts that its Motion should be granted as unopposed with respect to Cause of Action Nos. 1, 2, 3, 4, 5, 6, 8 and 9, since Plaintiffs admit that Health Integrated is not a proper defendant for its ERISA claims.[36]

Because Plaintiffs do not oppose the dismissal of Cause of Action Nos. 1, 2, 3, 4, 5, 6, 8 and 9 and because Plaintiffs concede that they have no ERISA cause of action against Health Integrated, the Motion is granted with respect to these claims.

**B. Plaintiffs' state law claims (Cause of Action No. 7)**

In their seventh cause of action, Plaintiffs assert state law claims against "Defendants" under theories of negligence, bad faith claims handling, breach of fiduciary duty, unjust enrichment, civil conspiracy and tortious interference with the contract (the ERISA plan).[37] Plaintiffs also allege that the unilateral reduction or cancellation of coverage by "BCBSLA or its agents" violates the Louisiana Insurance

---

[33] R. Doc. 140-1 at pp. 5-6 & 7-21.
[34] R. Doc. 148 at pp. 4-5.
[35] *Id.* at pp. 5-6.
[36] R. Doc. 153 at pp. 1-2.
[37] R. Doc. 95 at pp. 36-38.

Code.³⁸ Health Integrated argues that Plaintiffs' state law claims are preempted by ERISA because all of the state law claims are based on the alleged conduct of Blue Cross and its agents during the administrative processing of K.S.' claim for benefits.³⁹ Health Integrated was contracted by Blue Cross to perform medical necessity reviews.⁴⁰ Specifically, Health Integrated asserts that Plaintiffs' claims are conflict preempted by ERISA under 29 U.S.C. § 1144(a), which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."⁴¹ Health Integrated points out that the Supreme Court has repeatedly acknowledged that this provision is "clearly expansive."⁴²

Health Integrated further asserts that the Fifth Circuit has adopted a two-part test to determine whether a state law claim is preempted by ERISA, under which a state law claim will be preempted if: (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries.⁴³ Health Integrated argues that all of Plaintiffs' state law claims address an area of exclusive federal concern, namely the right to receive benefits under the ERISA plan, because the claims are based upon the underlying benefit

---

³⁸ *Id*. at ¶¶ 111 & 112.
³⁹ R. Doc. 140-1 at pp. 15-16.
⁴⁰ R. Doc. 140-1 at p. 1; R. Doc. 95 at ¶ 27.
⁴¹ R. Doc. 140-1 at p. 16 (*quoting* 29 U.S.C. § 1144(a)) (internal quotation marks omitted).
⁴² R. Doc. 140-1 at p. 16 (quoting *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 146, 121 S.Ct. 1322, 1327, 149 L.Ed.2d 264 (2001)) (internal quotation marks omitted).
⁴³ R. Doc. 140-1 at pp. 16-17 (citing *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995)).

decision at issue in Plaintiffs' ERISA § 502(a)(1)(B) claim.[44] Health Integrated also claims that all of Plaintiffs' state law claims necessarily affect the relationship between the traditional ERISA entities, since Plaintiffs seek to recover benefits under the ERISA plan.[45] Health Integrated argues that Plaintiffs' state law claims are based upon the allegation that K.S.' claim for benefits under the ERISA plan was mishandled and, therefore, must be dismissed as preempted by ERISA.[46]

Plaintiffs oppose the Motion, asserting that their tort claims against Health Integrated are not preempted because Health Integrated is not an ERISA entity and, therefore, is outside the scope of ERISA preemption.[47] Plaintiffs argue that ERISA is not their sole remedy in this case, where they have alleged tort claims against Health Integrated, an entity that provided utilization review services to Blue Cross, the ERISA claim administrator, which services allegedly improperly influenced Blue Cross' denial of their claim.[48] Alternatively, if the Court finds that ERISA is their exclusive remedy against Health Integrated, Plaintiffs request leave to amend their Third Amended Complaint to remove the state law causes of action regarding Health Integrated and to recast them as ERISA causes of action.[49] Plaintiffs, however, maintain that they have alleged sufficient facts under the Fed. R. Civ. P. 12(b)(6) standard to give rise to relief plausible on its face, namely that Health Integrated

---

[44] R. Doc. 140-1 at p. 17.
[45] *Id.*
[46] *Id.* at pp. 17-18.
[47] R. Doc. 148 at pp. 5-6.
[48] *Id.* at p. 6.
[49] *Id.*

provided improper advice to Blue Cross relating to the claims for coverage of K.S.'s medical expenses, causing Plaintiffs' damages.[50]

In response, Health Integrated asserts that Plaintiffs' arguments lack merit and misconstrue the ERISA preemption analysis.[51] Health Integrated points out that Plaintiffs did not provide any discussion of ERISA preemption and failed to cite any legal authority to support their argument that state law claims may be maintained against a medical reviewer who was contracted to perform a review of records during the administrative processing of an ERISA claim.[52] Health Integrated argues this is because no such authority exists. Health Integrated maintains that Plaintiffs' state law claims are preempted by ERISA under the two-part test adopted by the Fifth Circuit because the claims specifically address Plaintiffs' right to receive benefits under the ERISA plan at issue.[53] Health Integrated notes that in their Opposition brief, Plaintiffs explained the basis for their state law claims by asserting that, "Plaintiffs have alleged very plainly that defendant Health Integrated, Inc. contributed to BCBSLA's April 2017 wrongful denial of benefits, which was undertaken with the advice of [Health Integrated's] employed physician."[54] Health Integrated argues that the Fifth Circuit has repeatedly held that state law claims based upon allegations that a claim was mishandled or improperly processed under an ERISA plan are preempted and must be denied.[55]

---

[50] *Id.*
[51] R. Doc. 153 at pp. 3-4.
[52] *Id.* at p. 3.
[53] *Id.*
[54] *Id.* (*quoting* R. Doc. 148 at p. 5).
[55] R. Doc. 153 at p. 4 (citing *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 763-64 (5th Cir. 1989)).

Health Integrated further asserts that multiple courts have rejected Plaintiffs' argument that their § 502(a)(1)(B) claim against Blue Cross does not preempt their state law claims against Health Integrated.[56] Health Integrated argues that an ERISA plan participant may not assert state law claims challenging a benefit determination, or any medical review that was performed during the administration of an ERISA claim, through a state law cause of action, regardless of whether the purported defendant can be sued as an ERISA defendant.[57]

The Court agrees with Health Integrated that Plaintiffs' state law claims are conflict preempted by ERISA. ERISA's preemption provision, 29 U.S.C. § 1144(a), provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."[58] "A state law cause of action 'relates to' an employee benefit plan 'if it has a connection with or reference to such plan.'"[59] According to the Supreme Court, "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."[60] While the phrase "relates to" in § 1144(a) is intended to be

---

[56] R. Doc. 153 at pp. 4-6 (citing *Sikiyan v. Morris*, Civ A. No. CV16-1699 PSG (JCx), 2016 WL 3131022 (C.D. Cal. May 31, 2016); *Hackney v. AllMed Healthcare Mgmt., Inc.*, 679 Fed.Appx. 454 (6th Cir. 2017); *Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321 (5th Cir. 1992) (abrogated on other grounds)).
[57] R. Doc. 153 at p. 6.
[58] 29 U.S.C. § 1144(a).
[59] *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996) (citations omitted).
[60] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004) (citations omitted).

broad,[61] the reach of ERISA preemption is not limitless.[62] Thus, "pre-emption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." [63] Nonetheless, "If the facts underlying a state law claim bear *some* relationship to an employee benefit plan, we evaluate the nexus between ERISA and state law in the framework of ERISA's statutory objectives."[64]

The Fifth Circuit has adopted a two-part test to determine whether state law claims are conflict preempted by ERISA. Under that test, ERISA preempts a state law claim if: (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.[65] According to the Fifth Circuit, "Because of the breadth of the preemption clause and the broad remedial purpose of ERISA, 'state laws found to be beyond the scope of § 1144(a) are few.'"[66] Thus, if Plaintiffs' state law claims against Health Integrated "have a connection with or relation to" their ERISA plan at issue in this case, then ERISA preempts them.

---

[61] *Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 432 (5th Cir. 2004) (citations omitted).
[62] *Smith*, 84 F.3d at 155 (citing *Rozzell v. Security Servs., Inc.*, 38 F.3d 819, 822 (5th Cir. 1994)).
[63] *Mayeaux,* 376 F.3d at 432 (citations omitted).
[64] *Id*. (emphasis in original).
[65] *Smith*, 84 F.3d at 155 (quoting *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995)).
[66] *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1294 (5th Cir. 1989) (quoting *Jackson v. Martin Marietta Corp.*, 805 F.2d 1498, 1499 (11th Cir. 1986)).

The Court finds that Plaintiffs' state law claims against Health Integrated are conflict preempted under 29 U.S.C. § 1144(a) because they "relate to" Blue Cross' denial of benefits under the ERISA plan at issue. Plaintiffs allege that Health Integrated is "an out of state contracted 'Medical Review' organization," which, "on information and belief, appears to merely provide doctors for hire by insurance companies to review and deny requests for services."[67] Plaintiffs' claims for breach of contract, negligence, bad faith claims handling, breach of fiduciary duty, unjust enrichment, civil conspiracy and tortious interference with the contract between the parties all challenge Blue Cross' handling, review and disposition of Plaintiffs' request for coverage for K.S.'s medical treatment, which Plaintiffs allege was based, at least in part, on an independent review of medical records by Health Integrated.[68] Specifically, Plaintiffs allege that Blue Cross denied inpatient treatment for K.S. at Cumberland Hospital for Children and Adolescents in April 2017 as not medically necessary and that, "This denial was rendered by BCBSLA's agent/contractor, Health Integrated. The denial was based on Dr. Barbara Nabrit-Stephenson's review of treatment records and without either a physical examination or a peer to peer consult."[69] Plaintiffs also assert in their Opposition brief that, "[P]laintiffs have alleged very plainly that defendant Health Integrated, Inc. *contributed* to BCBSLA's April 2017 wrongful denial of benefits, which was undertaken with the advice of defendant's employed physician."[70] Because Plaintiffs' state law claims against

---

[67] R. Doc. 95 at ¶ 27.
[68] *Id.* at ¶¶ 38, 39, 108 & 109.
[69] *Id.* at ¶ 38.
[70] R. Doc. 148 at p. 5 (emphasis added).

Health Integrated are based upon Blue Cross' denial of benefits under the ERISA plan, the Court finds that the claims address an area of exclusive federal concern and directly affect the relationships among traditional ERISA entities. Accordingly, the Court finds that Plaintiffs' state law claims clearly "relate to" the ERISA plan at issue in this case and are, therefore, preempted.

Further, Plaintiffs cite no authority, and the Court has found none, to support their position that the state law claims are not barred as to Health Integrated simply because it is not an ERISA defendant. Instead, as Health Integrated points out, federal courts have recognized that ERISA preempts state law claims brought against non-ERISA defendants similar to Health Integrated, namely independent medical reviewers contracted to make medical necessity determinations that are used to determine coverage under an ERISA plan.[71] It is evident from the face of the Third Amended Complaint that Plaintiffs are attempting to recover for a tort allegedly committed by Health Integrated in the course of its independent review of K.S.'

---

[71] *See Sikiyan v. Morris*, Civ A. No. CV16-1699 PSG (JCx), 2016 WL 3131022, at *5 (C.D. Cal. May 31, 2016) ("Here, Defendant's sole involvement in Plaintiff's case was advising Anthem as to whether Plaintiff's requested surgery was 'medically necessary' within the meaning of her ERISA plan. In other words, Defendant's only role was to refer to and interpret an ERISA plan. A state law claim challenging that interpretation is preempted by ERISA."); *See also Bui v. American Telephone & Telegraph Co. Inc.*, 310 F.3d 1143, 1149 (9th Cir. 2002) ("If a claim involves a medical decision made in the course of treatment, ERISA does not preempt it; but if a claim involves an administrative decision made in the course of administering an ERISA plan, ERISA preempts it."); *Hackney v. AllMed Healthcare Mgmt., Inc.*, 679 Fed.Appx. 454, 458 (6th Cir. 2017) (addressing complete preemption and finding that, "Moreover, when Hogan argued—exactly as Hackney does here—that the first prong of the *Davila* test was not satisfied because the nurses reviewing her file were not proper defendants for an ERISA action and therefore Hogan could not have brought her claim against them under ERISA, the court rejected her argument as misunderstanding our complete preemption case law. The court emphasized that prong one of *Davila* hinges not on who was sued, but on 'whether in essence such a claim is for the recovery of an ERSIA [sic] plan benefit.'") (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004); *Hogan v. Jacobson*, 823 F.3d 872, 879-80 (6th Cir. 2016)) (internal citation omitted).

medical records and its determination of medical necessity for treatment, which Blue Cross relied upon in handling a benefit determination. The Fifth Circuit has found such claims preempted by ERISA.[72] The Court, therefore, finds that Plaintiffs' state law claims are preempted by ERISA.

For the reasons stated above, the Court finds that dismissal is warranted with respect to all of Plaintiffs' claims. Specifically, the Court finds that Plaintiffs' Cause of Action Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9 are dismissed as to Health Integrated.

### C. Leave to Amend

Since the Court has determined that all of Plaintiffs' state law claims against Health Integrated are preempted by ERISA, the Court must consider Plaintiffs' request for leave to amend their complaint to reassert their state law claims as ERISA claims.[73] Under Federal Rule of Civil Procedure 15(a)(2), "[A] party may amend its pleading only with the opposing party's written consent or the court's leave," and, "The court should freely give leave when justice so requires." A district court has limited discretion to deny a litigant leave to amend because Rule 15 evinces a bias in favor of granting leave to amend.[74] Although leave to amend should not be automatically granted, "A district court must possess a substantial reason to deny a

---

[72] *See Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1332 (5th Cir. 1992) ("In our view, United makes medical decisions as part and parcel of its mandate to decide what benefits are available under the Bell plan. As the QCP Booklet concisely puts it, United decides 'what the medical plan will pay for.' When United's actions are viewed from this perspective, it becomes apparent that the Corcorans are attempting to recover for a tort allegedly committed in the course of handling a benefit determination. . . . The principle of *Pilot Life* that ERISA pre-empts state-law claims alleging improper handling of benefit claims is broad enough to cover the cause of action asserted here.") (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)).
[73] R. Doc. 148 at p. 6.
[74] *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (quotation and citation omitted).

request for leave to amend."[75] In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ."[76]

The Court finds that amendment would be futile in this case. As discussed above, Plaintiffs' state law claims against Health Integrated are conflict preempted by ERISA because they relate to Plaintiffs' ERISA plan. Plaintiffs cannot "recast" these claims as ERISA claims against Health Integrated, as Health Integrated is not a proper § 502(a) defendant. The Fifth Circuit has explicitly recognized that the proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan, and that if an entity or person other than the named plan administrator takes on the responsibilities of the administrator, that entity may also be liable for benefits.[77] Here, Plaintiffs have not alleged that Health Integrated is the ERISA plan administrator or that it took on any of the responsibilities of a plan administrator. Instead, Plaintiffs allege that Blue Cross hired Health Integrated to advise Blue Cross whether certain requests for medical services should be granted or denied under the ERISA plan at issue.[78] In their own words, "Plaintiffs have alleged very plainly that defendant Health Integrated, Inc.

---

[75] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).
[76] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).
[77] *LifeCare Management Services, LLC v. Insurance Management Administrators Inc.*, 703 F.3d 835 (5th Cir. 2013) (quotation and quotation marks omitted).
[78] R. Doc. 95 at ¶ 27.

*contributed* to BCBSLA's April 2017 wrongful denial of benefits, which was undertaken with the advice of [Health Integrated's] employed physician."[79] As acknowledged by Plaintiffs, Blue Cross ultimately determined what benefits were covered under the plan, not Health Integrated. Additionally, to the extent Plaintiffs' allegations in the Third Amended Complaint could be construed as alleging that Health Integrated is a *de facto* ERISA plan administrator, the Fifth Circuit has never recognized a *de facto* plan administrator theory.[80] Accordingly, the Court finds that Health Integrated is not a proper § 502(a) defendant because it did not make the benefit determinations at issue in this case, nor did it have authority to make such benefit determinations or otherwise control any assets of the ERISA plan at issue.

The Court further finds that amendment would be futile due to Plaintiffs' repeated failure to cure these deficiencies through prior amendments.[81] The Court notes that Plaintiffs have already filed three amended pleadings during the course of this litigation,[82] two of which were filed in response to motions filed by Blue Cross that raised the same preemption arguments regarding Plaintiffs' state law claims that Health Integrated raised in the instant Motion.[83] Plaintiffs, however, have

---

[79] R. Doc. 148 at p. 5 (emphasis added).
[80] *See Manuel v. Turner Industries Group, LLC*, 905 F.3d 859, 866 n.12 (5th Cir. 2018) ("Manuel claims that '[t]here has been no definitive ruling in the Fifth Circuit prohibiting liability of an insurer as a *de facto* administrator under [ERISA § 502(c)].' But this is a misstatement of this court's binding jurisprudence."); *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 482-83 (5th Cir. 2018) ("[T]he Fifth Circuit does not recognize a de facto administrator doctrine in the context of an insurance company involved in claims handling."); *Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 486 (5th Cir. 2017), cert. denied sub nom. *Humble Surgical Hosp., LLC v. Connecticut Gen. Life Ins. Co.*, 138 S. Ct. 2000, 201 L.Ed.2d 251 (2018) ("The Fifth Circuit has never adopted the *de facto* plan administrator theory.").
[81] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).
[82] *See* R. Docs. 33, 71 & 95.
[83] *See* R. Docs. 40, 71, 75 & 95.

repeatedly been unable to amend their complaint to address these preemption arguments. Accordingly, the Court denies Plaintiffs' request to amend their complaint under Fed. R. Civ. P. 15 as futile.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Health Integrated, Inc.'s Rule 12(B)(6) Motion to Dismiss[84] is **GRANTED.** All of Plaintiffs' claims asserted in the Third Amending and Supplemental Complaint (Cause of Action Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9)[85] are hereby **DISMISSED WITH PREJUDICE** as to Health Integrated, Inc.

New Orleans, Louisiana, September 23, 2019.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**

---

[84] R. Doc. 140.
[85] R. Doc. 95.