# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOILEAU & ASSOCIATES, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-710-WBV-JCW** |
| | **c/w 18-7613** |
| **LOUISIANA HEALTH SERVICE** | |
| **& INDEMNITY COMPANY** | **SECTION: D (2)** |

### ORDER AND REASONS

Before the Court is New Directions Behavioral Health LLC's Rule 12(B)(6) Motion to Dismiss.[1]  The Motion is opposed[2] and New Directions has filed a Reply.[3]  After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND[4]

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").  On or about December 22, 2017, Soileau & Associates, LLC, Isaac H. Soileau, Jr. and Karen S. Kovach, individually and on behalf of K.S., a minor child (hereafter, "Plaintiffs"), filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, against

---

[1] *Soileau & Associates, LLC et al. v. Louisiana Health Service & Indemn. Co.*, Civ. A. No. 18-710 (E.D. La.) ("*Soileau I*") (R. Doc. 150).
[2] *Id.* (R. Doc. 154).
[3] *Id.* (R. Doc. 157).
[4] A detailed summary of the medical treatment at issue in this case is set forth in the Court's August 15, 2018 Order and Reasons denying Plaintiffs' Motion to Remand (R. Doc. 22) and, for the sake of brevity, will not be repeated here.

Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (hereafter, "Blue Cross") ("*Soileau I*").[5] Plaintiffs alleged that Soileau & Associates, LLC had a policy of medical and hospitalization coverage insured through Blue Cross that provided coverage for K.S., their minor child, who was previously diagnosed with "traumatic brain injury, fetal alcohol syndrome, autism, pervasive developmental delays, ADHD-severe, PTSD, anxiety, and several other neurological conditions." [6] Plaintiffs asserted that Blue Cross arbitrarily, capriciously and unreasonably denied authorization for K.S.'s continued inpatient treatment, and alleged claims for breach of contract, bad faith adjusting and failure to timely pay claims in violation of La. R.S. 22:1281(A) and (D). Plaintiffs specifically asserted that the insurance policy at issue is not an ERISA-qualified policy and, therefore, the state law claims are not preempted by ERISA.[7]

Blue Cross removed the case to this Court on January 23, 2018 on the basis of federal question jurisdiction, 28 U.S.C. § 1331, asserting that the insurance policy at issue is governed by ERISA, that Plaintiffs' claim for benefits arises under 29 U.S.C. § 1132(a)(1)(B) (hereafter, "§ 502(a)(1)(B)"), and, as such, is completely preempted by ERISA.[8] On August 15, 2018, this Court denied Plaintiffs' Motion to Remand, concluding that the Court has federal question jurisdiction because the policy at issue

---

[5] *Soileau I* (R. Doc. 1-2).
[6] *Id*. at ¶¶ 4 & 5.
[7] *Id*. at ¶ 2.
[8] *Soileau I* (R. Doc. 1).

is an employee welfare benefit plan under ERISA and that Plaintiffs' claim for benefits falls within the scope of § 502(a)(1)(B).[9]

Prior to remand, on or about July 17, 2018, Plaintiffs filed a second state court action against Blue Cross and New Directions, asserting the same state law claims and challenging the same benefit determination made by Blue Cross and its alleged agent, New Directions ("*Soileau II*").[10] On August 10, 2018, Blue Cross removed the case to this Court on the same grounds as in *Soileau I*, which Plaintiffs did not challenge.[11]

On September 27, 2018, after the denial of the Motion to Remand in *Soileau I*, Plaintiffs filed their First Amending & Supplemental Complaint against Blue Cross in *Soileau I*, asserting eight causes of action, including: (1) a claim for benefits under § 502(a)(1)(B); (2) a claim for equitable relief under 29 U.S.C. § 1132(a)(3) ("§ 502(a)(3)"); (3) a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) ("§ 502(a)(2)"); (4) a claim for failure to timely provide ERISA plan documents under 29 U.S.C. § 1132(c)(1) ("§ 502(c)(1)"); (5) a claim for equitable estoppel under § 502(a)(3); (6) a claim based on the alleged failure to provide a full and fair review of their claims under 29 U.S.C. § 1133 ("§ 503"); (7) state law claims for negligence, breach of fiduciary duty, unjust enrichment, bad faith claims handling, civil conspiracy and

---

[9] *Id.* (R. Doc. 22).
[10] *Soileau & Associates, LLC et al. v. Louisiana Health Service & Indemn. Co.*, Civ. A. No. 18-7613 ("*Soileau II*") (E.D. La.) (R. Doc. 1-2).
[11] *Id.* (R. Doc. 1).

tortious interference with a contract; and (8) a claim that ERISA is unconstitutional as applied because it violates Plaintiffs' Seventh Amendment right to a jury trial.[12]

A month later, on October 26, 2018, *Soileau I* and *Soileau II* were consolidated for all purposes.[13] Thereafter, Blue Cross filed a Motion for Partial Summary Judgment in Consolidated Actions, seeking dismissal of all of Plaintiffs' claims in the First Amended Complaint except the ERISA § 502(a)(1)(B) claim.[14] In response, Plaintiffs filed a Second Amending & Supplemental Complaint, adding as defendants New Directions and Health Integrated, Inc., purported agents of Blue Cross.[15] The Second Amended Complaint contains the same eight causes of action as Plaintiffs' First Amended Complaint.

On March 21, 2019, Blue Cross filed a Rule 12(b)(6) Motion to Dismiss, seeking dismissal of all of Plaintiffs' claims in the Second Amended Complaint except the § 502(a)(1)(B) claim.[16] In response, on April 10, 2019, Plaintiffs filed a Third Amending & Supplemental Complaint against Blue Cross, New Directions and Health Integrated, Inc.[17] The Third Amended Complaint asserts the same eight causes of action as the two prior amended pleadings, and adds a ninth claim that Blue Cross' benefit determination violated the Americans with Disabilities Act or, alternatively, violated the Patient Protection and Affordable Care Act.[18] Thereafter, on May 21,

---

[12] *Soileau I* (R. Docs. 29, 32 & 33).
[13] *Id.* (R. Doc. 37); *Soileau II* (R. Doc. 19). Based on the consolidation, unless otherwise indicated, all remaining references to record documents refer to the record in *Soileau I.*
[14] R. Doc. 40.
[15] R. Docs. 64, 70 & 71.
[16] R. Doc. 75.
[17] R. Docs. 77, 94 & 95.
[18] R. Doc. 95 at ¶¶ 114-116.

2019, the Court issued an Order denying as moot Blue Cross' Motion for Partial Summary Judgment and Blue Cross' Rule 12(b)(6) Motion to Dismiss as to the Second Amended Complaint.[19]

On August 7, 2019, New Directions filed the instant Rule 12(B)(6) Motion to Dismiss, seeking dismissal of all of Plaintiffs' claims asserted against it in the Third Amended Complaint, asserting that all of the claims fail as a matter of law.[20]

## II.    LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[21]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[24]

---

[19] R. Doc. 115.

[20] R. Doc. 150.

[21] Fed. R. Civ. P. 12(b)(6).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[23] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).

[24] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[25] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[26] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[27] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[28]

## III.    ANALYSIS

### A. Plaintiffs' ERISA, ADA and ACA claims (Cause of Action Nos. 1, 2, 3, 4, 5, 6, 8 and 9)

In the instant Motion, New Directions seeks dismissal of all of Plaintiffs' claims alleged in their Third Amended Complaint.[29] Specifically, New Directions seeks dismissal of Plaintiffs' Cause of Action Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9, asserting that all but Cause of Action No. 7 are asserted generally against all defendants.[30] In their Opposition brief, Plaintiffs assert that, "the Third Amending & Supplemental Complaint urges one cause of action directly against New Directions, Cause of Action No. 7, the state law claims."[31] Plaintiffs explain that they "do not wish to assert an

---

[25] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[26] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[27] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[28] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[29] R. Doc. 150; *See* R. Doc. 95.
[30] R. Doc. 150-1 at pp. 8-9.
[31] R. Doc. 154 at p. 3 (*citing* "Document 95 at 31").

ERISA claim against New Directions or Health Integrated, Inc., preferring to pursue state law remedies."[32]  Plaintiffs further assert, "To the extent that Cause of Action No. 1 says 'defendants,' it is inartfully drafted and should be limited to BCBSLA, as the remainder of the Cause of Action relates directly and solely to BCBSLA.  Plaintiffs have not alleged that New Directions is an ERISA-covered entity."[33]  Plaintiffs do not address New Directions' request to dismiss Cause of Action No. 9, asserted under the Americans with Disabilities Act (the "ADA") and, alternatively, the Patient Protection and Affordable Care Act (the "ACA").

Because plaintiffs concede that they have no ERISA cause of action against New Directions, and further because plaintiffs do not oppose the dismissal of Cause of Action Nos. 1, 2, 3, 4, 5, 6, 8, and 9 against New Directions, the Motion is granted with respect to those claims.

## B. Plaintiffs' state law claims (Cause of Action No. 7)

In their seventh cause of action, Plaintiffs assert state law claims against "Defendants" under theories of negligence, bad faith claims handling, breach of fiduciary duty, unjust enrichment, civil conspiracy and tortious interference with the contract (the ERISA plan).[34]  Plaintiffs also allege that the unilateral reduction or cancellation of coverage by "BCBSLA or its agents" violates the Louisiana Insurance Code.[35]  New Directions argues that Plaintiffs' state law claims are preempted by ERISA under 29 U.S.C. § 1144(a), which provides that ERISA "shall supersede any

---

[32] R. Doc. 154 at pp. 3-4.
[33] *Id*. at p. 4.
[34] R. Doc. 95 at pp. 36-38.
[35] *Id*. at ¶¶ 111 & 112.

and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[36]  New Directions further asserts that the Fifth Circuit has adopted a two-part test to determine whether a state law claim is preempted by ERISA, under which a state law claim will be preempted if: (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.[37]

New Directions argues that Plaintiffs' state law claims are based on the alleged mishandling or improper processing of a claim for benefits and that both the Supreme Court and the Fifth Circuit have held that such claims are preempted by ERISA.[38] New Directions also argues that Plaintiffs' state law claims are preempted because they relate to a medical necessity determination made pursuant to an ERISA plan.[39] New Directions claims that while this was not a benefits determination, the work it performed was used by Blue Cross to make the benefits determination under the ERISA plan at issue.[40]  New Directions argues that the Fifth Circuit in *Corcoran v. United HealthCare, Inc.* concluded that state law claims that are related to a medical necessity determination are preempted by ERISA.[41]

---

[36] R. Doc. 150-1 at pp. 13-14 (*quoting* 29 U.S.C. § 1144(a)) (internal quotation marks omitted).
[37] R. Doc. 150-1 at p. 14 (citing *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995)).
[38] R. Doc. 150-1 at pp. 14-15 nn.70-72.
[39] *Id.* a p. 15.
[40] *Id.*
[41] *Id.* (citing *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321 (5th Cir. 1992) (abrogated on other grounds)).

Plaintiffs oppose the Motion, asserting that *Corcoran* is distinguishable because the defendant in that case was a utilization review company that also paid claims under an ERISA plan and Plaintiffs have not alleged that New Directions provides utilization reviews pursuant to an ERISA plan or that New Directions has responsibility for paying claims.[42] Thus, Plaintiffs assert that New Directions' reliance upon *Corcoran* asks the Court to assume facts not alleged in the Third Amended Complaint, such as the nature of the services rendered by New Directions or the relationship to an ERISA plan, which is inappropriate under a Rule 12(b)(6) analysis.[43] Plaintiffs argue that they have not alleged facts in this case that the Fifth Circuit found dispositive in *Corcoran*, namely that the defendant made medical decisions as part of its mandate to decide what benefits were available under the ERISA plan.[44] Plaintiffs further distinguish *Corcoran* as "a self-impeaching decision, noting several objections to its own holding in the majority opinion itself."[45]

Plaintiffs further assert that they have "alleged very plainly that New Directions contributed to Blue Cross' May 2018 and September 2018 wrongful denials of benefits," which were undertaken with the advice of New Directions' employed physician.[46] Plaintiffs claim that they have alleged that New Directions' conduct was improper and subjects New Directions to tort liability for its alleged improper handling of K.S.'s medical information.[47] Plaintiffs argue that their state law claims

---

[42] R. Doc. 154 at p. 4.
[43] *Id.*
[44] *Id.*
[45] *Id.* at p. 5 (citing *Corcoran*, 965 F.2d at 1338).
[46] R. Doc. 154 at p. 5.
[47] *Id.*

against New Directions are not preempted because New Directions is not an ERISA entity and, therefore, it is outside the scope of ERISA preemption.[48] However, if the Court finds that the state law claims are preempted, Plaintiffs argue they have alleged that New Directions is a "third party administrator" and, pursuant to *LifeCare Mgmt. Serv. LLC v. Ins. Mgmt. Adm'rs, Inc.*, New Directions may be liable if it exercises actual control over the benefits claims process.[49] Plaintiffs assert that while New Directions argues at length about what its role is in this case, it fails to address the language of the Third Amended Complaint and, as such, its arguments are improper under Fed. R. Civ. P. 12(b)(6).[50] Plaintiffs contend that because the ERISA statute stands in derogation of general tort rights, the statute should be strictly construed as not preempting Plaintiffs' state law claims that New Directions improperly influenced Blue Cross' denial of a claim as the ERISA claim administrator.[51]

Alternatively, if the Court finds that ERISA is their exclusive remedy against New Directions, Plaintiffs request leave to amend their Third Amended Complaint to remove the state law causes of action regarding New Directions and to recast them as ERISA claims.[52] Plaintiffs, however, maintain that they have alleged sufficient facts under the Fed. R. Civ. P. 12(b)(6) standard to give rise to relief plausible on its

---

[48] *Id.* at p. 5.
[49] *Id.* (citing *LifeCare Mgmt. Serv. LLC v. Ins. Mgmt. Adm'rs, Inc.*, 703 F.3d 835 (5th Cir. 2018)).
[50] R. Doc. 154 at p. 6 (*citing* R. Doc. 150-1 at pp. 10-11).
[51] R. Doc. 154 at p. 6.
[52] *Id.*

face, namely that New Directions provided improper advice to Blue Cross relating to the claims for coverage of K.S.'s medical expenses, causing Plaintiffs' damages.[53]

In response, New Directions asserts that Plaintiffs have mischaracterized *Corcoran* as applicable only to cases involving a "utilization review company."[54] New Directions points out that the Fifth Circuit in *Corcoran* described the claim against the defendant in that case as "aris[ing] from a relatively recent phenomenon in the health care delivery system—**the prospective review by a third party of the necessity of medical care**."[55] New Directions argues that it is not necessary for the Court to assume that it is a provider of utilization review or to assume any other facts not alleged in the Third Amended Complaint because Plaintiffs have alleged that New Directions made a medical necessity determination.[56] New Directions asserts that *Corcoran* supports the position that such a determination by a third-party administrator in the context of the administration of an ERISA plan is subject to preemption.[57] Contrary to Plaintiffs' assertion that *Corcoran* is a "self-impeaching decision,"[58] New Directions points out that the Fifth Circuit stated that:

> The acknowledged absence of a remedy under ERISA's civil enforcement scheme for medical malpractice committed in connection with a plan benefit determination does not alter our conclusion. While we are not unmindful of the fact that our interpretation of the pre-emption clause leaves a gap in remedies within a statute intended to protect participants in employee benefit plans, **the lack of an**

---

[53] *Id*. at pp. 6-7.

[54] R. Doc. 157 at pp. 1-2.

[55] *Id*. at p. 2 (quoting *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1326 (5th Cir. 1992)) (internal quotation marks omitted) (emphasis added by New Directions).

[56] R. Doc. 157 at p. 2 (*citing* R. Doc. 95 at ¶ 34).

[57] R. Doc. 157 at p. 2 (citing *Corcoran*, 965 F.2d at 1331-32; *Sikiyan v. Morris*, Civ A. No. CV16-1699 PSG (JCx), 2016 WL 3131022 (C.D. Cal. May 31, 2016)).

[58] R. Doc. 157 at p. 2 (*quoting* R. Doc. 154 at p. 5) (internal quotation marks omitted).

**ERISA remedy does not affect a pre-emption analysis.**[59]

New Directions asserts that Plaintiffs are not without a remedy in this case, as any objection they have to New Directions' medical necessity determination may properly be asserted as part of Plaintiffs' § 502(a)(1)(B) claim against Blue Cross, challenging Blue Cross' benefit determination under the ERISA plan at issue.[60]

Finally, New Directions contends that the Court should deny Plaintiffs' request for leave to amend their complaint to recast their state law claims as ERISA claims. New Directions points out that this would be the fourth time Plaintiffs have been allowed to amend their complaint, portions of which Plaintiffs now acknowledge are "inartfully drafted."[61]

The Court finds that Plaintiffs' state law claims are conflict preempted by ERISA. ERISA's preemption provision, 29 U.S.C. § 1144(a), provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."[62] "A state law cause of action 'relates to' an employee benefit plan 'if it has a connection with or reference to such plan.'"[63] According to the Supreme Court, "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-

---

[59] R. Doc. 157 at pp. 2-3 (quoting *Corcoran*, 965 F.3s at 1333) (internal citations omitted) (emphasis added by New Directions).

[60] R. Doc. 157 at p. 3.

[61] *Id*. (*citing* R. Doc. 154 at p. 4).

[62] 29 U.S.C. § 1144(a).

[63] *Smith v. Texas Children's Hosp*., 84 F.3d 152, 155 (5th Cir. 1996) (citations omitted).

empted."[64]  While the phrase "relate to" in § 1144(a) is intended to be broad,[65] the reach of ERISA preemption is not limitless.[66]  Thus, "pre-emption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability."[67]  Nonetheless, "If the facts underlying a state law claim bear *some* relationship to an employee benefit plan, we evaluate the nexus between ERISA and state law in the framework of ERISA's statutory objectives."[68]

The Fifth Circuit has adopted a two-part test to determine whether state law claims are conflict preempted by ERISA.  Under that test, ERISA preempts a state law claim if: (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.[69] According to the Fifth Circuit, "Because of the breadth of the preemption clause and the broad remedial purpose of ERISA, 'state laws found to be beyond the scope of § 1144(a) are few.'"[70]  Thus, if Plaintiffs' state law claims against New Directions "have

---

[64] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004) (citations omitted).

[65] *Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 432 (5th Cir. 2004) (citations omitted).

[66] *Smith*, 84 F.3d at 155 (citing *Rozzell v. Security Servs., Inc.*, 38 F.3d 819, 822 (5th Cir. 1994)).

[67] *Mayeaux*, 376 F.3d at 432 (citations omitted).

[68] *Id.* (emphasis in original).

[69] *Smith*, 84 F.3d at 155 (quoting *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995)).

[70] *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1294 (5th Cir. 1989) (quoting *Jackson v. Martin Marietta Corp.*, 805 F.2d 1498, 1499 (11th Cir. 1986)).

a connection with or relation to" their ERISA plan at issue in this case, then ERISA preempts them.

The Court finds that Plaintiffs' state law claims against New Directions clearly "relate to" the ERISA plan at issue because they concern Blue Cross' denial of benefits under the plan. Plaintiffs allege that New Directions is a third-party claims administrator hired by Blue Cross to handle certain claims for benefits submitted by Plaintiffs pursuant to their ERISA plan.[71] Moreover, Plaintiffs' claims for breach of contract, negligence, bad faith claims handling, breach of fiduciary duty, unjust enrichment, civil conspiracy and tortious interference with the contract between the parties challenge Blue Cross' handling, review and disposition of Plaintiffs' request for coverage for K.S.'s medical treatment, which Plaintiffs allege was based, at least in part, on a review of medical records by New Directions.[72] Specifically, Plaintiffs allege in its Third Amended Complaint that:

> 33. Plaintiffs filed an Expedited Appeal of the BCBSLA denial of services at Norris by U.S. Postal Service certified mail with both BCBSLA and its agent or contractor, New Directions, on May 15, 2018. Both BCBSLA and New Directions received the Appeal on May 18, 2018 and, while BCBSLA did not respond, New Directions Behavioral Health on its behalf and on behalf of BCBSLA responded in writing on May 18, 2018 – the same day it received the appeal – with a decision upholding the denial of services for K.S. at Norris.

> 34. In the May 18, 2018 Denial for Services, New Directions/BCBSLA wrongly assert that the requested inpatient services are not 'Medically Necessary.' The apparent rationale by BCBSLA and New Directions for this denial is their opinion that *treatment records* seemed to

---

[71] R. Doc. 95 at ¶¶ 10, 36.
[72] *Id.* at ¶¶ 34, 108 & 109.

reflect that K.S. was making only marginal progress due to the severity and intensity of K.S.'s multiple and chronic severe psychiatric diagnosis. For this reason, BCBSLA/New Directions denied further services . . . .

35. . . . Insofar as BCBSLA owes a duty to plaintiffs to hire a competent third party claims administrator, BCBSLA has in the alternative failed to discharge that duty in negligently hiring an incompetent entity, New Directions, to handle this claim.

. . . .

109. Defendants New Directions and Health Integrated owed a duty to plaintiff K.S. to adjust her claims in good faith and have breached that duty, causing her damages to the extent that their wrong and wrongful handling of the claims have delayed or denied her treatment, causing exacerbation to her medical condition. Defendants New Directions and Health Integrated have provided false or misleading information to defendant BCBSLA, contributing to BCBSLA's breaching of its obligations to plaintiffs.[73]

While the foregoing allegations appear to cast New Directions as an ERISA plan administrator, Plaintiffs assert that they have not alleged that New Directions provides utilization review or that New Directions has responsibility for paying claims.[74] Instead, Plaintiffs claim that they "have alleged very plainly that defendant New Directions *contributed* to BCBSLA's May 2018 and September 2018 wrongful denials of benefits, which were undertaken with the advice of defendant's employed physician."[75] Because Plaintiffs' state law claims against New Directions are based upon Blue Cross' denial of benefits under the ERISA plan, the Court finds that the

---

[73] R. Doc. 95 at ¶¶ 33, 34, 35 & 109 (emphasis added).
[74] R. Doc. 154 at p. 4.
[75] *Id.* at p. 5 (emphasis added).

claims address an area of exclusive federal concern and directly affect the relationships among traditional ERISA entities. Accordingly, the Court finds that Plaintiffs' state law claims "relate to" the ERISA plan at issue and are, therefore, preempted.

The Court further finds Plaintiffs' arguments regarding *Corcoran v. United HealthCare, Inc.*[76] unpersuasive. In *Corcoran*, the Fifth Circuit found that ERISA preempted the plaintiffs' state law tort claims brought against a company that provides utilization review services to an ERISA plan because the company made medical decisions incident to benefit determinations under the ERISA plan.[77] Finding that the defendant-company "makes medical decisions as part and parcel of its mandate to decide what benefits are available under the ERISA plan," the Fifth Circuit concluded that:

> When United's actions are viewed from this perspective, it becomes apparent that the Corcorans are attempting to recover for a tort allegedly committed in the course of handling a benefit determination. . . . The principle of *Pilot Life* that ERISA pre-empts state-law claims alleging improper handling of benefit claims is broad enough to cover the cause of action asserted here.[78]

Although Plaintiffs attempt to distinguish *Corcoran* based on the fact that they have not alleged that New Directions provided utilization review pursuant to an ERISA plan or that New Directions is responsible for *paying* claims, Plaintiffs fail to address the fact that they have alleged in its Third Amended Complaint that New

---

[76] 965 F.2d 1321 (5th Cir. 1992).
[77] *Id.* at 1331-32.
[78] *Id.* at 1332 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)).

Directions played a role in Blue Cross' decision to deny benefits under the ERISA plan.[79] With respect to Plaintiffs' state law claims, Plaintiffs specifically allege that New Directions "provided false or misleading information to defendant BCBSLA, contributing to BSBSLA's breaching of its obligations to plaintiffs."[80] Thus, it is evident from the face of the Third Amended Complaint that Plaintiffs are attempting to recover for a tort allegedly committed by New Directions in the course of Blue Cross handling a benefit determination under the ERISA plan at issue. The Fifth Circuit in *Corcoran* found such claims preempted by ERISA.[81] Other federal courts have likewise recognized that ERISA preempts state law claims brought against independent medical reviewers contracted to make medical necessity determinations that are used to determine coverage under an ERISA plan.[82] Plaintiffs cite no

---

[79] R. Doc. 95 at ¶¶ 33-35.

[80] R. Doc. 95 at ¶ 109.

[81] *See Corcoran*, 965 F.2d at 1332 ("In our view, United makes medical decisions as part and parcel of its mandate to decide what benefits are available under the Bell plan. As the QCP Booklet concisely puts it, United decides 'what the medical plan will pay for.' When United's actions are viewed from this perspective, it becomes apparent that the Corcorans are attempting to recover for a tort allegedly committed in the course of handling a benefit determination. . . . The principle of *Pilot Life* that ERISA pre-empts state-law claims alleging improper handling of benefit claims is broad enough to cover the cause of action asserted here.") (citing *Pilot Life*, 481 U.S. 41, 107 S.Ct. 1549).

[82] *See Sikiyan v. Morris*, Civ A. No. CV16-1699 PSG (JCx), 2016 WL 3131022, at *5 (C.D. Cal. May 31, 2016) ("Here, Defendant's sole involvement in Plaintiff's case was advising Anthem as to whether Plaintiff's requested surgery was 'medically necessary' within the meaning of her ERISA plan. In other words, Defendant's only role was to refer to and interpret an ERISA plan. A state law claim challenging that interpretation is preempted by ERISA."); *See also Bui v. American Telephone & Telegraph Co. Inc.*, 310 F.3d 1143, 1149 (9th Cir. 2002) ("If a claim involves a medical decision made in the course of treatment, ERISA does not preempt it; but if a claim involves an administrative decision made in the course of administering an ERISA plan, ERISA preempts it."); *Hackney v. AllMed Healthcare Mgmt., Inc.*, 679 Fed.Appx. 454, 458 (6th Cir. 2017) (addressing complete preemption and finding that, "Moreover, when Hogan argued—exactly as Hackney does here—that the first prong of the *Davila* test was not satisfied because the nurses reviewing her file were not proper defendants for an ERISA action and therefore Hogan could not have brought her claim against them under ERISA, the court rejected her argument as misunderstanding our complete preemption case law. The court emphasized that prong one of *Davila* hinges not on who was sued, but on 'whether in essence such a claim is for the recovery of an ERISIA [sic] plan benefit.'") (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004); *Hogan v. Jacobson*, 823 F.3d 872, 879-80 (6th Cir. 2016)) (internal citation omitted).

authority, and the Court has found none, to support their position that the state law claims against New Directions are not barred merely because it is not an ERISA defendant. Accordingly, the Court finds that Plaintiffs' state law claims are preempted by ERISA.

For the reasons stated above, the Court finds that dismissal is warranted with respect to all of Plaintiffs' claims. Specifically, the Court finds that Plaintiffs' Cause of Action Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9 must be dismissed as to New Directions.

## C. Leave to Amend

Since the Court has determined that all of Plaintiffs' state law claims against New Directions are preempted by ERISA, the Court must consider Plaintiffs' request for leave to amend their complaint to reassert their state law claims as ERISA claims.[83] Under Federal Rule of Civil Procedure 15(a)(2), "[A] party may amend its pleading only with the opposing party's written consent or the court's leave," and, "The court should freely give leave when justice so requires." A district court has limited discretion to deny a litigant leave to amend because Rule 15 evinces a bias in favor of granting leave to amend.[84] Although leave to amend should not be automatically granted, "A district court must possess a substantial reason to deny a request for leave to amend."[85] In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

[83] R. Doc. 154 at p. 6.
[84] *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (quotation and citation omitted).
[85] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ."[86]

The Court finds that amendment would be futile in this case. As discussed above, Plaintiffs' state law claims against New Directions are conflict preempted by ERISA because they "relate to" Plaintiffs' ERISA plan. Plaintiffs cannot "recast" these claims as ERISA claims against New Directions because New Directions is not a proper § 502(a) defendant. The Fifth Circuit has explicitly recognized that the proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan, and that if an entity or person other than the named plan administrator takes on the responsibilities of the administrator, that entity may also be liable for benefits.[87] Here, Plaintiffs have not alleged that New Directions is the ERISA plan administrator or that it took on any of the responsibilities of a plan administrator. While Plaintiffs allege, generally, that New Directions is "a third party administrator for BCBSLA for certain claims submitted by plaintiffs pursuant to the policy of insurance at issue herein,"[88] Plaintiffs have not alleged that New Directions exercised any actual control over the benefits claims process, which function Plaintiffs specifically recognize is required to extend liability to entities other than a plan administrator.[89] Contrary to Plaintiffs' assertion, such

---

[86] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).
[87] *LifeCare Management Services, LLC v. Insurance Management Administrators Inc.*, 703 F.3d 835 (5th Cir. 2013) (quotation and quotation marks omitted).
[88] R. Doc. 95 at ¶ 10.
[89] R. Doc. 154 at p. 5 (citing *LifeCare Mgmt. Serv. LLC v. Ins. Mgmt. Adm'rs, Inc.*, 703 F.3d 835 (5th Cir. 2018)).

conclusory allegations are insufficient to give rise to relief plausible on its face against New Directions.[90]

Moreover, in their own words, "Plaintiffs have alleged very plainly that defendant New Directions *contributed* to BCBSLA's May 2018 and September 2018 wrongful denials of benefits, which was undertaken with the advice of defendant's employed physician."[91]  As acknowledged by Plaintiffs, Blue Cross ultimately determined what benefits were covered under the ERISA plan, not New Directions. Additionally, to the extent Plaintiffs' allegations in the Third Amended Complaint could be construed as alleging that New Directions is a *de facto* ERISA plan administrator, the Fifth Circuit has never recognized a *de facto* plan administrator theory.[92]  Accordingly, the Court finds that New Directions is not a proper § 502(a) defendant because Plaintiffs do not allege that it made the benefit determinations at issue in this case or that it had authority to make such benefit determinations or otherwise control any assets of the ERISA plan at issue.

The Court further finds that amendment would be futile due to Plaintiffs' repeated failure to cure these deficiencies through prior amendments.[93]  The Court

---

[90] *See* R. Doc. 154 at pp. 6-7.

[91] R. Doc. 154 at p. 5 (emphasis added).

[92] *See Manuel v. Turner Industries Group, LLC*, 905 F.3d 859, 866 n.12 (5th Cir. 2018) ("Manuel claims that '[t]here has been no definitive ruling in the Fifth Circuit prohibiting liability of an insurer as a *de facto* administrator under [ERISA § 502(c)].'  But this is a misstatement of this court's binding jurisprudence."); *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 482-83 (5th Cir. 2018) ("[T]he Fifth Circuit does not recognize a de facto administrator doctrine in the context of an insurance company involved in claims handling."); *Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 486 (5th Cir. 2017), cert. denied sub nom. *Humble Surgical Hosp., LLC v. Connecticut Gen. Life Ins. Co.*, 138 S. Ct. 2000, 201 L.Ed.2d 251 (2018) ("The Fifth Circuit has never adopted the *de facto* plan administrator theory.").

[93] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).

notes that Plaintiffs have already filed three amended pleadings during the course of this litigation,[94] two of which were filed in response to motions filed by Blue Cross that raised the same preemption arguments regarding Plaintiffs' state law claims that New Directions raised in the instant Motion.[95] Plaintiffs, however, have repeatedly failed to or been unable to amend their complaint to address these preemption arguments. Accordingly, the Court denies Plaintiffs' request to amend their complaint under Fed. R. Civ. P. 15.

## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that New Directions Behavioral Health LLC's Rule 12(B)(6) Motion to Dismiss[96] is **GRANTED.** All of Plaintiffs' claims asserted in the Third Amending and Supplemental Complaint (Cause of Action Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9)[97] are hereby **DISMISSED WITH PREJUDICE** as to New Directions Behavioral Health LLC.

New Orleans, Louisiana, September 25, 2019.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[94] *See* R. Docs. 33, 71 & 95.
[95] *See* R. Docs. 40, 71, 75 & 95.
[96] R. Doc. 150.
[97] R. Doc. 95.