UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOILEAU & ASSOCIATES, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-710-WBV-DMD** |
| | **c/w 18-7613** |
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY** | **SECTION: D (3)** |

### ORDER AND REASONS

Before the Court is a Motion For Reconsideration, filed by plaintiffs, Soileau & Associates, LLC, Isaac H. Soileau, Jr. and Karen S. Kovach, individually and on behalf of K.S., a minor child.[1]  Plaintiffs seek reconsideration and/or clarification of the Court's April 23, 2020 Order and Reasons, granting Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana's ("Blue Cross'") Motion in *Limine* to Exclude Plaintiffs' Proposed Experts.[2]  Blue Cross opposes the Motion,[3] and Plaintiffs have filed a Reply.[4]

After considering the briefs submitted by the parties and the applicable law, **IT IS HEREBY ORDERED** that the Motion For Reconsideration[5] is **DENIED**. Contrary to Plaintiffs' assertions, the Court's April 23, 2020 Order and Reasons was narrowly written to prohibit Plaintiffs from offering any <u>expert</u> opinions or reports from Dr. Daniel N. Davidow, Dr. David M. Greer, Dr. Manal Durgin, Dr. Milton

---

[1] R. Doc. 207.
[2] R. Doc. 206.
[3] R. Doc. 209.
[4] R. Doc. 214.
[5] R. Doc. 207.

Anderson, Dr. Betty Muller and Dr. Ronald Federici as "medical expert[s]" concerning "the course of treatment, diagnoses and medical necessity for treatment of K.S." because such evidence is not part of the administrative record and does not fit within the Fifth Circuit's narrow exception for supplemental expert evidence allowed in an ERISA case brought pursuant to 29 U.S.C. § 1132(a)(1)(B).[6] The Court's prior Order does not exclude from the administrative record reports and records from these treating physicians that are already part of the administrative record, nor does it prohibit Plaintiffs from introducing supplemental evidence from these physicians that is not part of the administrative record, but falls squarely within one of the limited exceptions recognized by the Fifth Circuit in *Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011).

New Orleans, Louisiana, October 26, 2020.

*(signature)*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 206 at pp. 11-12 (citing *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246, 256 (5th Cir. 2018) (citing *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299-300 (5th Cir. 1999))).